JS 44
(Rev 07/89)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM)

## I. (a) PLAINTIFFS

FAVELE FAVCO CRANES USA, INC.

THIRD PARTY PLAINTIFFS/DEFENDANTS:
DANIEL E. DAVIS, DAVISCO, INC. AND
COBURN INTERNATIONAL, LTD.

## DEFENDANTS

B-00-184

THIRD PARTY DEFENDANTS:
FAVELLE FAVCO HOLDINGS, SDN BHD, FAVELLE FAVCO
CRANES (M) SDN BHD

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF __Cameron__
(EXCEPT IN U S PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT __Cameron__
(IN U.S. PLAINTIFF CASES ONLY)
NOTE IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

United States District Court
Southern District of Texas
FILED

(c) ATTORNEYS (FIRM NAME. ADDRESS. AND TELEPHONE NUMBER)

Gary Gurwitz
Atlas & Hall, LLP
Box 3725
McAllen, Tx 78502
956/682-5501

Ernesto Gamez, Jr.
Victor Quintanilla
Law Offices
777 E. Harrison Street
Brownsville, Texas 78520
956/541-3820

ATTORNEYS (IF KNOWN)

Gary Gurwitz
Atlas & Hall, LLP
Box 3725
McAllenTx 78502
956/682-5501

DEC 04 2000

Michael N. Milby
Clerk of Court

## II. BASIS OF JURISDICTION (PLACE AN × IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN × IN ONE BOX
(For Diversity Cases Only)                         FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U S CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE

DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

This case involves a claim brought by Third Party Plaintiffs for patent infringement, invoking 28 U.S.C. § 1338 (federal patent law).

## V. NATURE OF SUIT (PLACE AN × IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury— Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | ☐ 640 R R & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | SOCIAL SECURITY | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | LABOR | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus | | FEDERAL TAX SUITS | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl Ret Inc Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Other | | | |

## VI. ORIGIN (PLACE AN × IN ONE BOX ONLY)

Appeal to District Judge from Magistrate Judgment

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER FR C P 23

DEMAND $
Unspecified

CHECK YES only if demanded in complaint
JURY DEMAND: ☐ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions)

JUDGE _____ DOCKET NUMBER _____

12/4/00

DATE

SIGNATURE OF ATTORNEY OF RECORD

**UNITED STATES DISTRICT COURT**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

DEC 0 4 2000

Michael N. Milby
Clerk of Court

| | |
|---|---|
| FAVELLE FAVCO CRANES USA, INC. § | |
| § | |
| VS. § | |
| § | |
| DANIEL E. DAVIS, DAVISCO, INC. § | CIVIL ACTION NO. **B‑00‑1841** |
| and COBURN INTERNATIONAL LTD. § | |
| § | |
| VS. § | |
| § | |
| FAVELLE FAVCO CRANES, USA, § | |
| INC., FAVELLE FAVCO CRANES (M) § | |
| SDN BHD and FAVELLE FAVCO § | |
| HOLDINGS SDN BHD § | |

---

### NOTICE OF REMOVAL

---

NOW COMES FAVELLE FAVCO HOLDINGS SDN BHD ("HOLDINGS"), Third‑ Party

Defendant in the State Court Action Cause No. 99-10-4467-C, and files this its Notice of Removal

from the 197th District Court, Cameron County, Texas in which it is now pending, to the District

Court of the United States for the Southern District of Texas, Brownsville Division pursuant to 28

U.S.C. § 1331 and § 1441(b) (federal question jurisdiction), and respectfully shows unto the Court

the following:

### BACKGROUND

1.     This civil suit was filed originally on October 26,1999 by FAVELLE FAVCO USA, INC.

("FFC USA") in the 197th District Court of Cameron County, Texas against DANIEL E.

DAVIS, DAVISCO, INC., and COBURN INTERNATIONAL LTD. (These parties are

collectively referred to as Third-Party Plaintiffs/Defendants).

2.  On November 6, 2000 Third-Party Plaintiffs/Defendants filed *Defendants' First Amended Counterclaim* which actually was a third-party petition joining two new parties, HOLDINGS and FAVELLE FAVCO CRANES (M) SDN BHD ("FFC MALAYSIA") as third-party defendants. (This third party petition will be referred to herein by its erroneous title "Defendants' First Amended Counterclaim.") Defendants' First Amended Counterclaim asserted a separate "federal question" claim against HOLDINGS and FFC MALAYSIA which is independent of the other claims.

3.  HOLDINGS was served with Defendants First Amended Counterclaim on November 13, 2000.

4.  As of the date and time of this removal FFC MALAYSIA had not been served.

## PARTIES

5.  Third-Party Defendant HOLDINGS is a Malaysian corporation with its principal place of business in Malaysia.

6.  Third-Party Defendant FFC MALAYSIA is a Malaysian corporation with its principal place of business in Malaysia.

7.  Third-Party Plaintiff/Defendant Daniel E. Davis is a Texas citizen who resides in Cameron County, Texas.

8.  Third-Party Plaintiff/Defendant Davisco, Inc. is a Texas corporation with its principal place of business in Cameron County, Texas.

9.      Third-Party Plaintiff/Defendant Coburn International Ltd. is a foreign corporation incorporated in the British Virgin Islands with its principal place of business in the British Virgin Islands.

10.     Plaintiff FFC USA is a Texas corporation with its principal place of business in Cameron County, Texas.

## JURISDICTION AND VENUE

11.     This court has original jurisdiction over this civil action under 28 U.S.C. §1331 and 28 U.S.C. §1338; and removal jurisdiction under 28 U.S.C. §1441(b). Third-Party Plaintiffs/Defendants have alleged that HOLDINGS and FFC MALAYSIA, among other things, breached a shareholders' agreement whereby DAVIS would receive a royalty fee for each crane "manufactured or assembled" pursuant to a patent allegedly held by DAVIS.

12.     This claim arises under federal law because 28 U.S.C. § 1338(a) grants exclusive jurisdiction to the federal district courts in cases arising under the patent laws.  According to the U.S. Supreme Court, an action arises under the federal patent laws when either (1) the complaint includes allegations that federal patent law creates the cause or (2) when the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal patent law, in that federal patent law is a necessary element of one of the plaintiff's claims. *Christianson v. Colt. Indus. Operating Corp.*, 486 U.S. 800, 808-09 (1988).

13.     Defendants' First Amended Counterclaim filed on November 13, 2000, triggered removability of the present case.  The amended counterclaim alleges that HOLDINGS agreed to license the manufacture and sale of crawler cranes (Defendants' First Amended

FFC
vs.
DAVIS

NOTICE OF REMOVAL
PAGE 3

Counterclaim ¶ 2.04) and that the Shareholders' Agreement was breached because Davis has

not been paid royalties for cranes manufactured and sold pursuant to Davis' alleged patented

invention.

> The Favco Shareholder's Agreement recites in paragraph 7.1 that Favco shall pay Mr. Davis a royalty for cranes sold under Davis' patented invention. . . . Counter-Defendants[1] refused to pay any royalties to Counter-Plaintiff Daniel E. Davis. Counter-Plaintiffs contend that this conduct on the part of Counter-Defendants amounts to a breach of the Shareholders' Agreement. (Defendants' First Amended Counterclaim, ¶ 3.09)

Defendants' First Amended Counterclaim also seeks recovery of damages, jointly and

severally, in the form of lost royalties for this alleged breach of the Shareholder's Agreement.

(Defendants' First Amended Counterclaim, ¶ 3.09). This claim is removable under the

second prong of *Christianson v. Colt* because federal patent law is a necessary element of the

claim for lost royalties.

14.     The Shareholders' Agreement on which Davis' bases his claim for lost royalties plainly states

that he is only entitled to a royalty if the cranes built and sold were made pursuant to Davis'

patented invention.

> The First Party [Favelle Favco Cranes (M) Sdn Bhd] shall for a period of three years from the date of this Agreement pay to the Second Party [Daniel Davis] a royalty fee of 1% of the sale price for the sale of each crane manufactured or assembled pursuant to the Second Party's [Davis'] patented invention. . . (Shareholder's Agreement, ¶ 7.1)

---

[1] Davis reference to Counter-Defendants refers to Favelle Favco Cranes, USA, Inc., Favelle Favco Cranes (M) Sdn Bhd and Favelle Favco Holdings Sdn Bdh, collectively. (Defendants' First Amended Counterclaim, Introductory Paragraph)

CMPDF - www.fasoo.com

15.  Under the terms of this clause, Davis is entitled to a royalty, if at all, only if the cranes were manufactured pursuant to, or covered by his alleged patented invention.  In other words, in order to recover a royalty, Davis' must prove as a necessary element of his claim that his patent covers or is infringed by the manufacture and sale of the cranes in question.  Thus, Davis' claim depends on a substantial question of patent law and is removable.  *See Scherbatskoy v. Halliburton Co.,* 125 F.3d 288, 291 (5th Cir. 1997).  *See also U.S. Valves, Inc. v. Dray,* 212 F.3d 1368, 1372 (Fed. Cir. 2000).

16.  Because HOLDINGS filed this Notice of Removal within thirty days of service, this Notice is timely filed in accordance with 28 U.S.C. §1446(b).

17.  Venue is proper under 28 U.S.C. 1446(a).

## CONSENT

18.  HOLDINGS has obtained the consent of FFC USA to remove this case.  Because FFC MALAYSIA has not yet been served, its consent is not required for removal.

## STATE COURT DOCUMENTS ATTACHED

19.  All documents required by local rule 3(K) are attached as Exhibit "A".

## PRAYER

22.  HOLDINGS prays that the State Court action be removed to this Court.

20.  HOLDINGS prays that the State Court action proceed no further unless and until this case is remanded.  See 28 U.S.C. §1446(d).

21.  A copy of this Notice of Removal will be promptly filed with the clerk of the State Court.

Dated December 4, 2000.

---

CltdPDF - www.tetdel.com

Respectfully submitted,

Gary Gurwitz
State Bar # 08631000/S.D.O.T. # 1194
ATLAS & HALL, L.L.P.
818 Pecan/P.O. Box 3725
McAllen, Texas 78501/78502
Telephone: 956/682-5501
Fax: 956/686-6109

**ATTORNEY IN CHARGE FOR FAVELLE FAVCO HOLDINGS, SDN BHD**

**OF COUNSEL:**

Charles C. Murray
State Bar # 14719700/S.D.O.T. #1214
ATLAS & HALL, L.L.P.
818 Pecan/P.O. Box 3725
McAllen, Texas 78501/78502
Telephone: 956/682-5501
Fax: 956/686-6109

Willem G. Schuuman
State Bar # 17855200
Brian K. Buss
State Bar # 00798089
VINSON & ELKINS, L.L.P.
600 Congress Avenue, Suite 2700
Austin, Texas 78701
Telephone: 512/495-8400
Fax: 512/495-8612

## CERTIFICATE OF SERVICE

I, Gary Gurwitz, do hereby certify on this 4th day of December, 2000 the above and foregoing document has been served on all counsel of record by fax, certified mail, return receipt requested, or hand delivery, as follows:

Ernesto Gamez, Jr.
Victor Quintanilla
Law Offices of Ernesto Gamez, Jr., P.C.
777 E. Harrison Street
Brownsville, Texas 78520

Gary Gurwitz

FFC
vs.
DAVIS

NOTICE OF REMOVAL
PAGE 7

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| FAVELLE FAVCO CRANES USA, INC. | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-00-184 |
| | § | |
| DANIEL E. DAVIS, DAVISCO, INC., AND | § | |
| COBURN INTERNATIONAL, LTD. | § | |
| | § | |
| VS. | § | |
| | § | |
| FAVELLE FAVCO CRANES USA, INC., | § | |
| FAVELLE FAVCO CRANES (M) SDN | § | |
| BHD, FAVELLE FAVCO HOLDINGS | § | |
| SDN BHD | § | |

---

**INDEX OF MATTERS BEING FILED**
**AND LIST OF ALL COUNSEL OF RECORD**

---

Third- Party Defendant FAVELLE FAVCO HOLDINGS SDN BHD, ("Holdings"), submits this *Index of Matters Being Filed and List of All Counsel of Record* pursuant to Local Rule 3(k) of the United States District Court for the Southern District of Texas. Pursuant to the Local Rule 3(k), the following items are being filed with the *Notice of Removal* filed by Holdings:

1.    Index of Matters Being Filed and List of All Counsel of Record;

2.    Copies of all executed process, pleadings asserting causes of action and all orders signed by the state judge as follows:

    A.    Plaintiff's Original Petition (10/26/99);

    B.    Citation issued to Daniel E. Davis (11/8/99);

    C.    Citation issued to Davisco, Inc.; (11/8/99);

    D.    Citation issued to Coburn International, Ltd. (11/8/99);



EXHIBIT
A

E.  Order Setting Hearing on Plaintiff's Motion for Default Judgment (12/8/99);

F.  Defendants' Original Answer (12/14/99);

G.  Order Resetting Hearing (12/15/99);

H.  Defendants' Original Counterclaim (3/21/00);

I.  Order Setting Hearing Date on Motion to Qualify (3/28/00);

J.  Order Setting Hearing Date on Plaintiff's Motion for Continuance of Hearing (4/7/00);

K.  Order Denying Plea in Abatement and Motion for Stay; (4/18/00);

L.  Order Setting Hearing on Motion for Trial Setting (4/19/00);

M.  Order Setting Trial and Discovery Deadlines (5/23/00);

N.  Trial Subpoena issued to Cheam Tek Siong (7/11/00);

O.  Trial Subpoena issued to Mac Ngan Boon (7/11/00);

P.  Order Setting Hearing on Plaintiff's Motion to Compel Defendant Daniel E. Davis to Respond to Favelle Favco Cranes USA, Inc.'s First Set of Requests for Production to Daniel E. Davis (8/1/00);

Q.  Order Granting Defendant's Motion for Extension of Time to File Expert Report (8/15/00);

R.  Order Setting Emergency Hearing (10/11/00);

S.  Davis' Emergency Motion for Temporary Injunction (Injunctive Relief) (10/24/00);

T.  Order Setting Emergency Hearing (10/25/00);

U.  Order on Defendant Daniel E. Davis' Motion to Take Telephonic Deposition of James (Jim) Hopkins (10/25/00);

V.  Plaintiff's First Amended Petition and Answer to Original Counterclaim of Daniel Davis (11/02/00);

W.  Plaintiff's Answer to Davis' Emergency Motion for Temporary Injunction (11/02/00);

X.  Supplemental Answer to Counterclaim of Daniel Davis (11/03/00);

Y.  Defendants' First Amended Answer (11/06/00);

Z.  Defendants' First Amended Counterclaim (11/06/00);

AA.  Citation issued to Favelle Favco Cranes USA, Inc. (11/13/00);

BB.  Citation issued to Favelle Favco Holdings Sdn. Bhd. (11/13/00);

CC.  Favelle Favco Cranes USA, Inc.'s Answer to Defendants' First Amended Counterclaim (11/27/00);

DD.  Original Answer of Favelle Favco Holdings Sdn. Bhd. (12/03/00);

3.  A copy of the state court docket sheet.

4.  The parties respective attorneys are as follows:

A.  Attorneys for Favelle Favco Cranes USA, Inc. and Favelle Favco Holdings Sdn. Bhd.:

Gary Gurwitz
Charles C. Murray
Daniel G. Gurwitz
ATLAS & HALL, L.L.P.
P.O. Box 3725
818 Pecan
McAllen, Texas 78502
(956) 682-5501 (telephone)
(956) 686-6109 (fax)

Willem G. Schuurman
Brian K. Buss
Vinson & Elkins, L.L.P.
2700 One American Center
600 Congress Avenue
Austin, Texas 78701
(512) 495-8400 (telephone)
(512) 236-3422 (fax)

B.       Attorneys for Daniel E. Davis, Davisco, Inc. and Coburn International, Ltd.:

Mr. Victor Quintilla
Mr. Ernesto Gamez
LAW OFFICES OF ERNESTO GAMEZ, JR., P.C.
777 East Harrison
Brownsville, TX 78520
(956) 541-3820 (telephone)
(956) 541-7694 (fax)

Dated: December 4, 2000.

CAUSE NO. 1999-D-4467-C

| | |
|---|---|
| FAVELLE FAVCO CRANES USA, INC. | IN THE DISTRICT COURT OF |
| Plaintiff, | |
| vs. | CAMERON COUNTY, TEXAS |
| DANIEL E. DAVIS, DAVISCO, INC. and COBURN INTERNATIONAL, LTD. | 103rd |
| Defendants. | 197 JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

Favelle Favco Cranes USA, Inc., Plaintiff, submits this its ORIGINAL PETITION, complaining of the actions of Daniel E. Davis, Davisco, Inc. and Coburn International, Ltd., Defendants, and in support therefor would show the Court as follows:

### I. BACKGROUND

#### A. Level

1.    Discovery is intended to be conducted under level 2 of Rule 190.

#### B. Parties

2.    Plaintiff Favelle Favco Cranes USA, Inc. ("Favco USA") is a corporation organized and existing under the laws of the state of Texas and  has a principal place of business at 4 Mile East, FM 106, Port of Harlingen, Harlingen Texas 78551.

3.    Defendant, Daniel E. Davis ("Davis") is an individual who is a resident of Texas, and may be served with process at 3206 Merion Ct., Harlingen, Texas 78550.

4.    Defendant Davisco, Inc. ("Davisco") is a Texas corporation and may be served by serving its registered agent for service of process Daniel E. Davis, 3206 Merion Ct., Harlingen, Texas 78550.

5.     Defendant Coburn International Ltd. ("Coburn") is an entity formed in the British Virgin Islands that can be served by serving Daniel E. Davis, 3206 Merion Ct., Harlingen, Texas 78550.

### C. Jurisdiction

6.     The court has jurisdiction over defendants because defendants are Texas residents or are doing business in Texas.   The court has jurisdiction over the controversy because the damages are within the jurisdictional limits of the court.

### D. Venue

7.     Venue is proper in Cameron County, Texas.   Specifically, venue is allowed in this county because all or a substantial part of the events or omissions occurred in this county. TEX. CIV. PRAC. & REM. CODE §15.002(a)(1).

8.     Venue is also proper in Cameron County, Texas because Davis resided in Cameron County at the time one or more of the causes of action accrued. TEX. CIV. PRAC. & REM. CODE §15.002(a)(2).

## II. FACTUAL BACKGROUND

9.     Favco USA was formed in 1997.  Davis was a director and president from 1997 until his termination in September, 1999.   Favco USA is owned ninety percent by Favelle Favco Cranes Holdings Sdn Bhd ("Holdings") and ten percent by Coburn. Coburn is a company owned or controlled by Davis.

10.     Favco USA is in the business of manufacturing and selling industrial cranes according to the existing designs of Holdings, and designing, manufacturing and selling industrial crawler cranes.  Davis conceived a scheme to usurp Favco USA's

-2-

CutePDF - www.fusino.com

property and corporate opportunity in the area of crawler cranes and engaged in conduct to further such scheme while he was President and a director of Favco USA.

11.    All of the development, research and design of Favco USA's crawler cranes was done through or at its manufacturing facility in Harlingen, Texas or by Favco USA through independent engineering firms, and was funded by Favco USA.

12.    In November 1997, Favco USA and Favelle Favco Cranes (M) Sdn Bhd ("FFCM") another subsidiary of Holdings, retained the services of an Austrian company, Eccon Engineering•Computer•Consulting Gesellschaft M.B.H. ("Eccon") to perform services related to the crawler crane project.

13.    On November 22, 1997, Davis signed a Confidentiality Agreement as President of Favco USA with Eccon and FFCM wherein it was agreed that Favco USA, not Davis, was to be the sole owner and sole party to secure copyrights and patents on all work product generated by Eccon in performing the design and development services in relation to the crawler crane project.  More specifically, the Confidentiality Agreement that Davis signed as President of Favco USA stated:

> WHEREAS, ECCON acknowledges that the design of the crawler cranes are proprietary to FAVCO and that the information derived by ECCON from FAVCO and its affiliates and that the information developed and generated by ECCON during its design and fabrication process will be integral to FAVCO's success in its development and marketing of the Crawler Crane design.

The agreement further provided as follows:

> Eccon agrees and acknowledges that Favco shall be the sole owner and the sole party to secure copyrights and patents on all specifications, designs, drawings, and work product generated and produced by Eccon in performing the design and development services in relation to the Crawler Crane design, including all services performed by Eccon pursuant to Quotation No. 970387.

-3-

14.     After signing the Confidentiality Agreement, Davis continued to work for Favco USA on the crawler crane project.  Plans were being made to manufacture the crawler cranes at Favco USA's manufacturing plant using Favco USA employees and Favco USA funds.  Davis filed a patent application, presumably in his own name, entitled "Conversion Apparatus and Method for Use With Excavator and Crane Devices."  The United States Patent and Trademark Office has assigned this patent application the serial number 09/129,279.  This patent application relates to the work that was being performed by or on behalf of Favco USA with respect to its crawler cranes.  Fees related to the filing of this patent application have been charged to or paid by Favco USA.

15.     On August 21, 1998 Davis signed two Design Ownership/Responsibility Agreements with Caterpillar Industrial Products, Inc. ("CIPI") and FFCM on behalf of and acting as President and Managing Director of Favco USA.  In these agreements it was acknowledged that Favco USA would manufacture certain crane configurations using standard hydraulic excavator upper main frames and boom linkage attachment points, for which it had applied for patents.  In addition, it was agreed that any information, designs and drawings that were developed were proprietary and confidential and were to be owned by Favco USA, not Davis.   These drawings and designs contain trade secrets of Favco USA.  Nevertheless, Davis claims ownership of such designs and drawings and has used and threatened to use them for his own personal benefit and contrary to the interests of Favco USA.

16.     By checks dated June 7, 1999, June 24, 1999 and July 12, 1999, Davis withdrew from Favco USA and paid to Davisco a total of $34,320.00.  Davis claims

-4-

CutePDF - www.foxitx.com

these were royalty payments, but neither Davisco nor Davis were entitled to royalty payments and Davis had no right to withdraw those funds from Favco USA.

17.   Favco USA has begun manufacturing its crawler cranes at its manufacturing facility in Harlingen Texas.  However, because of the conduct of Davis, and the threats and likelihood that he will continue same, the rights of Favco USA are in imminent danger of harm by the conduct of Davis, and irreparable injury to Favco USA will result unless an injunction issues.  Unless the defendants are enjoined and required to return all property of Favco USA and any copies thereof, are enjoined from using property, disclosing trade secrets, proprietary information or confidential information, and are prevented from competing or attempting to compete with Favco USA in the crawler crane business, Favco USA will lose substantial, valuable trade secrets, proprietary information and confidential information.  Favco USA has no adequate remedy at law for this wrongful conduct.

## III. CAUSES OF ACTION

### A.  Misappropriation of Trade Secrets,
### Proprietary Information and Confidential Information

18.   Favco USA incorporates the allegations of paragraphs 1-17.

19.   Favco USA is in the business of designing, manufacturing and selling crawler cranes.  The design and manufacturer of such crawler cranes is not known to Favco USA's competitors, was developed by Favco USA at considerable expense, and constitutes valuable trade secrets which give Favco USA a competitive advantage.  The design and manufacture of such crawler cranes was treated as confidential and restricted information by Favco USA.

-5-

20.   During the time Davis was President and a director of Favco USA, Davis had access to and acquired valuable trade secrets, proprietary information and confidential information of Favco USA. Davis has misappropriated and threatened to misappropriate such trade secrets, proprietary information and confidential information of Favco USA by using them for his own benefit and contrary to the interests of Favco USA and in breach of this fiduciary obligation to Favco USA.

21.   As a direct and proximate result of Davis' conduct, Favco USA has suffered damages and, in all likelihood will suffer loss of its substantial investment and the loss of potential profits that would accrue to Favco USA but for the conduct of Davis. The total loss to Favco USA cannot be measured accurately. However, unless defendants are enjoined from the use of plaintiff's trade secrets, proprietary information and confidential information and from further disclosing them to others, Favco USA will suffer irreparable harm.

22.   For the harm and loss suffered by Favco USA, and for the harm and loss that will occur unless the defendants are enjoined by this Court, plaintiff has no remedy at law.   If defendants are permitted to continue using Favco USA's trade secrets, proprietary information and confidential information, defendants will profit by their own wrong and Favco USA's trade secrets, proprietary information and confidential information may be further disclosed, destroyed or disseminated by defendants, resulting in damages to Favco USA that are unpredictable and unending.

## B. Breach of Fiduciary Duty

23.   Favco USA incorporates the allegations of paragraphs 1-22 above.

24.    As a high level officer and director of Favco USA, Davis owed Favco USA fiduciary duties to act in Favco USA's best interests in promoting its business.  By misappropriating and threatening to misappropriate Favco USA's proprietary designs, drawings, trade secrets, proprietary information and confidential information and filing a patent application presumably in his own name, and refusing to assign it to Favco USA, Davis acted in his own interests and contrary to those interests of Favco USA, violating such fiduciary duties.

25.    Favco USA has suffered damages and will continue to suffer damages proximately caused by Davis' breach of his fiduciary duties to Favco USA.

### C. Declaratory Judgment

26.    Favco USA incorporates the allegations of paragraphs 1-25 above.

27.    Favco USA is entitled to assignment and ownership of the patent application entitled "Conversion Apparatus and Method for Use With Excavator and Crane Devices," and any other patents or patent applications filed by Davis while he was President and a director of Favco USA, or which include or involve trade secrets, proprietary information or confidential information of Favco USA.  Davis has refused to assign such patents  or patent applications to Favco USA and has indicated that he believes he is the owner of them.  Consequently, a dispute exists over the ownership rights to this particular patent application and any other applications filed by Davis while he was President and a director of Favco USA, or which include or involve trade secrets, proprietary information or confidential information of Favco USA.  Favco USA is entitled to a declaration that it is the sole owner of the patents or patent applications and any information forming the subject matter thereof.  Alternatively, and in the

-7-

unlikely event that Favco USA is not entitled to an assignment and ownership of the patent rights, it is entitled to "shop rights" that allow it to continue to design, manufacture and sell the crawler cranes royalty free and despite any subsequent patents, and to reimbursement of all development costs.

### D. Theft

28.    Favco USA incorporates the allegations of paragraphs 1-27 above.

29.    Davis has committed theft as defined in the Texas Theft Liability Act. TEX. CIV. PRAC. & REM. §§134.01 et. sec.

### E. Conversion

30.    Favco USA incorporates the allegations of paragraphs 1-29 above.

31.    By failing to return all documents and copies thereof belonging to Favco USA, including those containing Favco USA's confidential information, proprietary information and trade secrets, and by his use of such confidential information, proprietary information and trade secrets, Davis has wrongfully and tortiously converted the property of Favco USA to his own use and dominion.

32.    Favco USA has suffered injury and will continue to suffer injury as a proximate result of Davis' conversion.

33.    Davis' conversion was engaged in intentionally, knowingly, wilfully and deliberately, giving rise to the right to recover exemplary damages.

34.    Favco USA is entitled to recover its attorneys' fees.

### IV. JURY DEMAND

35.    Favco USA hereby demands a trial by jury on all issues in this case.

CVisPDF - www.faviso.com

## V. PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays:

1.    That this Court permanently enjoin defendants from directly or indirectly using or disclosing any of Favco USA's confidential information, proprietary information and trade secrets, from interfering in any way with Favco USA's business, including designing, manufacturing and selling crawler cranes and from competing or attempting to compete with Favco USA in the crawler crane business.

2.    That this Court order Davis to return all property of Favco USA in his possession or subject to his control.

3.    That Plaintiff be awarded actual and punitive damages against the defendants on the causes of action alleged herein.

4.    That this Court declare that the proper owner of the patent application filed by Davis entitled "Conversion Apparatus and Method for Use With Excavator and Crane Devices" and any other patent or patent application filed by Davis while he was President or a director of Favco USA, or which contain trade secrets, proprietary information or confidential information of Favco USA, is Favco USA's, and order defendants to execute an assignment of such patents or patent applications and cooperate in the continued prosecution of all such patent applications; or in the alternative declare plaintiff's shop rights to design, manufacture and sell of crawler cranes; or in the further alternative, that plaintiff recover its development costs.

5.    That this Court award Plaintiff recovery of its attorneys' fees and costs of prosecution of this suit.

-9-

6.    That this Court award Plaintiff recovery of post-judgment and pre-judgment interest.

7.    That this Court grant Plaintiff such other and further relief, both general and special, at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

ATLAS & HALL, L.L.P.
818 Pecan/P.O. Box 3725
McAllen, Texas  78501/78502
Telephone No. 956/682-5501
Telecopy No. 956/686-6109

By:_____
Gary Gurwitz
State Bar No. 08631000
Charles C. Murray
State Bar No. 14719700
ATTORNEYS FOR PLAINTIFF,
FAVELLE FAVCO CRANES USA, INC.

Willem G. Schuurman
State Bar No. 17855200
Brian K. Buss
State Bar No. 00798089
VINSON & ELKINS L.L.P.
2700 One American Center
600 Congress Avenue
Austin, Texas 78701-3200
Telephone: 512/495-8663
Telecopy: 512/236-3422

Citation for P͟ersonal Service  - GENERAL _____   ORIGINAL

Lit. Seq. # 5.002.01

No. 1999-10-004467-D

T H E   S T A T E   O F   T E X A S

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: DANIEL E. DAVIS
    3206 MERION COURT
    HARLINGEN, TEXAS 78550


the ____DEFENDANT____ , GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFF'S ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 103rd Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said _____PETITION_____ was filed on OCTOBER 26, 1999 .  A copy of same accompanies this citation.

The file number of said suit being No. 1999-10-004467-D.

The style of the case is:

FAVELLE FAVCO CRANES USA, INC.
VS.
DANIEL E. DAVIS., ET AL.

Said petition was filed in said court by _____HON. GARY GURWITZ_____
(Attorney for _____PLAINTIFF_____ ), whose address is
P.O. BOX 3725 MCALLEN, TX  78502-3725 .

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 26th day of OCTOBER , A.D. 1999 .



AURORA DE LA GARZA ____ , DISTRICT CLERK
Cameron County, Texas
974 E. Harrison St.
Brownsville, Texas 78521

By:_____June Wolf_____ , Deputy

Case 1:00-cv-00184   Document 1   Filed in TXSD on 12/04/2000   Page 24 of 157

**ORIGINAL**

Lit. Seq. # 5.003.01

No. 1999-10-004467-D

T H E   S T A T E   O F   T E X A S

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: DAVISCO, INC.
    DANIEL DAVIS
    3206 MERION COURT
    HARLINGEN, TEXAS 78550

the _____DEFENDANT_____, GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFF'S ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 103rd Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said _____PETITION_____ was filed on OCTOBER 26, 1999 .  A copy of same accompanies this citation.

The file number of said suit being No. 1999-10-004467-D.

The style of the case is:

FAVELLE FAVCO CRANES USA, INC.
VS.
DANIEL E. DAVIS., ET AL.

Said petition was filed in said court by _____HON. GARY GURWITZ_____
(Attorney for _____PLAINTIFF_____), whose address is
P.O. BOX 3725 MCALLEN, TX  78502-3725

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 26th day of OCTOBER , A.D. 1999.

_____AURORA DE LA GARZA_____, DISTRICT CLERK
Cameron County, Texas
974 E. Harrison St.
Brownsville, Texas 78521

By: _____June Wolf_____, Deputy

ORIGINAL

Citation for Personal Service  - GENERAL _____     Lit. Seq. # 5.004.01

No. 1999-10-004467-D

T H E   S T A T E   O F   T E X A S

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: COBURN INTERNATIONAL, LTD. _____
    DANIEL DAVIS _____
    3206 MERION COURT _____
    HARLINGEN, TEXAS 78550 _____

the _____ DEFENDANT _____ , GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFF'S ORIGINAL PETITION _____

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 103rd Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said _____ PETITION _____ was filed on OCTOBER 26, 1999 .  A copy of same accompanies this citation.

The file number of said suit being No. 1999-10-004467-D.

The style of the case is:

                    FAVELLE FAVCO CRANES USA, INC. _____
                              VS.
                    DANIEL E. DAVIS., ET AL. _____

Said petition was filed in said court by _____ HON. GARY GURWITZ (Attorney for _____ PLAINTIFF _____ ). whose address is P.O. BOX 3725 MCALLEN, TX  78502-3725

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 26th day of OCTOBER , A.D. 1999 .

AURORA DE LA GARZA _____ , DISTRICT CLERK
Cameron County, Texas
974 E. Harrison St.
Brownsville, Texas 78521

By: _Janice Wolfe_ _____ , Deputy

CAUSE NO. 1999-10-4467-C

| | | |
|---|---|---|
| FAVELLE FAVCO CRANES USA, INC. | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CAMERON COUNTY, TEXAS |
| | § | |
| DANIEL E. DAVIS, DAVISCO, INC. and | § | |
| COBURN INTERNATIONAL, LTD. | § | |
| | § | |
| Defendants. | § | 197th JUDICIAL DISTRICT |

## ORDER SETTING HEARING

Plaintiff's Motion for Default Judgment, having come to the Court's attention and the

Court being of the opinion that the same should be set for hearing, it is therefore

ORDERED, ADJUDGED AND DECREED by the Court that the same be set for

hearing on the _12_ day of _January_ _2000_ at _9_ o'clock, _a_ .m.

SIGNED AND ENTERED this the _8_ day of _December_ 1999.

_Magdalia Lopez_
JUDGE PRESIDING

cc    Mr. Charles C. Murray
      ATLAS & HALL, L.L.P.
      P.O. Drawer 3725
      McAllen, Texas 78502

      Mr. Ray R. Marchan
      1926 E. Elizabeth
      Brownsville, Texas 78520

## CAUSE NO. 1999-10-4467-C

| | | |
|---|---|---|
| FAVELLE FAVCO CRANES, USA, INC. | § § § | IN THE DISTRICT COURT |
| VS. | § § | OF CAMERON COUNTY, TEXAS |
| DANIEL D. DAVIS, ET AL | § § | 197TH JUDICIAL DISTRICT |

## DEFENDANTS' ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, DANIEL D. DAVIS, DAVISCO, INC. AND COBURN INTERNATIONAL LTD. defendants herein and file this their Original Answer and in support thereof, would respectfully show unto the Court as follows:

I.

Defendants denies each and every, all and singular, the allegations set forth in the original petition, and without waiving their rights to file other and further pleadings, motions and discovery, demands Plaintiffs be held to the most strict requirements of proof and that these defendants be released with costs and without delay and for such other and further relief, whether at law or in equity, to which these defendants may show themselves to be justly entitled.

Defendants pray that Plaintiffs take nothing and that Defendants be granted all relief requested in this original answer.

Defendants pray for general relief.

Signed this the _____ *14* _____ day of December, 1999.

> HARRIS & WATTS, P.C.
> 1926 E. Elizabeth
> Brownsville, Texas  78520
> (956) 546-0333

_____
RAY R. MARCHAN

## CERTIFICATE OF SERVICE

I hereby certify that on this the _____ *14* _____ day of December, 1999, a true and correct copy of the foregoing instrument was forwarded to opposing counsel via fax, by hand-delivery or by certified mail, return receipt requested.

_____
RAY R. MARCHAN

CAUSE NO. 1999-10-4467-C

| | | |
|---|---|---|
| FAVELLE FAVCO CRANES USA, INC. | § | IN THE D.STRICT COURT |
| | § | |
| VS. | § | CAMERON COUNTY, TEXAS |
| | § | |
| DANIEL E. DAVIS, DAVISCO, INC. | § | |
| AND COBURN INTERNATIONAL, LTD. | § | 197th JUDICIAL DISTRICT |

---

## ORDER RESETTING HEARING

---

IT IS ORDERED by the Court that *Plaintiff's Motion for Default Judgment*, previously set

for hearing on January 12, 2000, is hereby reset for hearing on January 7, 2000 beginning at 9:00

a.m.

SIGNED this 15 day of December, 1999.

_____
JUDGE PRESIDING

cc:   Gary Gurwitz, Atlas & Hall, L.L.P., P.O. Box 3725, McAllen, TX 78502
      Ray R. Marchan, 1926 E. Elizabeth, Brownsville, TX 78520

CAUSE NO. 99-10-4467-C

| | | |
|---|---|---|
| FAVELLE FAVCO CRANES USA, INC | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | CAMERON COUNTY, TEXAS |
| | § | |
| DANIEL E. DAVIS | § | 197TH JUDICIAL DISTRICT |

## DEFENDANT'S ORIGINAL COUNTERCLAIM

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, DANIEL E. DAVIS, Defendant in the above-styled and numbered cause of action, (hereinafter referred to as "COUNTER-PLAINTIFF"), and complains of plaintiff, FAVELLE FAVCO CRANES USA, INC. (hereinafter referred to as "COUNTER-DEFENDANT") and for cause of action, would respectfully show the Court and Jury the following:

I.

## FACTUAL ALLEGATIONS

1.01    Counter-Plaintiff has been developing, and continues to develop, his ideas and concepts concerning a new and unique line of crawler cranes. The unique crawler cranes conceived and developed by the Counter-Plaintiff use a variable-gauge excavator bottom in conjunction with an enhanced standard excavator upper (the Counter-Plaintiff's crawler cranes). Counter-Plaintiff diligently pursued the development of this concept of cranes. Counter-Plaintiff has protected his manufacturing methodology and his crawler cranes as trade secrets.

1.02    Before Counter-Plaintiff's efforts, many people tried to develop such crawler cranes all have failed. On information and belief, even the Counter-Defendant or its affiliated companies tried to make a crawler crane, but could not make it work and discontinued the project. The unique concept of a variable-gauge excavator bottom in conjunction with an enhanced standard excavator upper was known to have distinct advantages: the ability to mass produce, short lead-time for

CVAPDF - www.fevico.com

manufacturing, parts availability worldwide, warranties, distribution network, etc. However, before Counter-Plaintiff, no one was able to build such a crane including the Counter-Defendant or its affiliated companies.

1.03    Counter-Defendant and its affiliated companies make tower cranes and offshore cranes. Counter-Defendant and its affiliated companies have been making tower cranes and offshore cranes for over 30 years, and are well known for tower cranes and offshore cranes. Prior to the relationship with the Counter-Plaintiff, neither Counter-Defendant or its affiliated companies made crawler cranes of any type. Neither Counter-Defendant or its affiliated companies have any expertise in crawler cranes of any type. Neither Counter-Defendant or its affiliated companies have any manufacturing experience in crawler cranes of any type.

1.04    On or about June 23, 1997, Counter-Plaintiff entered an employment contract with Favelle Favco Holdings to be Managing Director and President of Favco in Harlingen Texas. The contract was for thirty-six (36) months. Counter-Plaintiff was to receive, among other things, the right to purchase ten percent (10%) of the stock of Favco, a monthly salary, a company car, medical benefits and a royalty for any sales of the Davis Crawler Cranes. Counter-Defendant agreed to license the manufacture and sale of the Davis Crawler Cranes. Counter-Plaintiff received then (10%) of the stock of Favco.

1.05    As of June 1997, no Davis Crawler Crane had ever been built because the design had not been finalized. Much public skepticism existed as to whether any crawler crane design would be functional. To perfect his crane design Davis, Counter-Plaintiff needed to experiment with various aspects of the proposed cranes. It was understood that Counter-Plaintiff was to finalize his design changes as soon as possible after becoming Managing Director and President of Favco. It was important to start the manufacture and sale of the Davis Crawler Cranes as soon as possible, and

2

Counter-Plaintiff did just that.

1.06    In August 1997, Counter-Defendant submitted a Shareholders Agreement to Counter-Plaintiff. On August 16, 1997, Counter-Plaintiff signed Favco's Shareholders Agreement and returned it to Favco. A copy of said " **Favco Shareholder's Agreement"** is attached hereto as **Exhibit "A"**, and incorporated by reference the same as if fully copied and set forth at length.

1.07    In March 1999, Counter-Plaintiff presented his new line of crawler cranes at Conexpo in Las Vegas, Nevada. The cranes where met with extreme praise by the public. Such cranes have not before been known or used. However, much skepticism continued with respect to whether the Davis Crawler Cranes would function as required and as expected.

1.08    About April 1999, Counter-Defendant requested Counter-Plaintiff to agree to changes in the Shareholder's Agreement dated August 16, 1997, and to execute a "New Shareholder's Agreement for FFC-USA." Counter-Defendant by and through its agent, Yee requested that the New Shareholder's Agreement for FFC-USA include, among other things, the following term:

> "3)    Patent to Crawler crane design Mr. Daniel Davis is the inventor and the owner of the patents to the design. The rights to use the designs and drawings are to be licensed to FFC-USA. In return, Mr. Daniel Davis is to derive a royalty of _____ over a    period of _____years."

A copy of said **"Issues to be incorporated in the New Shareholder's Agreement for FFC-USA"**, prepared by Yee/Favco and submitted to Davis, is attached hereto as **Exhibit "B"**, and incorporated by reference the same as if fully copied and set forth at length. Yee writes in his own handwriting "Danny, Attached the issues to be addressed in the new agreement." Clearly, even Counter-Defendant agrees that Counter-Plaintiff is the owner of the Davis Crawler Cranes, the patent and all associated technology and drawings.

3

CAMPDF - www.textu.com

1.09     About May 1999, Counter-Plaintiff through Favco sold three (3) Davis Crawler Cranes to Mustang Equipment in Houston, Texas. Although there continues to be known skepticism as to whether the Davis Crawler Cranes work, the three Davis Crawler Cranes sold to Mustang Equipment have been and continue to work without problems. Thereafter, additional customers requested Davis Crawler Cranes. Counter-Plaintiff sought to get funding and equipment from Counter-Defendant to build the additionally requested Davis Crawler Cranes. Counter-Defendant refused to fund the manufacture of the Davis Crawler Cranes requested. This refusal has caused and continues to cause Counter-Plaintiff to suffer damages, which are described herein below.

1.10     At the same time Counter-Defendant refused to fund the manufacture of Davis Crawler Cranes requested by customers, Counter-Defendant requested that Counter-Plaintiff assign all or half of his patent rights to Favco. Counter-Plaintiff refused the request, and referred Counter-Defendant to its own Shareholder's Agreement dated August 16, 1997. The Favco Shareholder's Agreement recites in paragraph 7.1 that Favco shall pay Counter-Plaintiff is a royalty for cranes sold under Davis' patented invention. See "Favco Shareholder's Agreement", **Exhibit "A"**.

1.11     On September 8, 1999, the board of directors of Favco terminated Counter-Plaintiff, without cause. Further, Counter-Defendant sought to take for its own the intellectual property owned by Counter-Plaintiff in the form of the Davis Crawler Cranes, including the trade secrets embodied in the manufacturing processes, drawings, engineering, know how, designs, and information contained in Counter-Plaintiff's patent application. However, Counter-Defendant knows that Counter-Plaintiff is the inventor and the owner of the patent, the designs, the drawings and all technology related to the Davis Crawler Cranes.

1.12     Many crane and excavator entities and engineers have tried to implement the type of crane design that Counter-Plaintiff has successfully invented. None have been able to accomplish this

4

prior to Counter-Plaintiff. Many crane and excavator engineers still refuse to believe that the Davis Crawler Cranes are effective and reliable devices. Counter-Plaintiff must consistently work to overcome this skepticism to insure that the concept of the crawler cranes as embodied in Counter-Plaintiff's invention - the Davis Crawler Cranes - is accepted in industry practice. These efforts are absolutely essential to Counter-Plaintiff, and the success of the Davis Crawler Cranes. Counter-Defendant is seeking to sell cranes, and to Counter-Plaintiff's knowledge and belief, has sold said cranes. This action on the part of Counter-Defendant violates Counter-Plaintiff's trade secret rights.

## II.

## CAUSES OF ACTION

2.01    Based upon the aforementioned paragraphs 1.01 - 1.12 Counter-Plaintiff has breached its contract with Counter-Defendant.

2.02    Based upon the aforementioned paragraphs 1.01 - 1.12 Counter-Plaintiff has tortiously interfered with a business relationship of the Counter-Defendant.

2.03    Based upon the aforementioned paragraphs 1.01 - 1.12 Counter-Plaintiff has tortiously interfered with the trade secrets of the Counter-Defendant.

2.04    Based upon the aforementioned paragraphs 1.01 - 1.12 Counter-Plaintiff has intentionally misrepresented its business relationship with the Counter-Defendant which was relied upon by the Counter-Defendant to his detriment and which were intended to be relied upon.

2.05    Based upon the aforementioned paragraphs 1.01 - 1.12 Counter-Plaintiff has breached its fiduciary duty owed to the Counter-Defendant.

2.06    Based upon the aforementioned paragraphs 1.01 - 1.12 Counter-Plaintiff has committed fraud against the Counter-Defendant since Counter-Plaintiff's actions were intentional, wanton and committed with a reckless disregard and such actions were relied upon by Counter-

5

Defendant to his detriment and which were intended to be relied upon.

2.07    Based upon the aforementioned paragraphs 1.01 - 1.12 Counter-Plaintiff actions constitute malice and such actions were relied upon by Counter-Defendant to his detriment and which were intended to be relied upon.

## III.

## DAMAGES

3.01    Based upon the aforementioned paragraphs 1.01 - 1.12 and 2.01 - 2.07 Counter-Defendant has suffered mental anguish and will continue to suffer mental anguish, and seeks to recover these damages from Counter-Defendant.

3.02    Based upon the aforementioned paragraphs 1.01 - 1.12 and 2.01 - 2.07 Counter-Defendant has suffered damage to his reputation, and seeks to recover these damages from Counter-Defendant.

3.03    Based upon the aforementioned paragraphs 1.01 - 1.12 and 2.01 - 2.07 Defendant has suffered damage to his business reputation, and seeks to recover these damages from Counter-Defendant.

3.04    Based upon the aforementioned paragraphs 1.01 - 1.12 and 2.01 - 2.07 Defendant has suffered lost wages, lost income, and lost royalties, and seeks to recover these damages from Counter-Defendant.

## IV.

## EXEMPLARY DAMAGES

4.01    Based upon the aforementioned paragraphs 1.01 - 1.12 and 2.04, 2.06 and 2.07 Counter-Defendant has acted with malice and with a wanton, conscious, intentional and reckless disregard as to its actions.  Further, such actions were relied upon by Counter-Plaintiff and were intended to be relied upon by Counter-Plaintiff to his detriment.

6

## V.

## ATTORNEY'S FEES

5.01    As a further result of Counter-Defendant's actions and practices, Counter-Plaintiff has been compelled to engage the services of the law firm whose name is subscribed to this pleading and has agreed to pay such attorneys for legal services rendered and to be rendered in the preparation and trial of this cause.   As such, Counter-Plaintiff seeks to recover reasonable attorney's fees in relation to the work performed and to be performed in this cause of action.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED** Counter-Plaintiff prays that this Honorable Court grant him judgment of the court against Counter-Defendant, and for the following:

(1)    Judgment against Counter-Defendant for actual damages in a sum within the minimum jurisdictional limits of this Court;

(2)    Prejudgment and post judgment interest as provided by  law.

(3)    Reasonable attorney's fees.

(4)    Costs of suit.

(5)    Such other and further relief to which Counter-Plaintiff may be justly entitled.

7

Respectfully submitted,
LAW OFFICES OF
ERNEST GAMEZ, JR., P.C.
777 E. Harrison Street
Brownsville, Texas  78520
TEL/ (956) 541-3820
FAX/ (956) 541-7694


BY: _____
ERNESTO GAMEZ, JR.
State Bar No. 07606600
Federal Id No. 8645

VICTOR QUINTANILLA
State Bar No. 00786181
Federal Id. No. 16073

Attorneys for Counter-Plaintiff
**DANIEL E. DAVIS**

8

## CERTIFICATE OF SERVICE

I, **VICTOR QUINTANILLA**, hereby certify that on this 21st day of March, 2000 a true and correct copy of **Defendant's Original Counterclaim** was served on Counter-Defendant's counsel of record **VIA CM RRR # Z 559 109 039**, Hon. Gary Gurwitz, **ATLAS & HALL, L.L.P.**, P.O. Drawer 3725, 818 Pecan, McAllen, Texas   78502.

VICTOR QUINTANILLA

# CAUSE NO. 99-10-4467-C

| | | |
|---|---|---|
| **FAVELLE FAVCO CRANES USA, INC** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **VS.** | § | **CAMERON COUNTY, TEXAS** |
| | § | |
| **DANIEL E. DAVIS** | § | **197TH JUDICIAL DISTRICT** |

## EXHIBIT "A"

## FAVCO SHAREHOLDER'S AGREEMENT

ClikPDF - www.fastio.com

## SHAREHOLDERS' AGREEMENT

THIS AGREEMENT is made the .16th. day of August 19.97. Between:-

1.   FAVELLE FAVCO CRANES (M) SDN. BHD., a company incorporated in Malaysia with its registered office at ..... ("the First Party") of the one part; and

2.   DANIEL E. DAVIS] (Passport No. .....) of USA ("the Second Party") of the other part.

IT IS AGREED as follows:-

1.1   The parties hereto shall within .... days from the date of this Agreement form a corporation in the State of Texas, United States of America ("the Company").

1.2   The Constitution of the Company shall be in the form and content of the draft annexed hereto and initialled by the parties for the purposes of identification. In the event of a conflict between the provisions of this Agreement and the Constitution of the Company, the provisions of this Agreement shall prevail and the parties shall cause the necessary amendments to be made to the Constitution.

1.3   The Company shall have an initial authorised share capital of United States Dollars Three Million (US$3,000,000/-) divided into 3,000,000 ordinary shares of the par value of United States Dollar One (US$1) per share. The initial issued and paid up capital of the Company shall be United States Dollars Five Hundred Thousand (US$500,000/-).

1.4   Unless otherwise varied by written agreement, the issued and paid up capital of the Company shall be held by the parties in the following proportions:

The First Party 90 %

The Second Party 10 %

1.5   If the Second Party is desirous of disposing any or all of its shares, the First Party hereby agrees to take up the said shares within thirty (30) days of being so notified by the Second Party. If the First Party is desirous of disposing any or all of its shares, it must first make the offer to the Second Party and if the Second Party does not take up all or any of the said shares within thirty (30) days of being so offered, then the First Party may sell them to a third party and in any event in accordance with the terms of the Company's Constitution PROVIDED that if the First Party is desirous of disposing more than 50% of its total shareholdings in the Company it may not sell them to a third party unless the third party also make an offer to the Second Party to purchase all its shares. The parties hereto hereby agree that the purchase price

DED.

the sale and purchase of shares pursuant to this Clause 1.5 shall be determined in accordance with Clause 6.4.2

1.6  Any party will have a right of pre-emption in case any shares are issued whether from the unissued authorised capital or from any increase in the authorised capital.

2.1  The composition of the board of directors of the Company ("Board") shall be as follows:

The First Party .....

The Second Party .....

2.2  All resolutions of the Board shall be approved by a simple majority of the Board.

3.1  All matters raised at a meeting of the Company shall, unless otherwise required by the laws of the State of Texas, be decided by a simple majority of the shareholders present at the meeting.

4.1  The parties hereto agree that unless otherwise varied in writing, the business of the Company shall be restricted and confined to the following:-

   (a)  sales and marketing arm for Favelle Favco Cranes (M) Sdn Bhd. ("FFC") in the United States of America, Mexico, Central and South America;

   (b)  buy parts and materials for FFC and arrange for the shipping thereof to Malaysia or such other location as designated by FFC;

   (c)  if requested by FFC, buy used crawler cranes and foundation equipment for Asia and or the Middle East;

   (d)  quote manitex offshore spare parts and establish parts supplier in the United States of America;

   (e)  quote new manitex offshore pedestal cranes;

   (f)  fabricate towers and booms and Kroll tower cranes for FFC;

   (g)  sell the whole of the West Manitowoc cranes in Mexico, central and south America; and

   (h)  finalise, conceptualise, design and manufacture Excavator Upper and Variable Gauge Lower for the manufacture of Lattice and Box Boom Crawler Crane.

5.1  The Second Party hereby agrees with the First Party that shall not, during the subsistence of this Agreement and for period of three years after the determination of this Agreement

whatever reasons, directly or indirectly enter into any agreement,
arrangement, partnership or otherwise in competition with the
business carried on or proposed to be carried on by the Company
unless the termination of this Agreement is pursuant to Clauses
6.2.2 or 6.3.

6.1   This Agreement shall continue in full force and effect until
terminated in accordance with the provisions of this clause.

6.2   Either of the parties to this Agreement shall be entitled to
terminate this Agreement immediately by notice in writing to the
defaulting party ("Defaulting Shareholder(s)") if any of the events
set out below shall occur. The said events are:-

    6.2.1     If the Defaulting Shareholder(s) shall commit any
    material breach of any of its obligations under this Agreement
    and shall fail to remedy such breach (if capable of remedy)
    within fourteen (14) days after being given notice by the
    other parties hereto so to do; or

    6.2.2     If one or more parties hereto (being a Company)
    shall go into liquidation whether compulsory or voluntary
    (except for the purposes of a bona fide reconstruction or
    amalgamation with the consent of the other parties hereto such
    consents not to be unreasonably withheld) or if one or more of
    the parties hereto shall have an administrator appointed or if
    a receiver administrative receiver or manager shall be
    appointed over any part of the assets or undertakings of that
    party or if a petition shall be presented or an order made for
    the appointment of a trustee in bankruptcy; or

    6.2.3     If one (1) party acquires all the shares of the
    Company.

6.3   This Agreement shall terminate immediately if an effective
resolution is passed to wind up the Company or if a liquidator is
otherwise appointed (but without prejudice to any rights of the
parties hereto may have against the other party prior to such
termination).

6.4.1     If either of the parties hereto shall serve a valid
notice of termination under Clause 6.2 that party ("the
Terminator(s)") shall be entitled by that notice to require the
Defaulting Shareholder(s) ("the Terminatee(s)") either to purchase
all (but not some only) of his or its shares in the Company of the
Terminator(s) or to sell to the Terminator all (but not some only)
of the shares of the Terminatee(s) in the Company in either case at
a price determined in accordance with the provisions of Clause
6.4.2.  Upon exercise of any such right by the Terminator(s) it and
the Terminatee(s) shall become bound respectively to sell or
purchase on the terms set out below. If in a valid termination
notice to such power of sale or purchase is exercised by the
Terminator(s) the parties shall procure that the Company shall be
immediately wound up.

6.4.2    The purchase price of the shares to be bought and sol
pursuant to Clauses 6.4.1 and 1.5 shall be their fair value a
agreed between the parties to such sale and purchase or in defaul
of agreement within fourteen (14) days after the service of th
notice of termination such sum shall be certified (at the reques
of either such parties) by the auditors for the time being of th
Company to be the fair value of such share on the date when th
termination notice was served. In so certifying the auditors ar
irrevocably instructed to value the ordinary shares to be bough
and sold as the same proportion of the market value of the Compan
as a whole on that date as the relevant ordinary shareholding bear
to the whole issued ordinary share capital of the Company on tha
date but otherwise they shall take into accounts all suc
circumstances as shall seem to them relevant.   In so acting suc
auditors are instructed to act as experts and not as arbitrator
and their decision shall (save in respect of manifest error) b
final and binding on the parties to such sale and purchase for al
purposes and their costs shall be borne in equal shares by suc
parties.

6.4.3    Completion of the sale and purchase of shares pursuant t
the provisions of Clause 6.4.1 shall take place at the registere
office of the Company on the 3rd business day after the pric
payable for such shares has been agreed or determined in accordanc
with the provisions of Clause 6.4.2 (or such other time and/
place in respect of which the provisions of 6.4.4, 6.4.5, 6.4.6 ar
5.4.7 shall then have effect).

6.4.4    At any completion of the sale and purchase of shar
pursuant to Clause 6 in return for bankers draft drawn on a Unit-
States clearing bank (or such other means of payment which
agreed by the seller) for the full amount of the purchase money f
the shares being bought and sold and such other amounts as a
referred to in Clause 6.4.5 the seller shall deliver to t
purchaser duly executed share transfers for the shares being so
in favour of the purchaser or as it may direct together with t
relevant share certificate(s).

6.4.5    The parties hereto shall exercise all voting and oth
rights available to them to ensure the implementation of t
preceding provision of this clause and that any provisic
contained in the articles of association of the Company restricti
transfers of shares shall be waived or suspended to allow st
sales and purchases to proceed as provided above and t
shareholders shall procure the registration of any transfer of a
shares in the Company pursuant to this Agreement accordingly.

7.1   The First Party shall for a period of three years from
date of this Agreement pay to the Second Party a royalty fee of
of the sale price for the sale of each crane manufactured
assembled pursuant to the Second Party's patented inventi
namely, the Excavator Upper and Variable Guage Lower for the mak
of a Latice and Box Boom Crawler Crane, and whether or not the s
took place before or after the termination of this Agreement.

D.L.D.

8.1 This Agreement shall be governed by and construed in accordance with the laws of the State of Texas, United States of America and the parties expressly submit to the non-exclusive jurisdiction of the courts of that country.

**IN WITNESS WHEREOF** the parties hereto have hereunto caused their respective duly authorised representatives to set their hand the day and year first above written.

```
SIGNED by                )
for and on behalf of     )
FAVELLE FAVCO CRANES     )
(M) SDN. BHD. in the     )
presence of:             )
```

```
SIGNED by the said       )
DANNIEL F. DAVIS         )
in the presence          )
of:-                     )
```

D.5.D.

## CAUSE NO. 99-10-4467-C

| | | |
|---|---|---|
| FAVELLE FAVCO CRANES USA, INC | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | CAMERON COUNTY, TEXAS |
| | § | |
| DANIEL E. DAVIS | § | 197TH JUDICIAL DISTRICT |

## EXHIBIT "B"

## ISSUES TO BE INCORPORATED IN THE NEW SHAREHOLDER'S AGREEMENT FOR FFC-USA PREPARED BY YEE/FAVCO AND SUBMITTED TO DAVIS

 

*FAVELLE FAVCO      S (USA) INC.*

*Issues to be incorporated in the New Shareholders Agreement for FFC-USA*

## 1) *Capitalization of FFC-USA*

FFC-USA will be recapitalized at an initial equity base of US$10m with Mr Daniel Davis holding 70% and FFC Holdings 30%. Mr Davis to inject up to $7m for his portion while FFC-Holdings' contribution to be capitalized from funds sometimes made to FFC-USA by FFC-Malaysia. FFC-USA to repay FFC-Malaysia the remaining advances plus interest (based on interest rates paid by FFC Holdings in Malaysia) plus other amounts due to the other related companies.

Future increases in capitalization are subject to Board of Directors' Approval and both parties are to contribute additional capital in proportion to their respective equity holdings.

## 2) *Management of FFC-USA*

Mr Daniel Davis to remain as President and Managing Director and shall assume management control of the company. He will report to the Board of Directors. FFC Holdings reserve the right to have an internal audit conducted on FFC-USA on an annual basis.

## 3) *Patent to Crawler crane design*

Mr Daniel Davis is the inventor and the owner of the patents to the design. The rights to use the designs and drawings are to be licensed to FFC-USA. In return, Mr Daniel Davis is to derive a royalty of_____ over a period of_____ years.

## 4) *Board of Directors*

4 Directors to represent Mr Daniel Davis' interest and 1 to represent FFC Holdings.

## 5) *Bank borrowings*

All bank borrowings are to be approved by the Board of Directors before being executed by officers of the company.

## 6) *Licensing Agreement*

Manitex

FFC-Holdings will license the rights to use the designs and drawings of the Manitex offshore pedestal cranes to FFC-USA. Ownership of designs and drawings remains with FFC Holdings. FFC-USA will pay a royalty of 10% on sale associated with the Manitex range of cranes and related products.

Favelle Favco and Kroll

*Exhibit*

*3*



*FAVELLE FAVCO CB       (USA) INC*

FFC-USA will be the appointed the sales representative for FFC Holdings on its range of Favelle Favco and Kroll cranes. Geographical markets will be in North, Central and South America only. Sales into markets outside these predefined markets will be subjected to approval from FFC Holdings. All drawings and designs associated with the Favelle Favco and Kroll range of offshore remains the property of Favelle Favco.

Crawler cranes
FFC-USA is to license the rights to assemble the cranes to FFC-Malaysia for a predefined market (to be specified) for a predefined period in return for a royalty of ___%.

7) Termination
In the event of a termination of this agreement, the right to the name and all associated drawings and designs of Favelle Favco, Kroll and Manitex range of products are to be returned to FFC- Holdings. Likewise, all information and rights to the crawler cranes are to be returned to FFC-USA.

In the event that the termination was triggered by one party intending to sell out, the other party is to granted the first right of refusal to acquire the equity stake on the party that is selling out.

8) Non competition
In the event of a termination, FFC-Holdings will undertake not to compete with FFC-USA on its range of crawler cranes (either through its own designs or through collaboration with new partners) for a period of ___years. Likewise, FFC-USA will undertake not to compete with FFC-Holdings on its range of offshore and tower cranes (either through its own design or through collaboration with new partners for the same period of years.

9) The name of FFC-USA
Following the execution of this agreement, FFC-USA is to adopt a new name to reflect the new partnership.

As the owner of the patent to the crawler crane, Mr Daniel Davis will reserve the right the adopt a new name for the range of crawler cranes which may or may not adopt the new name of the company.

DANNY,
ATTACHED THE ISSUES TO BE ADDRESSED IN THE NEW AGREEMENT.
IF YOU HAVE OTHER POINTS TO ADD, PLEASE LET ME KNOW.
I WILL THEN FAX THIS LIST TO DENNIS TO DRAFT THE AGREEMENT.
YEE

CAUSE NO. 1999-10-6467-C

FAVEOLI FANCO CRANES, INC.       §        IN THE DISTRICT COURT OF
                                 §
VS.                              §
                                 §        CAMERON COUNTY, TEXAS
DANIEL E. DAVIS, DAVISCO,        §
INC. and COBURN                  §
INTERNATIONAL, LTD.              §        197TH JUDICIAL DISTRICT

### ORDER SETTING HEARING DATE

The above-styled and numbered cause is set for an hearing on Motion to Qualify on this the
__12th__ day of __April__, __2006__ at __9:00 a__.m.

before the 197th Judicial District Court  974 E. Harrison, Brownsville, Cameron County, Texas.

SIGNED this __28th__ day of __March__, 2000

_____
JUDGE PRESIDING

xc:  Hon. Victor Quintanilla
**LAW OFFICES OF
ERNESTO GAMEZ, JR., P.C.**
777 E. Harrison Street
Brownsville, Texas 78520

Hon. Gary Gurwitz
**ATLAS & HALL, L.L.P.**
P.O. Drawer 3725
818 Pecan
McAllen, Texas 78502

MAR 2 8 2000

FILED
AURORA DE LA GARZA DIST. CLERK
MAR 2 8 2000
DISTRICT COURT

RECEIVED BY B.C.  MAR 3 0 2000

Case 1:00-cv-00184   Document 1   Filed in TXSD on 12/04/2000   Page 49 of 157

CAUSE NO. 1999-10-4467-C

| | | |
|---|---|---|
| FAVELLE FAVCO CRANES USA, INC. | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | CAMERON COUNTY, TEXAS |
| | § | |
| DANIEL E. DAVIS, DAVISCO, INC. | § | |
| AND COBURN INTERNATIONAL, LTD. | § | 197th JUDICIAL DISTRICT |

## ORDER SETTING HEARING

IT IS ORDERED by the Court that *Plaintiff's Motion for Continuance of Hearing*, is hereby set for hearing on the 12th day of April , 2000 beginning at 9 a.m.

SIGNED this 7th day of April , 2000.

_Migdalia López_
JUDGE PRESIDING

cc: Gary Gurwitz, Atlas & Hall, L.L.P., P.O. Box 3725, McAllen, TX 78502
Victor Quintanilla, Law Offices of Ernesto Gamez, Jr., P.C., 777 E. Harrison Street, Brownsville, Texas

HON RAY R MARCHAN

CAUSE NO. 1999-10-4467-C

FAVELLE FAVCO CRANES, USA, INC. &   IN THE DISTRICT COURT OF

&

VS.               &   CAMERON COUNTY, TEXAS

&

DANIEL E. DAVIS, DAVISCO, INC.   &

AND COBURN INTERNATIONAL, LTD. &   97TH JUDICIAL DISTRICT

## ORDER DENYING PLEA IN ABATEMENT AND MOTION FOR STAY

BE IT REMEMBERED that on the 12th day of April, 2000, came on for hearing Plaintiff's Plea in Abatement and Motion for Stay Pending Resolution of Federal Proceedings. The parties appeared by and through their counsel of record and the Court, is of the opinion that said plea should be denied.

IT IS THEREFORE ORDERED by the Court that Plaintiff's Plea in Abatement and Motion for Stay Pending Resolution of Federal Proceedings is hereby DENIED.

SIGNED this 18th day of _April_____, 2000.

_____
JUDGE PRESIDING

xc:   Hon. Victor Quintanilla
LAW OFFICES OF
ERNESTO GAMEZ, JR., P.C
777 E. Harrison St.
Brownsville, Texas 78520

Hon. Gary Gurwitz
ATLAS & HALL, L.L.P.
818 Pecan
P. O. Box 3725
McAllen, Texas 78502

APR 18 2000

FILED _____ O'CLOCK ____M
AURORA DE LA GARZA DIST. CLERK
APR 18 2000
DISTRICT COURT OF CAMERON COUNTY, TEXAS

APR 18 2000

CAUSE NO. 1999-10-4467-C

| | | |
|---|---|---|
| FAVELLE FAVCO CRANES, USA, INC. | & | IN THE DISTRICT COURT OF |
| | & | |
| VS. | & | CAMERON COUNTY, TEXAS |
| | & | |
| DANIEL E. DAVIS, DAVISCO, INC. | & | |
| AND COBURN INTERNATIONAL, LTD. | & | 197TH JUDICIAL DISTRICT |

## ORDER SETTING HEARING

The above-styled and numbered cause is set for a hearing on the Motion for Trial Setting on the 2nd day of May, 2000 at 9:00 o'clock w .m. in the 197th District Court, Cameron County Courthouse, 974 E. Harrison St., Brownsville, Texas, 78520.

SIGNED FOR ENTRY this 10th day of April, 2000.

_____
JUDGE PRESIDING

xc: Hon. Victor Quintanilla
LAW OFFICES OF
ERNESTO GAMEZ, JR., P.C.
777 E. Harrison St.
Brownsville, Texas  78520

Hon. Gary Gurwitz
ATLAS & HALL, L.L.P.
818 Pecan
P. O. Box 3725
McAllen, Texas  78502

RECEIVED BY GG   APR 2 1 2000

CAUSE NO. 1999-10-4467-C

| | | |
|---|---|---|
| FAVELLE FAVCO CRANES USA, INC. | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | CAMERON COUNTY, TEXAS |
| | § | |
| DANIEL E. DAVIS, DAVISCO, INC. | § | |
| AND COBURN INTERNATIONAL, LTD. | § | 197th JUDICIAL DISTRICT |

---

## ORDER SETTING TRIAL AND DISCOVERY DEADLINES

---

On the 14th day of May, 2000, came on to be considered the Motion for Trial Setting filed by the Defendants in the above-styled and numbered cause. After considering the pleadings and arguments of counsel, it is the opinion of this Honorable Court that said Motion for Trial Setting should be GRANTED.

IT IS THEREFORE ORDERED that the above-styled and numbered cause of action is set for trial on the merits on the 13th day of November, 2000, beginning at 9:00 a.m. in the 197th Judicial District Court at the Cameron County Courthouse, 974 E. Harrison Street, Brownsville, Cameron County, Texas, with announcements on November 10, 2000 at 9:00 a.m.

IT IS FURTHER ORDERED that the following deadlines shall apply:

1.    The Plaintiff's designation of experts and production of expert reports must be furnished to the Defendants on or before July 14, 2000.

2.    The Defendants' designation of experts and production of expert reports must be furnished to the Plaintiff on or before August 14, 2000.

3.    The deadline for all discovery will be October 13, 2000.

4.    A final pre-trial conference is set for the 3rd day of November, 2000,

CutePDF - www.hexio.com

beginning at 9:00 A.m.

SIGNED this 23rd day of May , 2000.

_____
JUDGE PRESIDING

MAY 2 5 2000
APPROVED AS TO FORM:

Gary Gurwitz, Esq.
State Bar I.D. No. 08631000
Atlas & Hall, L.L.P.
818 Pecan (Zip: 78501)
P.O. Drawer 3725
McAllen, Texas 78502
956/682-5501 - Fax: 956/686-6109

Willem G. Schuurman
State Bar No. 17855200
Brian K. Buss
State Bar No. 00798089
VINSON & ELKINS LLP
2700 One American Center
600 Congress Avenue
Austin, Tx 78701-3200

By:_____
      Gary Gurwitz

ATTORNEY FOR PLAINTIFF

Ernesto Gamez, Esq.
Victor Quintanilla, Esq.
State Bar I.D. No. 00786181
LAW OFFICES OF ERNESTO GAMEZ, JR., P.C.
777 E. Harrison Street
Brownsville, Texas 78520
956/541-3820 - Fax: 956/541-7694

FFC
vs.
DAVIS

**ORDER SETTING TRIAL DATE AND DISCOVERY DEADLINES**
**PAGE 2**

Al Payne, Esq.
PAYNE LUNDEEN D'AMBROSIO & ARISMENDI LLP
1700 W Loop S, Suite 1230
Houston, Tx 77027

By_____

Victor Quintanilla

**ATTORNEY FOR DEFENDANTS**

---

Case 1:00-cv-00184   Document 1   Filed in TXSD on 12/04/2000   Page 55 of 157

**COPY**

Civil Witness and/or Duces Tecum

Lit. Seq. # 8.005.01

CLERK OF THE COURT

ATTORNEY OR PERSON REQUESTING ISSUANCE

AURORA DE LA GARZA
974 E. Harrison
Brownsville, Texas  78521

HON. VICTOR QUINTANILLA
777 E. HARRISON STREET
BROWNSVILLE TX  78520

### T H E   S T A T E   O F   T E X A S
#### SUBPOENA

NO. 1999-10-004467-C

FAVELLE FAVCO CRANES USA, INC.
VS.
DANIEL E. DAVIS., ET AL.

TO ANY SHERIFF, CONSTABLE, OR BY ANY OTHER PERSON WHO IS NOT A PARTY AND IS NOT LESS THAN EIGHTEEN YEARS OF AGE, OF THE STATE OF TEXAS, GREETING:

YOU ARE HEREBY COMMANDED TO SUMMON
CHEAM TEK SIONG
ATLAS & HALL
818 PECAN
MCALLEN, TEXAS 78502

to be and personally appear at 09:00 o'clock A.M., on the 13th of NOVEMBER, 2000; before the Honorable 197th District Court of Cameron County Texas, to be held within and for said County at the Court House thereof, in Brownsville, Texas, then and there to testify and the truth to speak on behalf of the DEFENDANT in the above styled and numbered cause, now pending in said Court, and there to remain from day to day, and from term to term, until discharged by said Court.  Said above named witness is further commanded to produce at said time and place above set forth the following books, papers, documents or other tangible things, to wit:

HEREIN FAIL NOT, and make due return hereof, showing how you have executed the same.

Issued and given under my hand and seal of said Court at office, this the 11th day of JULY, 2000

AURORA DE LA GARZA

District Clerk, Cameron County, Texas

By: _Janie Woye_ Deputy

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**R E T U R N**

Came to hand the 11 day of July, 2000, at 3 00 o'clock P.M., and executed the 12 day of July, 2000 at _____ o'clock P.M., by delivering to the within named Cheam Tek Siong at 818 Pecan in _____ County, Texas, in person, a true copy of this Subpoena, and tendering said witness the sum of $_____.

FEES:

(Sheriff, Constable, Citizen)
Cameron County, Texas

By: _____ Deputy

#### ACCEPTANCE OF SERVICE
The undersigned witness named in the Subpoena accepts and waives service of such Subpoena, acknowledges receipt of a copy thereof and hereby.

GAMEZ PROCESS SERVICE
777 E. Harrison
Brownsville

(Signature of Witness and Date)

CutePDF - www.cutepdf.com

Civil Witness and/or Duces Tecum

Lit. Seq. # 8.006.01

CLERK OF THE COURT

ATTORNEY OR PERSON REQUESTING ISSUANCE

AURORA DE LA GARZA
974 E. Harrison
Brownsville, Texas  78521

HON. VICTOR QUINTANILLA
777 E. HARRISON STREET
BROWNSVILLE TX  78520

# THE  STATE  OF  TEXAS COPY
## SUBPOENA

### NO. 1999-10-004467-C

FAVELLE FAVCO CRANES USA, INC.
VS.
DANIEL E. DAVIS., ET AL.

TO ANY SHERIFF, CONSTABLE, OR BY ANY OTHER PERSON WHO IS NOT A PARTY AND
IS NOT LESS THAN EIGHTEEN YEARS OF AGE, OF THE STATE OF TEXAS, GREETING:

    YOU ARE HEREBY COMMANDED TO SUMMON
    MAC NGAN BOON
    818 PECAN
    MCALLEN, TEXAS 78502

to be and personally appear at 09:00 o'clock A.M., on the 13th of NOVEMBER ,
2000; before the Honorable 197th District Court of Cameron County Texas, to be
held within and for said County at the Court House thereof, in Brownsville,
Texas, then and there to testify and the truth to speak on behalf of the
    DEFENDANT       in the above styled and numbered cause, now pending in
said Court, and there to remain from day to day, and from term to term, until
discharged by said Court.   Said above named witness is further commanded to
produce at said time and place above set forth the following books, papers,
documents or other tangible things, to wit:

    ._____

    ._____

    ._____

    HEREIN FAIL NOT, and make due return hereof, showing how you have executed
the same.

    Issued and given under my hand and seal of said Court at office, this the
11th day of _ JULY _ , 2000

                    AURORA DE LA GARZA

                    District Clerk, Cameron County, Texas

                    By: Junie Wolfe                    Deputy
----------------------------------------------------------------
                    R E T U R N
    Came to hand the _11 day of July , 2000, at 3:00 o'clock P.M., and
executed the 12 day of July , 2000, at _____ o'clock P.M., by
delivering to the within named _ Mac 00 Ngan Boon _
at 818 Pecan _ in _____ County, Texas, in person, a true copy
of this Subpoena, and tendering said witness the sum of $_____.

FEES:

                    (Sheriff, Constable, Citizen)
                    Cameron County, Texas
                    By: _____  Deputy

                ACCEPTANCE OF SERVICE
The undersigned witness named in the Subpoena accepts and waives service of such
Subpoena, acknowledges receipt of a copy thereof and hereby.

GAMEZ PROCESS SERVICE
777 E. Harrison
_____

                    (Signature of Witness and Date)

CMsPDF - www.texto.com

**CAUSE NO. 1999-10-4467-C**

| | | |
|---|---|---|
| FAVELLE FAVCO CRANES USA, INC. | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | CAMERON COUNTY, TEXAS |
| | § | |
| DANIEL E. DAVIS, DAVISCO, INC. | § | |
| AND COBURN INTERNATIONAL, LTD. | § | 197th JUDICIAL DISTRICT |

**ORDER SETTING HEARING ON
PLAINTIFF'S MOTION TO COMPEL DEFENDANT DANIEL E. DAVIS
TO RESPOND TO FAVELLE FAVCO CRANES USA, INC.'S
FIRST SET OF REQUESTS FOR PRODUCTION TO DANIEL E. DAVIS**

IT IS ORDERED that *Plaintiff's Motion to Compel Defendant Daniel E. Davis to Respond to Favelle Favco Cranes USA, Inc.'s First Set of Requests for Production to Daniel E. Davis*, on file herein, is hereby set for hearing on the 16th day of Aug., 2000, at 9:00 a.m

SIGNED this 1st day of Aug., 2000.

10:45 A

_____
Magdalia Lopez
JUDGE PRESIDING

AUG -

cc:  **Ray Marchan**, HARRIS & WATTS, P.C., 1926 East Elizabeth Street, Brownsville, Texas 78520
  **Ernesto Gamez, Jr.** , Victor Quintanilla, Law Offices of Ernesto Gamez, Jr., P.C., 777 E. Harrison Street, Brownsville, Texas 78520
  **Gary Gurwitz**, Atlas & Hall, L.L.P., P.O. Box 3725, McAllen, Texas 78502
  **Willem Schuurman**, Vinson & Elkins. L.L.P., 600 Congress Avenue, Suite 2700, Austin, Texas 78701

RECEIVED BY G.C.   AUG 0 4 2000

We sent over
yesterday finally
over - 8-30

CMxPDF - www.fastio.com

**CAUSE NO. 99-10-4487-C**

| | | |
|---|---|---|
| FAVELLE FAVCO CRANES USA, INC. | & | IN THE DISTRICT COURT OF |
| | & | |
| | & | |
| VS. | & | CAMERON, COUNTY, TEXAS |
| | & | |
| DANIEL E. DAVIS, DAVISCO, INC. and | & | |
| COBURN INTERNATIONAL, LTD. | & | 197TH JUDICIAL DISTRICT |

**<u>ORDER</u>**

On this 14th day of August, 2000, came to be considered **Motion for Extension of Time to File Expert Report** in the above-styled and numbered cause.

After consideration of the pleadings, evidence, and argument of counsel it is the finding of this Honorable Court that said Motion for Extension of Time to File Expert Report be **GRANTED.**

**IT IS HEREBY ORDERED** that this Motion for Extensiion of Time to File Expert Report be granted in its entirety.

FILED _11:05_ O'CLOCK _A_ M
AURORA DE LA GARZA DIST. CLERK

AUG 15 2000

DISTRICT COURT OF CAMERON COUNTY, TEXAS
DEPUTY

_Magdalia Lopez_
JUDGE PRESIDING

AUG 15 2000

xc:  Hon. Gary Gurwitz
**ATLAS & HALL, L.L.P.**
818 Pecan
McAllen, Texas  78502

Hon. Victor Quintanilla
**LAW OFFICES OF
ERNESTO GAMEZ, JR., P.C.**
777 E. Harrison Street
Brownsville, Texas  78520

RECEIVED BY G.C.   AUG 18 2000

4

## CAUSE NO. 1999-10-4467-C

| | | |
|---|---|---|
| FAVELLE FAVCO CRANES, USA, INC. | & | IN THE DISTRICT COURT OF |
| | & | |
| VS. | & | CAMERON COUNTY, TEXAS |
| | & | |
| DANIEL E. DAVIS, DAVISCO, INC. | & | |
| AND COBURN INTERNATIONAL, LTD. | & | 197TH JUDICIAL DISTRICT |

### ORDER SETTING EMERGENCY HEARING

**IT IS ORDERED** that **Defendant Daniel E. Davis' Motion to Take Telephonic Deposition of James (Jim) Hopkins** be set for emergency hearing on the 25th day of October, 2000 at 9:00 a.m. in the 197th Judicial District Court, Brownsville, Cameron County Courthouse, 974 E. Harrison Street, Brownsville, Texas.

**SIGNED** this 11th day of October, 2000.

_Migdalia López_
_____
JUDGE PRESIDING

OCT 1 1 2000

xc:  Hon. Victor Quintanilla
**LAW OFFICES OF
ERNESTO GAMEZ, JR., P.C.**
777 E. Harrison St.
Brownsville, Texas  78520

Hon. Gary Gurwitz
Hon. Charles C. Murray
**ATLAS & HALL, L.L.P.**
818 Pecan
P. O. Box 3725
McAllen, Texas  78502


FILED _____ 1:40 _____ O'CLOCK ____ M
AURORA DE LA GARZA DIST. CLERK
OCT 1 1 2000
DISTRICT COURT OF CAMERON COUNTY TEXAS
_____ DEPUTY

RECEIVED BY G.G.   OCT 1 6 2000



Hon. Willem G. Schuuman
Hon. Brian K. Buss
**VINSON & ELKINS, L.L.P.**
2700 One American Center
600 Congress Avenue
Austin, Texas  78701-3200

CfdxPDF - www.fxexisv.com

## CAUSE NO. 99-10-4487-C

| | | |
|---|---|---|
| FAVELLE FAVCO CRANES USA, INC. | & | IN THE DISTRICT COURT OF |
| | & | |
| | & | |
| VS. | & | CAMERON, COUNTY, TEXAS |
| | & | |
| DANIEL E. DAVIS, DAVISCO, INC. and | & | |
| COBURN INTERNATIONAL, LTD. | & | 197TH JUDICIAL DISTRICT |

### DEFENDANTS'/COUNTER-PLAINTIFFS' EMERGENCY MOTION FOR TEMPORARY INJUNCTION (INJUNCTIVE RELIEF)

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COME NOW, DANIEL E. DAVIS, DAVISCO, INC.** and **COBURN INTERNATIONAL, LTD.**, Defendants/Counter-Plaintiffs in the above-styled and numbered cause of action, and file this their **Emergency Motion for Temporary Injunction (Injunctive Relief)**, and in support thereof would respectfully show the Court the following:

### I.

### BACKGROUND FACTS

1.01 This case centers around the development of Defendant/Counter-Plaintiff **DANIEL E. DAVIS'** ideas and concepts concerning a new and unique line of crawler cranes ("**DAVIS CRAWLER CRANES**"). This unique line of crawler cranes conceived and developed by **MR. DAVIS** use a variable-gauge excavator bottom (a crane part) in conjunction with an enhanced standard excavator upper (a crane part).

1.02 **MR. DAVIS** has made counter-claims against **FAVELLE FAVCO CRANES USA, INC.** for breach of employment contract, tortious interference with a business relationship, intentional misrepresentation, breach of fiduciary duty, fraud, as well as tortious interference with trade secrets.

1.03 Plaintiff/Counter-Defendant is circumventing the jurisdiction of this Court by hiding assets by shipping crane parts to Malaysia. Defendants/Counter-Plaintiffs have recently discovered that Plaintiff/Counter-Defendant **FAVELLE FAVCO CRANES USA, INC.**, by and through its agents, employees, and/or representatives, have shipped crane parts, and other materials used to manufacture cranes out-of-the United States. Defendants/Counter-Plaintiffs have also learned that Plaintiff/Counter-Defendant **FAVELLE FAVCO CRANES USA, INC.** crane parts, and other equipment used to manufacture Cranes to Malaysia. In support thereof, Defendants/Counter-Plaintiffs refer this Honorable Court to the Affidavit testimony of **KENNETH WAYNE DUNKUM** and **RALPH BARRERA**. True and correct copies of the Affidavits of **KENNETH WAYNE DUNKUM** and **RALPH BARRERA** (dated September 20, 2000) and **RALPH BARRERA** (dated October 20, 2000) are attached hereto as **Exhibits "A" and "B"**, respectively, and incorporated herein by reference the same as if fully copied and set forth at length.

1.04 Defendants/Counter-Plaintiffs would show the Court that Mr. Dunkum, the former Electrical Superintendent, Assembly Manager, and Safely Coordinator for **FAVELLE FAVCO CRANES USA, INC.**, testifies in his Affidavit that he learned that **FAVELLE FAVCO CRANES USA, INC.** has made arrangements or plans to ship approximately thirteen (13) Caterpillar power modules (Caterpillar Upper and Lower excavators) from its Harlingen, Texas yard to Malaysia. (See **DUNKUM AFFIDAVIT, EXHIBIT "A"**, page 2) Mr. Dunkum further testifies in his Affidavit that the Caterpillar power modules, which are to be shipped to Malaysia are used in part with other assemblies to manufacture or produce crawler cranes, the design and concept of which was developed and patented by Mr Davis  (See **DUNKUM AFFIDAVIT, EXHIBIT" A"**, page 2).

2

1.05 Defendants/Counter-Plaintiffs would further show the Court that Mr. Barrera, the former Purchasing and Logistics Manager for **FAVELLE FAVCO CRANES USA, INC.**, testifies in his Affidavit that he was informed that the company was reducing its work force due to a lack of sales, and that several positions were going to eliminated including his position.  (See **BARRERA AFFIDAVIT, EXHIBIT "B"** page 1).  Mr. Barrera also testifies in his Affidavit that he discussed with Michael Khoo, General Manager for **FAVELLE FAVCO CRANES USA, INC.**, that if the company would not improve its sales of cranes within the next three (3) months, the company would probably shut down.  (See **BARRERA AFFIDAVIT, EXHIBIT "B"**, page 2).  Additionally, Mr. Barrera testifies in his Affidavit that he has personal knowledge that approximately three (3) or four (4) months ago a box of components and equipment, (including winches, weldments, booms, wire ropes, load blocks, load moment indicators, and other materials) were shipped by **FAVELLE FAVCO CRANES USA, INC.** to its plaint in Malaysia.  (See **BARRERA AFFIDAVIT, EXHIBIT "B"**, page 2).  Furthermore, Mr. Barrera has testified that sometime in early August of 2000, he was asked by Mr. Khoo to obtain price quotations for shipping the cranes, which are located at the Harlingen plant to the plant in Malaysia. (See **BARRERA AFFIDAVIT, EXHIBIT "B"**, page 2).

## II.

## <u>EQUITABLE RELIEF SOUGHT</u>

2.01 Defendants/Counter Plaintiffs hereby move this Honorable Court for equitable relief in the form of a Temporary Injunction.  The Defendants/Counter-Plaintiffs are greatly concerned that Plaintiff/Counter-Defendant will ship, transfer, and/or remove its assets or property, including, but not limited to cranes. components, equipment, winches, weldments, booms, wire ropes, load blocks, load moment indicators or other materials used in the manufacture of cranes, from the **FAVELLE FAVCO CRANES USA, INC.** yard in Harlingen, Cameron County, Texas to any location outside the County of Cameron.

2.02 Defendants Counter-Plaintiffs contend that if the Court does not restrain or enjoin the Plaintiff/Counter-Defendant from shipping, transferring, and/or removing its assets or property from the County of Cameron, Plaintiff/Counter-Defendant will deplete itself of any such assets or property that could potentially satisfy any judgment obtained against it, if any.

2.03 Defendants/Counter-Plaintiffs would show that this Honorable Court that they have no adequate at law or otherwise for the harm or damage done is Plaintiff/Counter-Defendant are not restrained from, in any way, shipping, transferring, and/or removing its assets or property. If the Plaintiff/Counter-Defendant is not immediately restrained Defendants/Counter-Plaintiffs will suffer immediate and irreparable injury, loss and/or damages.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Defendants/Counter-Plaintiffs respectfully pray that this Motion be set for emergency hearing, with notice to all parties and that at the conclusion of said hearing this Honorable Court issue a Temporary Injunction against Plaintiff/Counter-Defendant enjoining it from, in any way, shipping, transferring, and/or removing its assets or property as described herein outside the County of Cameron, more specifically as set forth in the Order, and grant Defendants/Counter-Plaintiffs such other and further relief, at law or in equity, to which they may show themselves to be justly entitled.

Respectfully submitted,

LAW OFFICES OF
ERNEST GAMEZ, JR., P.C.
777 E. Harrison Street
Brownsville, Texas 78520
TEL/ (956) 541-3820
FAX/ (956) 541-7694

BY: _____
VICTOR QUINTANILLA
State Bar No. 00786181
County Id. No. 9917
Attorneys for Defendants/ Cross-
Plaintiffs **DANIEL E. DAVIS, ET. AL.**

4

## CERTIFICATE OF SERVICE

I, **VICTOR QUINTANILLA**, hereby state that on this 24th day of October, 2000 a true and correct copy of **Defendants'/Counter-Plaintiffs' Emergency Motion for Temporary Injunction (Injunctive Relief)** was served **VIA FAX: (956) 686-6109 and VIA FIRST CLASS MAIL** in accordance with the Texas Rules of Civil Procedure on Plaintiff's counsel of record Hon. Gary Gurwitz, **ATLAS & HALL, L.L.P.**, 818 Pecan, P.O. Box 3725, McAllen, Texas   78502 .

VICTOR QUINTANILLA

CfsMPDF - www.fastio.com

## CAUSE NO. 99-10-4487-C

| FAVELLE FAVCO CRANES USA, INC. | & | IN THE DISTRICT COURT OF |
|---|---|---|
| | & | |
| | & | |
| VS. | & | CAMERON, COUNTY, TEXAS |
| | & | |
| DANIEL E. DAVIS, DAVISCO, INC. and | & | |
| COBURN INTERNATIONAL, LTD. | & | 197TH JUDICIAL DISTRICT |

# EXHIBIT "A"

## AFFIDAVIT OF KENNETH W. DUNKUM

STATE OF TEXAS        &
                      &
COUNTY OF CAMERON      &

BEFORE ME, the undersigned authority, personally appeared, KENNETH WAYNE DUNKUM, who, by me duly sworn, as stated as follows:

"My full name is KENNETH WAYNE DUNKUM. I reside at 521 East Washington in Port Isabel, Cameron County, Texas. My telephone number is (956) 943-6803. I am over twenty-one (21) years of age, and I am of sound mind and competent to make this Affidavit. I have personal knowledge of the facts stated herein.

I am the current Electrical Superintendent, Assembly Manager, and Safety Coordinator for FAVELLE FAVCO CRANES USA, INC.. I have been employed by FAVELLE FAVCO CRANES USA, INC. in the Harlingen, Texas yard since October of 1997. My duties and responsibilities include assigning and assessing of work process, electrical construction and maintenance, as well as being in charge of safety for the entire FAVELLE FAVCO CRANES USA, INC. plant.

In the course of my duties as Electrical Superintendent, Assembly Manager, and Safety Coordinator, I attend weekly production meetings. These meetings are held in the Harlingen, Texas plant and are attended by all department managers and supervisory personnel. A primary purpose of these weekly meetings is to discuss information with other managerial staff and maintain open lines of communication between the various departments of FAVELLE FAVCO CRANES USA, INC.. In other words, the left hand must know what the right hand knows in the company.

During the weekly production meetings, I and other department managers discuss such information as build schedules, shipping dates, and statistical information insofar as the number of crane units assembled and number of crane units shipped out of **FAVELLE FAVCO CRANES USA, INC.**.

I have learned in my position as Electrical Superintendent, Assembly Manager and Safety Coordinator that **FAVELLE FAVCO CRANES USA, INC.** is cutting back on the assembly manufacture, and/or production of crane units.  I have also learned in my position as Electrical Superintendent, Assembly Manager, and Safety Coordinator that **FAVELLE FAVCO CRANES USA, INC.** has made arrangements or plans to ship approximately thirteen (13) Caterpillar power modules (Caterpillar Upper and Lower excavators) from its Harlingen, Texas yard to Malaysia.  These Caterpillar power modules are used in part with other assemblies to manufacture or produce crawler cranes.  It is my understanding that the design and concept of these crawler cranes was developed and patented by Mr. Daniel E. Davis.

Further affiant sayeth not."

_____
**KENNETH WAYNE DUNKUM**

SUBSCRIBED AND SWORN TO BEFORE ME on the _20th_ day of September, 2000, to certify which witness my hand and official seal.



ELIZABETH R. RIVERA
Notary Public, State of Texas
My Commission Expires
**MARCH 1, 2003**

_____
Notary Public, State of Texas

2

Case 1:00-cv-00164   Document 1   Filed in TXSD on 12/04/2000   Page 70 of 157

CAUSE NO. 99-10-4487-C

FAVELLE FAVCO CRANES USA, INC.          &          IN THE DISTRICT COURT OF
                                         &
                                         &
                                         &          CAMERON, COUNTY, TEXAS
VS.                                      &
                                         &
DANIEL E. DAVIS, DAVISCO, INC. and       &
COBURN INTERNATIONAL, LTD.               &          197TH JUDICIAL DISTRICT

# EXHIBIT "B"

CutePDF - www.cutepdf.com

## AFFIDAVIT OF RALPH BARRERA

STATE OF TEXAS          &
                        &
COUNTY OF CAMERON        &

BEFORE ME, the undersigned authority, personally appeared, RALPH BARRERA, who, by me duly sworn, as stated as follows:

"My full name is **RALPH BARRERA**. I reside at 414 Orange Lane, Laguna Vista, Cameron County, Texas. My telephone number is (956) 943-2647. I am over twenty-one (21) years of age, and I am of sound mind and competent to make this Affidavit. I have personal knowledge of the facts stated herein.

I am the former Purchasing and Logistics Manager for **FAVELLE FAVCO CRANES USA, INC.** in Harlingen, Texas. I was laid off on October 13, 2000. I had been employed by **FAVELLE FAVCO CRANES USA, INC.**, since September 15, 1997. My duties and responsibilities included the purchasing and/or procurement of all materials and equipment necessary for the manufacturing of crawler cranes, off-shore pedestal cranes, and/or tower cranes. I also supervised approximately six (6) employees at the **FAVELLE FAVCO CRANES USA, INC.** plant.

On October 13, 2000, I had a meeting with Michael Khoo, General Manager of **FAVELLE FAVCO CRANES, USA, INC.**, Cheam Tek Siong, and Loy Chin Lee, Financial Officer for **FAVELLE FAVCO CRANES, USA, INC.**, in Mr. Khoo's office. In said meeting, I was informed that the company was reducing its work force due to a lack of sales, and that several positions were going to be eliminated including the position which I held, i.e. **Purchasing Manager**. I was also told that if the company (i.e. **FAVELLE FAVCO CRANES USA,**

INC.) would not improve its sales of cranes within the next three (3) months, the company would probably shut down.   At the conclusion of the meeting, I was laid off.   Myself, Mr. Pete Reaves, Production Manager, and approximately ten (10) other employees have been laid off since October 13, 2000.   It is my understanding that these employees, including myself will not be replaced.

I have personal knowledge in my position as Purchasing and Logistics Manager that approximately three (3) or four (4) months ago a box of components and equipment (including winches, weldments, booms, wire ropes, load blocks, load moment indicators, and other materials) were shipped by **FAVELLE FAVCO CRANES USA, INC.** to its plant in Malaysia.   Also, sometime in early August of 2000, I was asked by Mr. Khoo to obtain price quotations for shipping the cranes, which are located at the **FAVELLE FAVCO CRANES USA, INC.** plant, to the plant in Malaysia.   I did what Mr. Khoo instructed me to do and provided him with said price quotations.

Further affiant sayeth not."

RALPH BARRERA

SUBSCRIBED AND SWORN TO BEFORE ME on the 20th day of October, 2000, to certify which witness my hand and official seal.

Notary Public, State of Texas

ELIZABETH R. RIVERA
Notary Public, State of Texas
My Commission Expires
MARCH 1, 2003

## CAUSE NO. 99-10-4487-C

| FAVELLE FAVCO CRANES USA, INC. | & | IN THE DISTRICT COURT OF |
|---|---|---|
| | & | |
| | & | |
| VS. | & | CAMERON, COUNTY, TEXAS |
| | & | |
| DANIEL E. DAVIS, DAVISCO, INC. and | & | |
| COBURN INTERNATIONAL, LTD. | & | 197TH JUDICIAL DISTRICT |

## <u>ORDER SETTING EMERGENCY HEARING</u>

The above-styled and numbered cause is set for hearing on Defendants'/Counter-Plaintiff's

Emergency Motion for Temporary Injunction (Injunctive Relief) on this the _____ day of

_____ , **2000** at _____ ___.m. before the 197th Judicial District

Court, 974 E. Harrison Street, Brownsville, Cameron County, Texas.

SIGNED this _____ day of _____ ,2000.


_____
JUDGE PRESIDING

xc:     Hon. Victor Quintanilla
        **LAW OFFICES OF
        ERNESTO GAMEZ, JR., P.C.**
        777 E. Harrison Street
        Brownsville, Texas  78520

        Hon. Gary Gurwitz
        **ATLAS & HALL, L.L.P.**
        818 Pecan
        P.O. Box 3725
        McAllen, Texas  78502

CAUSE NO. 99-10-4487-C

| | | |
|---|---|---|
| FAVELLE FAVCO CRANES USA, INC. | & | IN THE DISTRICT COURT OF |
| | & | |
| | & | |
| VS. | & | CAMERON, COUNTY, TEXAS |
| | & | |
| DANIEL E. DAVIS, DAVISCO, INC. and | & | |
| COBURN INTERNATIONAL, LTD. | & | 197TH JUDICIAL DISTRICT |

## ORDER SETTING EMERGENCY HEARING

The above-styled and numbered cause is set for hearing on Defendants'/Counter-Plaintiff's

Emergency Motion for Temporary Injunction (Injunctive Relief) on this the ___3rd___ day of

___November___, **2000** at ___9:00___.m. before the 197th Judicial District

Court, 974 E. Harrison Street, Brownsville, Cameron County, Texas.

SIGNED this ___25th___ day of ___October___,2000.

_Magdalia Lopez_
JUDGE PRESIDING

**OCT 2 5 2000**

xc:   Hon. Victor Quintanilla
**LAW OFFICES OF
ERNESTO GAMEZ, JR., P.C.**
777 E. Harrison Street
Brownsville, Texas 78520

Hon. Gary Gurwitz
**ATLAS & HALL, L.L.P.**
818 Pecan
P.O. Box 3725
McAllen, Texas 78502

VINSON & ELKINS
600 CONGRESS AVENUE
AUSTIN TX 78701

FILED 2:00 O'CLOCK
AURORA DE LA GARZA DIST. CLERK
OCT 2 5 2000
DISTRICT COURT OF CAMERON COUNTY, TEXAS

GG/EEW

**CAUSE NO. 1999-10-4467-C**

| FAVELLE FAVCO CRANES, USA, INC. | & | IN THE DISTRICT COURT OF |
|---|---|---|
| | & | |
| VS. | & | CAMERON COUNTY, TEXAS |
| | & | |
| DANIEL E. DAVIS, DAVISCO, INC. | & | |
| AND COBURN INTERNATIONAL, LTD. | & | 197TH JUDICIAL DISTRICT |

<u>ORDER ON DEFENDANT DANIEL E. DAVIS' MOTION TO</u>
<u>TAKE TELEPHONIC DEPOSITION OF JAMES (JIM) HOPKINS</u>

On the 25th day of October_____, 2000, came to be considered **Defendants' Motion to Take Telephonic Deposition of James (Jim) Hopkins** filed in the above-styled and numbered causes of action.   The parties appeared by and through their respective attorneys of record and announced ready to proceed on the Motion. The Court, after considering **Defendants' Motion to Take Telephonic Deposition of James (Jim) Hopkins**, the evidence presented, and the arguments of the counsel, orders as follows:

IT IS **HEREBY ORDERED**, **ADJUDGED**, and **DECREED** that **Defendants' Motion to Take Telephonic Deposition of James (Jim) Hopkins** is **GRANTED**.

IT IS **FURTHER ORDERED** that the deposition of **JAMES (JIM) HOPKINS** be taken telephonically on the _____ day of _____, 2000.

SIGNED this 25th day of October , 2000.


JUDGE PRESIDING

OCT 2 5 2000

xc: Hon. Victor Quintanilla
**LAW OFFICES OF**
**ERNESTO GAMEZ, JR., P.C.**
777 E. Harrison St.
Brownsville, Texas  78520

Hon. Gary Gurwitz
Hon. Charles C. Murray
**ATLAS & HALL, L.L.P.**
818 Pecan
P. O. Box 3725
McAllen, Texas  78502

Hon. Willem G. Schuuman
Hon. Brian K. Buss
**VINSON & ELKINS, L.L.P.**
2700 One American Center
600 Congress Avenue
Austin, Texas  78701-3200

2

CAUSE NO. 1999-10-4467-C

FILED ___4/02___ O'CLOCK __A__ M
AURORA DE LA GARZA DIST CLERK
NOV 0 2 2000
DISTRICT COURT OF CAMERON COUNTY TEXAS
RICK M. CORTEZ

| | | |
|---|---|---|
| FAVELLE FAVCO CRANES USA, INC. | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CAMERON COUNTY, TEXAS |
| | § | |
| DANIEL E. DAVIS, DAVISCO, INC. and | § | |
| COBURN INTERNATIONAL, LTD. | § | |
| | § | |
| Defendants. | § | 197th JUDICIAL DISTRICT |

---

## PLAINTIFF'S FIRST AMENDED PETITION
## AND ANSWER TO ORIGINAL COUNTERCLAIM OF DANIEL DAVIS

---

FAVELLE FAVCO CRANES USA, INC., Plaintiff, submits this its First Amended Petition and Answer to Original Counterclaim of Daniel Davis, complaining of the actions of DANIEL E. DAVIS, DAVISCO, INC. and COBURN INTERNATIONAL, LTD., Defendants, and in support therefor would show the Court as follows:

### I. BACKGROUND

### A. Level

1.      Discovery is intended to be conducted under level 2 of Rule 190.

### B. Parties

2.      Plaintiff Favelle Favco Cranes USA, Inc. ("Favco USA") is a corporation organized and existing under the laws of the state of Texas and has a principal place of business at 4 Mile East, FM 106, Port of Harlingen, Harlingen Texas 78551.

3.      Defendant, Daniel E. Davis ("Davis") is an individual who is a resident of Texas. Davis has been served and appeared in this case and service of process is not necessary at this time.

4.      Defendant Davisco, Inc. ("Davisco") is a Texas corporation. Davisco has been served and appeared in this case and service of process is not necessary at this time.

5.      Defendant Coburn International Ltd. ("Coburn") is an entity formed in the British Virgin Islands. Coburn has been served and appeared in this case and service of process is not necessary at this time.

## C. Jurisdiction

6.      The court has jurisdiction over defendants because defendants are Texas residents or are doing business in Texas. The court has jurisdiction over the controversy because the damages are within the jurisdictional limits of the court.

## D. Venue

7.      Venue is proper in Cameron County, Texas. Specifically, venue is allowed in this county because all or a substantial part of the events or omissions occurred in this county. TEX. CIV. PRAC. & REM. CODE §15.002(a)(1).

8.      Venue is also proper in Cameron County, Texas because Davis resided in Cameron County at the time one or more of the causes of action accrued. TEX. CIV. PRAC. & REM. CODE §15.002(a)(2).

## II. FACTUAL BACKGROUND

9.      Favco USA was formed in 1997. Davis was a Director and President from 1997 until his termination in September, 1999.   Favco USA is owned ninety percent by Favelle Favco Cranes Holdings Sdn Bhd ("Holdings") and ten percent by Coburn. Coburn is a company owned or controlled by Davis.

---

FFC
vs.
DAVIS

PLAINTIFF'S FIRST AMENDED PETITION AND ANSWER
TO ORIGINAL COUNTERCLAIM OF DANIEL DAVIS
PAGE 2

10.     Favco USA is in the business of manufacturing and selling industrial cranes. such as offshore and tower cranes according to prior designs. and designing. manufacturing and selling crawler cranes.  Davis conceived a scheme to usurp Favco USA's property and corporate opportunity in the area of crawler cranes and engaged in conduct to further such scheme while he was President and a Director of Favco USA.

11.     All of the development. research and design of Favco USA's crawler cranes that are in issue in this lawsuit began and was substantially completed while Davis was President and a Director of Favco USA: and done through or at its manufacturing facility in Harlingen. Texas or by Favco USA through independent engineering firms. and was funded by Favco USA.

12.     In November 1997. Favco USA and Favelle Favco Cranes (M) Sdn Bhd ("FFCM") another subsidiary of Holdings, retained the services of an Austrian company. Eccon Engineering•Computer•Consulting Gesellschaft M.B.H. ("Eccon") to perform services related to the crawler crane project.

13.     On November 22. 1997. Davis signed a Confidentiality Agreement as President of Favco USA with Eccon and FFCM wherein it was agreed that Favco USA. not Davis. was to be the sole owner and sole party to secure copyrights and patents on all work product generated by Eccon in performing the design and development services in relation to the crawler crane project.   More specifically. the Confidentiality Agreement that Davis signed as President of Favco USA stated:

> WHEREAS. ECCON acknowledges that the design of the crawler cranes are proprietary to FAVCO and that the information derived by ECCON from FAVCO and its affiliates and that the information developed and generated by ECCON during its design and fabrication process will be integral to FAVCO's success in its development and marketing of the Crawler Crane design.

---

FFC
vs.
DAVIS

**PLAINTIFF'S FIRST AMENDED PETITION AND ANSWER
TO ORIGINAL COUNTERCLAIM OF DANIEL DAVIS
PAGE 3**

The agreement further provided as follows:

> Eccon agrees and acknowledges that Favco shall be the sole owner and the sole party to secure copyrights and patents on all specifications. designs. drawings. and work product generated and produced by Eccon in performing the design and development services in relation to the Crawler Crane design. including all services performed by Eccon pursuant to Quotation No. 970387.

14.     On February 3. 1998. Davis signed. as Managing Director and President of Favco USA. an Engineering Consulting Services Agreement with Keith J. Orgeron. P.E.. wherein it was agreed that:

> Any ideas. patents. copyrights. drawings. etc. produced by [Orgeron] under this Agreement shall be the sole property of [Favco USA] and may be used by [Favco USA] without any fees or other remuneration payable to [Orgeron].

Orgeron performed engineering services for Favco USA and was paid by Favco USA.

15.     On June 3. 1998. J. A. Rusk Engineering. ("Rusk"). entered into a contract with Favco USA to perform certain engineering services for Favco USA on the 28 ton and 38 ton crane project all of which services were performed by Rusk for Favco USA at the request of Davis as President and Managing Director of Favco USA; such engineering services were performed for Favco USA while Davis was President and Managing Director of Favco USA and were paid for by Favco USA.

16.     After signing the Confidentiality Agreement. Davis continued to work for Favco USA on the crawler crane project.  Plans were being made to manufacture the crawler cranes at Favco USA's manufacturing plant using Favco USA employees and Favco USA funds.  Davis filed a patent application in his own name. entitled "Conversion Apparatus and Method for Use With Excavator and Crane Devices" in August 1998. while he was President and a Director of Favco USA.  The United States Patent and Trademark Office has assigned this patent application

---

FFC
vs.
DAVIS

PLAINTIFF'S FIRST AMENDED PETITION AND ANSWER
TO ORIGINAL COUNTERCLAIM OF DANIEL DAVIS
PAGE 4

the serial number 09/129.279. This patent application related to the work that was being performed by or on behalf of Favco USA with respect to its crawler cranes. Fees related to the filing of this patent application have been charged to or paid by Favco USA. A Patent No. 6.003.252 was issued in the name of Daniel E. Davis in December 1999 which relate to crawler cranes involved in this case.

17.     On August 21. 1998 Davis signed two Design Ownership/Responsibility Agreements with Caterpillar Industrial Products. Inc. ("CIPI") and FFCM on behalf of and acting as President and Managing Director of Favco USA and on March 29. 1999. signed a third Design Ownership/Responsibility Agreement with CIPI on behalf of and acting as President of Favco USA.   In these agreements it was acknowledged that Favco USA would provide Caterpillar with all information and drawings necessary to manufacture the power module and any other components.   These drawings owned by each party are proprietary and confidential. and as to the custom design upper main frame and custom boom linkage attachment points. Favco USA shall own the design of the mainframe. including any top level drawings provided by Caterpillar to Favco USA. These drawings and designs contain trade secrets of Favco USA. Nevertheless. Davis claims ownership of such designs and drawings and has used or threatened to use them for his own personal benefit and contrary to the interests of Favco USA.

18.     By checks dated June 7. 1999. June 24. 1999 and July 12. 1999. Davis withdrew from Favco USA and paid to Davisco a total of $34.320.00. Davis claims these were royalty payments. but neither Davisco nor Davis were entitled to such royalty payments and Davis had no right to withdraw funds in that amount from Favco USA. or in the alternative. Davis was entitled only to a 1% commission.

---

FFC
vs.
DAVIS

PLAINTIFF'S FIRST AMENDED PETITION AND ANSWER
TO ORIGINAL COUNTERCLAIM OF DANIEL DAVIS
PAGE 5

19.   Favco USA has begun manufacturing its crawler cranes at its manufacturing facility in Harlingen Texas.  However. because of the conduct of Davis. and the threats and likelihood that he will continue same. the rights of Favco USA are in imminent danger of harm by the conduct of Davis. and irreparable injury to Favco USA will result unless an injunction issues.  Unless the defendants are enjoined and required to return all property of Favco USA and any copies thereof. are enjoined from using property. disclosing trade secrets. proprietary information or confidential information. and are prevented from competing or attempting to compete with Favco USA in the crawler crane business, Favco USA will lose substantial. valuable trade secrets, proprietary information and confidential information.  Favco USA has no adequate remedy at law for this wrongful conduct.

## III. CAUSES OF ACTION

### A. Misappropriation of Trade Secrets,
### Proprietary Information and Confidential Information

20.   Favco USA incorporates the allegations of paragraphs 1-19.

21.   Favco USA is in the business of designing. manufacturing and selling crawler cranes.  The design and manufacture of Favco USA's crawler cranes is not known to Favco USA's competitors. was developed by Favco USA at considerable expense. and constitutes valuable trade secrets which give Favco USA a competitive advantage.  The design and manufacture of such crawler cranes was treated as confidential and restricted information by Favco USA.

22.   During the time Davis was President and a Director of Favco USA. Davis had access to and acquired valuable trade secrets, proprietary information and confidential information of Favco USA.  Davis has misappropriated and threatened to misappropriate such

---

FFC
vs.
DAVIS

**PLAINTIFF'S FIRST AMENDED PETITION AND ANSWER
TO ORIGINAL COUNTERCLAIM OF DANIEL DAVIS
PAGE 6**

trade secrets. proprietary information and confidential information of Favco USA by using them for his own benefit and contrary to the interests of Favco USA and in breach of his fiduciary obligation to Favco USA.

23.    As a direct and proximate result of Davis' conduct. Favco USA has suffered damages and. in all likelihood will suffer loss of its substantial investment and the loss of potential profits that would accrue to Favco USA but for the conduct of Davis. The total loss to Favco USA cannot be measured accurately.  However. unless defendants are enjoined from the use of plaintiff's trade secrets, proprietary information and confidential information and from further disclosing them to others. Favco USA will suffer irreparable harm.

24.    For the harm and loss suffered by Favco USA. and for the harm and loss that will occur unless the defendants are enjoined by this Court, plaintiff has no remedy at law.  If defendants are permitted to keep and use Favco USA's trade secrets, proprietary information and confidential information. defendants will profit by their own wrong and Favco USA's trade secrets. proprietary information and confidential information may be further disclosed. destroyed or disseminated by defendants. resulting in damages to Favco USA that are unpredictable and unending.

### B.  Breach of Fiduciary Duty

25.    Favco USA incorporates the allegations of paragraphs 1-24 above.

26.    As President and a Director of Favco USA. and as part of his duties with Favco USA. Davis owed Favco USA fiduciary duties to act in Favco USA's best interests in promoting its business.  By misappropriating and threatening to misappropriate Favco USA's proprietary designs. drawings. trade secrets. proprietary information and confidential information and filing

FFC
vs.
DAVIS

PLAINTIFF'S FIRST AMENDED PETITION AND ANSWER
TO ORIGINAL COUNTERCLAIM OF DANIEL DAVIS
PAGE 7

a patent application and obtaining a patent in his own name. and refusing to assign it to Favco USA. Davis acted in his own interests and contrary to those interests of Favco USA. violating such fiduciary duties.

27.   Favco USA has suffered damages and will continue to suffer damages proximately caused by Davis' breach of his fiduciary duties to Favco USA.

### C. Shop Rights

28.   Favco USA incorporates the allegations of paragraphs 1 - 27 above.

29.   Favco USA is entitled to "shop rights" in U.S. Patent No. 6,003,252 and any other patents or patent applications related to such patent or any other patents or patent applications filed by Davis while he was President and a Director of Favco USA. or which include or invole trade secrets. proprietary information or confidential information of Favco USA.   Davis was hired in June 1997 by Favco Holdings and in September 1997, when Holdings facility in the United States was incorporated as Favco USA. Davis was elected to serve as President of Favco USA.

30.   Davis' duties as Managing Director and President of Favco USA included assisting in the conceptualization. design and development of a line of crawler cranes for Favco USA. Davis had no patentable design for crawler cranes when he came to Favco USA or when he was elected President in September 1997. U.S. Patent No. 6,003,252 relates directly to the crawler cranes that Davis was to design and develop for Favco USA.   All engineering. design work and manufacturing drawings for the crawler cranes were begun and substantially completed while Davis was President and Managing Director of Favco USA by persons or companies that were hired for that purpose by Favco USA. the work they did belongs to Favco

---

FFC
vs.
DAVIS

**PLAINTIFF'S FIRST AMENDED PETITION AND ANSWER**
**TO ORIGINAL COUNTERCLAIM OF DANIEL DAVIS**
**PAGE 8**

USA and the work they did was all paid for by Favco USA. The crawler cranes in question were designed, developed and manufactured using engineers hired by Davis on behalf of Favco USA, and using Favco USA's facilities and employees. These crawler cranes were sold under the name and company umbrella of Favco USA while Davis was President, Managing Director and a shareholder of Favco USA. Davis also promoted these crawler cranes for Favco USA by creating brochures advertising the crawler cranes, authorizing an attorney to apply for trademarks for the name "Favelle Favco" which was to be applied to the crawler cranes and introducing the crawler cranes to market by selling them under the Favco USA name.

31.     Davis has no contract, written or oral, with Favco USA that diminishes Favco USA's rights in these crawler cranes.

### D. Declaratory Judgment

32.     Favco USA incorporates the allegations of paragraphs 1-31 above.

33.     Favco USA is entitled to assignment and ownership of the Patent No. 6,003,252 issued in the name of Daniel E. Davis, and any other patents or patent applications related to such patent or filed by Davis while he was President and a Director of Favco USA, or which include or involve trade secrets, proprietary information or confidential information of Favco USA. Davis has refused to assign such patents to Favco USA and claims to be the owner of them. Consequently, a dispute exists over the ownership rights to Patent No. 6,003,252 and any other applications related to such patent or filed by Davis while he was President and a Director of Favco USA, or which include or involve trade secrets, proprietary information or confidential information of Favco USA. Favco USA is entitled to a declaration that it is the sole owner of the patents or patent applications and any information forming the subject matter thereof.

FFC
vs.
DAVIS

PLAINTIFF'S FIRST AMENDED PETITION AND ANSWER
TO ORIGINAL COUNTERCLAIM OF DANIEL DAVIS
PAGE 9

Alternatively, and in the unlikely event that Favco USA is not entitled to an assignment and ownership of the patent rights, it is entitled to "shop rights" that allow it to continue to design, manufacture and sell the crawler cranes royalty free and despite any patents in the name of Daniel E. Davis, and to reimbursement of all development costs.

### E. Theft

34.    Favco USA incorporates the allegations of paragraphs 1-33 above.

35.    Davis has committed theft as defined in the Texas Theft Liability Act. TEX. CIV. PRAC. & REM. §§134.01 et. sec.

### F. Conversion

36.    Favco USA incorporates the allegations of paragraphs 1-35 above.

37.    By failing to return all documents and copies thereof belonging to Favco USA, including those containing Favco USA's confidential information, proprietary information and trade secrets, and by Davis' use of such confidential information, proprietary information and trade secrets, Davis has wrongfully and tortiously converted the property of Favco USA to their own use and dominion.

38.    Favco USA has suffered injury and will continue to suffer injury as a proximate result of Davis' conversion.

39.    Davis' conversion was engaged in intentionally, knowingly, wilfully and deliberately, giving rise to the right to recover exemplary damages.

40.    Favco USA is entitled to recover its attorneys' fees.

### IV. ORIGINAL ANSWER TO COUNTERCLAIM OF DANIEL DAVIS

FFC
vs.
DAVIS

PLAINTIFF'S FIRST AMENDED PETITION AND ANSWER
TO ORIGINAL COUNTERCLAIM OF DANIEL DAVIS
PAGE 10

Favco USA files this Original Answer to Davis' Original Counterclaim on file in the above-entitled and numbered cause. and for such answer would respectfully show unto the Court the following:

41.    Reserving the right to file other and further pleadings. exceptions and denials. Favco USA denies each and every material allegation contained in Davis' *Original Counterclaim* and demands strict proof thereof in accordance with the laws and the Rules of Civil Procedure of the State of Texas.

For further pleading herein. if further pleading be necessary. Favco USA would show to the Court as follows:

42.    Davis' claims are barred by the Statute of Frauds.

43.    Favco USA asserts the defense of privilege and/or justification.

44.    Davis is estopped from making any claims and/or he has waived any claims.

45.    Davis failed to mitigate his damages.

46.    The assessment of punitive damages against Favco USA would violate provisions of the United States Constitution including the Eighth Amendment (excessive fines and punishment). the Fourteenth Amendment (due process). and all relevant provisions of the Constitution of the State of Texas. including the due process clause.

47.    Favco USA did not have fair notice that the conduct in question could result in punitive damages.

FFC
vs.
DAVIS

PLAINTIFF'S FIRST AMENDED PETITION AND ANSWER
TO ORIGINAL COUNTERCLAIM OF DANIEL DAVIS
PAGE 11

48.     Davis' claims for punitive damages are limited by and subject to the common law of Texas and due process rights in that amounts awarded, if any, cannot be unreasonably excessive.

49.     Davis claims rights under a "Shareholder's Agreement" attached as Exhibit A to Davis' Original Counterclaim ("Exhibit A"). Favco USA denies that Davis has any rights whatsoever under such Exhibit A, or that it is valid or enforceable for any reason. In the alternative, in the unlikely event that such Exhibit A is enforceable to any degree, or for any reason, then Davis should be restrained and prevented from competing directly or indirectly as provided for in Paragraph 5.1 in such Exhibit A.

## V. JURY DEMAND

50.     Favco USA hereby demands a trial by jury on all issues in this case.

## VI.  PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays:

1.     That this Court permanently enjoin defendants from directly or indirectly using or disclosing any of Favco USA's confidential information, proprietary information and trade secrets, from interfering in any way with Favco USA's business, including designing, manufacturing and selling crawler cranes and from competing or attempting to compete with Favco USA in the crawler crane business.

2.     That this Court order Davis to return all property of Favco USA in his possession or subject to his control.

FFC
vs.
DAVIS

PLAINTIFF'S FIRST AMENDED PETITION AND ANSWER
TO ORIGINAL COUNTERCLAIM OF DANIEL DAVIS
PAGE 12

3.     That Plaintiff be awarded actual and punitive damages against the defendants on the causes of action alleged herein.

4.     That this Court declare that the proper owner of the Patent No. 6.003.252 in the name of Daniel E. Davis. and any other patent or patent application related thereto or filed by Davis while he was President or a director of Favco USA. or which contain trade secrets. proprietary information or confidential information of Favco USA. is Favco USA's. and order defendants to execute an assignment of such patents or patent applications and cooperate in the continued prosecution of all such patent applications; or in the alternative declare plaintiff's shop rights in such patents to design. manufacture and sell of crawler cranes; or in the further alternative. that plaintiff recover its development costs.

5.     That this Court award Plaintiff recovery of its attorneys' fees and costs of prosecution of this suit.

6.     That this Court award Plaintiff recovery of post-judgment and pre-judgment interest.

7.     That Davis take nothing by way of his counterclaim against Plaintiff.

8.     That this Court grant Plaintiff such other and further relief. both general and special. at law or in equity. to which Plaintiff may be justly entitled.

FFC
vs.
DAVIS

**PLAINTIFF'S FIRST AMENDED PETITION AND ANSWER
TO ORIGINAL COUNTERCLAIM OF DANIEL DAVIS
PAGE 13**

Respectfully submitted.

ATLAS & HALL. L.L.P.
818 Pecan/P.O. Box 3725
McAllen. Texas  78501/78502
Telephone No. 956/682-5501
Telecopy No. 956/686-6109


By:_____
Gary Gurwitz
State Bar No. 08631000
Charles C. Murray
State Bar No. 14719700

**ATTORNEYS FOR PLAINTIFF,**
**FAVELLE FAVCO CRANES USA, INC.**


Willem G. Schuurman
State Bar No. 17855200
Brian K. Buss
State Bar No. 00798089
VINSON & ELKINS L.L.P.
2700 One American Center
600 Congress Avenue
Austin. Texas 78701-3200
Telephone: 512/495-8663
Telecopy: 512/236-3422

---

FFC
vs.
DAVIS

PLAINTIFF'S FIRST AMENDED PETITION AND ANSWER
TO ORIGINAL COUNTERCLAIM OF DANIEL DAVIS
PAGE 14

## CERTIFICATE OF SERVICE

      This will certify that a true and correct copy of this document was served on all counsel of record by certified mail, return receipt requested, hand delivery and or fax on the ___2nd___ day of November, 2000, as follows:

      Ernesto Gamez, Jr.
      Victor Quintanilla
      Law Offices of Ernesto Gamez, Jr., P.C.
      777 E. Harrison Street
      Brownsville, Texas 78520



FFC
vs.
DAVIS

PLAINTIFF'S FIRST AMENDED PETITION AND ANSWER
TO ORIGINAL COUNTERCLAIM OF DANIEL DAVIS
PAGE 15

CUtePDF - www.fenrio.com

CAUSE NO. 1999-10-4467-C

| | | |
|---|---|---|
| FAVELLE FAVCO CRANES USA, INC. | § | IN THE DISTRICT COURT OF |
| | § | |
| vs. | § | CAMERON COUNTY, TEXAS |
| | § | |
| DANIEL E. DAVIS, DAVISCO, INC. and | § | |
| COBURN INTERNATIONAL, LTD. | § | 197th JUDICIAL DISTRICT |

**PLAINTIFF'S ANSWER TO DEFENDANTS/COUNTER-PLAINTIFFS'
EMERGENCY MOTION FOR TEMPORARY INJUNCTION**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES FAVELLE FAVCO CRANES USA, INC. ("Favco"), the plaintiff in the above-styled and numbered cause, and files this, its Answer to Defendants'/Counter-Plaintiffs' Emergency Motion for Temporary Injunction, and in connection therewith would respectfully show unto the Court the following:

I.

Reserving the right to file other and further pleadings, exceptions and denials, Favco denies each and every material allegation contained in Defendants'/Counter-Plaintiffs' Emergency Motion for Temporary Injunction and demands that Daniel E. Davis, Davisco, Inc. and Coburn International, LTD. (collectively "Davis") be required to prove the same, if they can, by a preponderance of the evidence in accordance with the laws and the Rules of Civil Procedure of the State of Texas.

II.

The motion filed by Davis is defective and does not contain the allegations necessary to obtain the relief requested.

III.

Davis' petition is not verified as required by Rule 682.

IV.

Davis has not and will not suffer irreparable injury.

V.

Davis' request would upset rather than preserve the status quo.

VI.

Davis is guilty of laches.

VII.

Davis does not have clean hands.

VIII.

Davis' motion should be denied under the doctrine concerning balancing of equities.

IX.

Davis has previously attempted to shut down this same business by obtaining a temporary injunction, but he was unsuccessful.

X.

Davis has available an adequate remedy at law.

XI.

Davis does not have right to relief upon final trial of this matter.

XII.

Davis will not suffer a probable injury in the absence of an injunction.

WHEREFORE, PREMISES CONSIDERED, the plaintiff prays that this Court deny Davis' application for temporary injunction, and that the plaintiff receive such other and further relief to which it may be entitled.

Respectfully submitted,

-2-

ATLAS & HALL, L.L.P.
818 Pecan/P.O. Box 3725
McAllen, Texas 78501/78502
Telephone No. 956/682-5501
Telecopy No. 956/686-6109

By: ___/s/_____

      Gary Gurwitz
      State Bar No. 08631000
      Charles C. Murray
      State Bar No. 14719700

      ATTORNEYS FOR PLAINTIFF,
      FAVELLE FAVCO CRANES USA, INC.

Willem G. Schuurman
State Bar No. 17855200
Brian K. Buss
State Bar No. 00798089
VINSON & ELKINS L.L.P.
2700 One American Center
600 Congress Avenue
Austin, Texas 78701-3200
Telephone: 512/495-8663
Telecopy: 512/236-3422

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document was sent by certified mail, return receipt requested, postage prepaid, on this the 2nd day of November, 2000, to opposing counsel as follows:

Mr. Ernesto Gamez, Jr.
Mr. Victor Quintanilla
Law Offices of Ernesto Gamez, Jr.
777 E. Harrison
Brownsville, Texas 78520

___/s/_____
Charles C. Murray

-3-

CAUSE NO. 1999-10-4467-C

| | | |
|---|---|---|
| FAVELLE FAVCO CRANES USA, INC. | § | IN THE DISTRICT COURT OF |
| | § | |
| vs. | § | CAMERON COUNTY, TEXAS |
| | § | |
| DANIEL E. DAVIS, DAVISCO, INC. and | § | |
| COBURN INTERNATIONAL, LTD. | § | 197th JUDICIAL DISTRICT |

## SUPPLEMENTAL ANSWER TO COUNTERCLAIM OF DANIEL DAVIS

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES FAVELLE FAVCO CRANES USA, INC., the plaintiff in the above-styled and numbered cause, and files this, its Supplemental Answer to Counterclaim of Daniel E. Davis,  and in connection therewith would respectfully show unto the Court the following:

I.

Daniel E. Davis is not entitled to recover in the capacity in which he sues.

WHEREFORE, PREMISES CONSIDERED, the plaintiff prays that Daniel E. Davis take nothing by his counterclaim, that the plaintiff recover its court costs, and that the plaintiff have such other and further relief to which it may be entitled.

Respectfully submitted,

ATLAS & HALL, L.L.P.
818 Pecan/P.O. Box 3725
McAllen, Texas 78501/78502
Telephone No. 956/682-5501
Telecopy No. 956/686-6109

By:_____

Gary Gurwitz
State Bar No. 08631000
Charles C. Murray
State Bar No. 14719700
ATTORNEYS FOR PLAINTIFF,
FAVELLE FAVCO CRANES USA, INC.

Willem G. Schuurman
State Bar No. 17855200
Brian K. Buss
State Bar No. 00798089
VINSON & ELKINS L.L.P.
2700 One American Center
600 Congress Avenue
Austin, Texas 78701-3200
Telephone: 512/495-8663
Telecopy: 512/236-3422

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document was sent by fax, on this the 3rd day of November, 2000, to opposing counsel as follows:

Mr. Ernesto Gamez, Jr.
Mr. Victor Quintanilla
Law Offices of Ernesto Gamez, Jr.
777 E. Harrison
Brownsville, Texas 78520

Charles C. Murray

-2-

## CAUSE NO. 1999-10-4467-C

FAVELLE FAVCO CRANES, USA, INC.     &amp;    IN THE DISTRICT COURT OF

&amp;

VS.                            &amp;    CAMERON COUNTY, TEXAS

&amp;

DANIEL E. DAVIS, DAVISCO, INC. and    &amp;

COBURN INTERNATIONAL, LTD.      &amp;    197TH JUDICIAL DISTRICT

FILED ___ O'CLOCK ___ M.
AURORA DE LA GARZA DIST. CLERK
NOV 0 6 2000
DISTRICT COURT - CAMERON COUNTY, TEXAS
DEPUTY

### DEFENDANTS' FIRST AMENDED ANSWER

**TO THE HONORABLE JUDGE OF SAID COURT:**

COME NOW, **DANIEL E. DAVIS, DAVISCO, INC. and COBURN INTERNATIONAL, LTD.**, Defendants in the above-styled and numbered cause of action and file this their First Amended Answer to **Plaintiffs' First Amended Petition**, and in support thereof would respectfully show the Court and Jury the following:

### I.

### GENERAL DENIAL

1.01   Defendants **DANIEL E. DAVIS, DAVISCO, INC. and COBURN INTERNATIONAL, LTD.** deny each and every material allegation, all and singular, contained within **Plaintiffs' First Amended Petition** and without waiving their right to file other and further pleadings, motions, and discovery, and say that same are not true, in whole or in part and demand strict proof thereof by a preponderance of the credible evidence in accordance with the laws and rules of the State of Texas.

RECEIVED BY G.C.    NOV 0 6 2000

## II.

## ALTERNATIVE DEFENSES

2.01   For further answer, if such is necessary, Defendants **deny** that Defendant **DANIEL E. DAVIS** conceived a scheme to usurp Plaintiff's property and corporate opportunity in the area of Crawler Cranes, and further **deny** that **Defendant DANIEL E. DAVIS** engaged in conduct to further such scheme while he was President and a Director of Plaintiff as alleged by Plaintiff **FAVELLE FAVCO CRANES USA, INC**. in **Paragraph 10** of **Plaintiff's First Amended Petition**.

2.02   For further answer, if such is necessary, Defendants **deny** that all of the development, research and design of Plaintiff's Crawler Cranes that are in issue in this lawsuit began and were substantially complete while Defendant **DANIEL E. DAVIS** was President and a Director of Plaintiff as alleged by Plaintiff **FAVELLE FAVCO CRANES USA, INC**. in **Paragraph 11** of **Plaintiff's First Amended Petition**.

2.03   For further answer, if such is necessary, Defendants **deny** that they have misappropriated any trade secrets, proprietary information and/or confidential information allegedly owned by Plaintiff.

2.04   For further answer, if such is necessary, Defendants **deny** that Defendant **DANIEL E. DAVIS** breached any fiduciary duty as alleged by Plaintiff in **paragraphs 25-27 of Plaintiff's First Amended Petition**.

2

2.05    For further answer, if any is necessary, Defendants **deny** that Plaintiff **FAVELLE FAVCO CRANES USA, INC**. is entitled to **"shop rights"** in **U.S. Patent No. 6,003,252** or any other patents or patent applications related to **U.S. Patent No. 6,003,252** or any other patents or patent applications filed by Defendant **DANIEL E. DAVIS** or on his behalf.

2.06 For further answer, if such is necessary, Defendants **deny** that Defendant **DANIEL E. DAVIS** had no patentable design for Crawler Cranes when he came to Plaintiff **FAVELLE FAVCO CRANES USA, INC**. or when he was elected President in September 1997 as alleged by Plaintiff in **Paragraph 30 of Plaintiff's First Amended Petition**.

2.07    For further answer, if such is necessary, Defendants **deny** that **U.S. Patent No. 6,003,252** relates directly to the Crawler Cranes that Defendant **DANIEL E. DAVIS** was to design and develop for Plaintiff **FAVELLE FAVCO CRANES USA, INC**. as alleged by Plaintiff in **Paragraph 30 of Plaintiff's First Amended Petition**.  On the contrary, **U.S. Patent No. 6,003,252** related directly to Defendant **DANIEL E. DAVIS'** ideas and/or concepts concerning a new and unique line of Crawler Cranes (**Davis Crawler Cranes**) developed by him prior to his employment with **FAVELLE FAVCO CRANES USA, INC**.

2.08    For further answer, if such is necessary, Defendants **deny** that Defendant **DANIEL E. DAVIS** has no contract, written, or oral with Plaintiff   **FAVELLE FAVCO CRANES USA, INC**. that diminishes Plaintiff's rights in the Crawler Cranes at issue as alleged by Plaintiff **in Paragraph 31 of Plaintiff's First Amended Petition**.

2.09    For further answer, if such is necessary, Defendants **deny** that Plaintiff **FAVELLE FAVCO CRANES USA, INC**. is entitled to assignment and ownership of the **U.S. Patent No. 6,003,252** and any other patents or patent applications related to **U.S. Patent No. 6,003,252** or filed

3

by Defendant **DANIEL E. DAVIS** while he was President and a Director of **FAVELLE FAVCO CRANES USA, INC.** as alleged by Plaintiff in **Paragraph 33 of Plaintiff's First Amended Petition**.

2.10   For further answer, if such is necessary, Defendants **deny** that Plaintiff **FAVELLE FAVCO CRANES USA, INC.** is entitled to a declaration that it is the sole owner of **U.S. Patent No. 6,003,252** or any other patents or patent applications and any information forming the subject matter thereof as alleged by Plaintiff in **Paragraph 33 of Plaintiff's First Amended Petition**.

2.11   For further answer, if such is necessary, Defendants **deny** that Defendant **DANIEL E. DAVIS** has committed **"theft"** as defined in the Texas Theft Liability Act, Texas Civil Practice and Remedies Code Ann., Section 134.01 et seq. (Vernon 1998) as alleged by Plaintiff in **Paragraph 35 of Plaintiff's First Amended Petition.**

2.12   For further answer, if any is necessary, Defendants **deny** that Defendant **DANIEL E. DAVIS** has wrongfully and tortiously converted the property of Plaintiff **FAVELLE FAVCO CRANES USA, INC.** to his own use and dominion as alleged by Plaintiff in **Paragraph 37 of Plaintiff's First Amended Petition.**

2.13   For further answer, if any is necessary, Defendants would plea and show the Court that the assessment of **punitive damages** against them would violate provisions of the United States Constitution including the **Eighth Amendment (excessive fines and punishments)**, the **Fourteenth Amendment (due process)**, and **all relevant provisions of the Constitution of the State of Texas, including the due process clause**.

2.14    For further answer, if any is necessary, Defendants **deny** that they were given fair notice that the conduct in question as alleged by Plaintiff could result in an award of punitive damages against them.

2.15    For further answer, if any is necessary, Defendants **deny** that Plaintiff **FAVELLE FAVCO CRANES USA, INC.** is entitled to recover, attorney's fees as alleged by Plaintiff in **Paragraph 40 of Plaintiff's First Amended Petition**.

2.16    For further answer, if any is necessary, Defendants assert that any injury alleged to have been suffered by Plaintiff was not proximately caused by the actions or inactions of **Daniel E. Davis, Davisco, and Coburn International, LTD**.

2.17    For further answer, if such is necessary, Defendants assert that they in no way acted with malice or engaged in conduct with a specific intent by them to cause substantial injury to Plaintiff or with conscious indifference to the rights, safety, or welfare of other, including Plaintiff.

2.18    For further answer, if such is necessary, Defendants assert that if Plaintiff has sustained any damages, Plaintiff has failed to mitigate its damages.

2.19    These Defendants reserve the right to file future pleadings in this cause of action as necessary.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants **DANIEL E. DAVIS, DAVISCO, INC. and COBURN INTERNATIONAL, LTD.**, respectfully pray that Plaintiff **FAVELLE FAVCO CRANES USA, INC.** take nothing by its suit, and that Defendants **DANIEL E. DAVIS, DAVISCO INC. and COBURN INTERNATIONAL, LTD.** go hence and recover their costs in their behalf expended, and for such other and further relief, at law and in equity, to which they may show themselves justly entitled.

Respectfully submitted,

**LAW OFFICES OF**
**ERNESTO GAMEZ, JR., P.C.**
777 E. Harrison Street
Brownsville, Texas  78520
Telephone No. (956) 541-3820
Facsimile No. (956) 541-7694

BY: _____
ERNESTO GAMEZ, JR.
State Bar No. 07606600
County Id. No. 9901

VICTOR QUINTANILLA
State Bar No. 00786181
County Id. No. 9917

Attorneys for Defendants
**DANIEL E. DAVIS, ET. AL.**

6

## CERTIFICATE OF SERVICE

I, **VICTOR QUINTANILLA**, hereby certify that on this 6th day of November, 2000 a true and correct copy of the foregoing **Defendants Daniel E. Davis, Davisco, Inc. and Coburn International, LTD.'s** was served <u>**VIA FAX: (956) 686-6109 and VIA CM RRR # 7099 3220 0006 2777 5370**</u> in accordance with the Texas Rules of Civil Procedure to Hon. Gary Gurwitz, **ATLAS & HALL, L.L.P.**, 818 Pecan, P.O. Box 3725,  McAllen, Texas, 78501/78502.

VICTOR QUINTANILLA

7

CAUSE NO. 99-10-4467-C

| | | |
|---|---|---|
| FAVELLE FAVCO CRANES USA, INC | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | |
| | § | |
| DANIEL E. DAVIS, DAVISCO, INC., | § | |
| and COBURN INTERNATIONAL LTD. | § | |
| | § | CAMERON COUNTY, TEXAS |
| VS. | § | |
| | § | |
| FAVELLE FAVCO CRANES USA, INC., | § | |
| FAVELLE FAVCO CRANES (M) SDN | § | |
| BHD and FAVELLE FAVCO HOLDINGS | § | |
| SDN BHD | § | 197TH JUDICIAL DISTRICT |

## DEFENDANTS' FIRST AMENDED COUNTERCLAIM

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, DANIEL E. DAVIS, DAVISCO, INC., and COBURN INTERNATIONAL LTD., Defendants in the above-styled and numbered cause of action, (hereinafter referred to as "COUNTER-PLAINTIFFS"), and complain of FAVELLE FAVCO CRANES USA, INC., FAVELLE FAVCO CRANES (M) SDN BHD and FAVELLE FAVCO HOLDINGS SDN BHD (hereinafter collectively referred to as "COUNTER-DEFENDANTS") and for cause of action, would respectfully show the Court and Jury the following:

### I.

### PARTIES TO COUNTERCLAIM

1.01   Counter-Plaintiff **DANIEL E. DAVIS** is a natural person residing in Harlingen, Cameron County, Texas.

1.02   Counter-Plaintiffs **DAVISCO, INC.** and **COBURN INTERNATIONAL, LTD.** are companies that are owned by Counter-Plaintiff **DANIEL D. DAVIS.**

RECEIVED BY G.G.   NOV 0 8 2000

1.03    Counter-Defendant **FAVELLE FAVCO CRANES USA, INC.** (hereinafter referred to as Counter-Defendant "**FFC USA**"), as indicated in Plaintiff's Original Petition filed in the above-styled and numbered cause, is a corporation organized and existing under the laws of the State of Texas, and has a principal place of business at 4 Mile East, FM 106, Port of Harlingen, Harlingen, Texas.  This Counter-Defendant is being represented in this preceding by Hon. Gary Gurwitz and Hon. Charles C. Murray of **ATLAS & HALL, L.L.P.**, 818 Pecan, P.O. Box 3725, McAllen, Texas 785201, and a copy of this First Amended Counter claim may be served on said counsel.

1.04    Counter-Defendant **FAVELLE FAVCO CRANES (M) SDN BHD** (hereinafter referred to as Counter-Defendant **FFC MALAYSIA**) is a corporation, upon information and belief, formed and existing under the laws of Malaysia and may be served with a copy of this First Amended Counterclaim by and through its attorneys of record, Hon. Gary Gurwitz and Hon. Charles C. Murray, **ATLAS & HALL, L.L.P.**, 818 Pecan, P. O. Box 3725, McAllen, Texas, 78501.

1.05 Counter-Defendant **FAVELLE FAVCO HOLDINGS SDN BHD** (hereinafter referred to as Counter-Defendant **FAVCO HOLDINGS**), is upon information and belief, a corporation formed and incorporated under the laws of Malaysia, and owns ninety percent (90%) of the stock in **FAVELLE FAVCO CRANES USA, INC.**.  This Counter-Defendant may be served with a copy of this First Amended Counterclaim by and through its attorneys of record, Hon. Gary Gurwitz and Hon. Charles C. Murray, **ATLAS & HALL, L.L.P.**, 818 Pecan, P. O. Box 3725, McAllen, Texas, 78501.

2

## II.

## FACTUAL ALLEGATIONS

2.01    Counter-Plaintiff **DANIEL E. DAVIS** has developed his ideas and concepts concerning a new and unique line of crawler cranes (**Davis Crawler Cranes**).  This idea and/or concept was conceived by Counter-Plaintiff **DANIEL E. DAVIS** prior to his employment with Counter Defendants.  The unique crawler cranes conceived and developed by Counter-Plaintiff **DANIEL E. DAVIS** use a variable-gauge excavator bottom in conjunction with an enhanced standard excavator upper. Counter-Plaintiff **DANIEL E. DAVIS** diligently pursued the development of this concept of cranes.  Counter-Plaintiff **DANIEL E. DAVIS** has protected his manufacturing methodology and his crawler cranes as trade secrets.

2.02    Before Counter-Plaintiff **DANIEL E. DAVIS'** efforts many people tried to develop such crawler cranes and all have failed.  On information and belief, even the Counter-Defendants or their affiliated companies tried to make a crawler crane, but could not make it work and discontinued the project.  The unique concept of a variable-gauge excavator bottom in conjunction with an enhanced standard excavator upper was known to have distinct advantages: the ability to mass produce, short lead-time for manufacturing, parts availability worldwide, warranties, distribution network, etc.  However, before Counter-Plaintiff **DANIEL E. DAVIS**, no one was able to build such a crane including the Counter-Defendants or their affiliated companies.

2.03    Counter-Defendants and their affiliated companies make tower cranes and offshore cranes.  Counter-Defendants have been making tower cranes and offshore cranes for over 30 years, and are well known for tower cranes and offshore cranes.  Prior to the relationship with the Counter-Plaintiff **DANIEL E. DAVIS**, neither Counter-Defendant made crawler cranes of any type.  Neither

3

Counter-Defendant nor their affiliated companies have any expertise in crawler cranes of any type. Neither Counter-Defendant nor their affiliated companies have any manufacturing experience in crawler cranes of any type.

2.04   **On or about June 23, 1997,** Counter-Plaintiff **DANIEL E. DAVIS** signed an employment contract with Counter-Defendant **FAVCO HOLDINGS to be Managing Director and President of FAVELLE FAVCO CRANES USA, INC**. in Harlingen, Texas.   The contract was for thirty-six (36) months.   Counter-Plaintiff **DANIEL E. DAVIS** was to receive, among other things, the right to purchase ten percent (10%) of the stock of Favco, a monthly salary, a company car, medical benefits and a royalty for any sales of the **Davis Crawler Cranes**.   Counter-Defendant **FAVCO HOLDINGS** agreed to license the manufacture and sale of the **Davis Crawler Cranes**. Counter-Plaintiff **DANIEL E. DAVIS** received ten percent (10%) of the stock of **FAVELLE FAVCO CRANES USA, INC.**.

2.05   As of **June 1997**, no **Davis Crawler Crane** had ever been built because the design had not been finalized.   Much public skepticism existed as to whether any crawler crane design would be functional.   To perfect his crane design, Counter-Plaintiff **DANIEL E. DAVIS** needed to experiment with various aspects of the proposed cranes.   It was understood that Counter-Plaintiff **DANIEL E. DAVIS** was to finalize his design changes as soon as possible after becoming Managing Director and President of **FAVELLE FAVCO CRANES USA, INC.**.   It was important to start the manufacture and sale of the **Davis Crawler Cranes** as soon as possible, and Counter-Plaintiff **DANIEL E. DAVIS** did just that.

2.06   In **August 1997**, Counter-Defendants submitted a Shareholders' Agreement to Counter-Plaintiff **DANIEL E. DAVIS**.   On August 16, 1997, Counter-Plaintiff signed the Shareholders' Agreement and returned it to Favco.   A copy of said **SHAREHOLDERS'**

4

AGREEMENT is attached hereto as **Exhibit "A"**, and incorporated by reference the same as if fully copied and set forth at length.  Pursuant to this Shareholders' Agreement, Counter-Defendant **FAVELLE FAVCO CRANES (M) SDN BHD** was to own ninety percent (90%) and Counter-Plaintiff **DANIEL E. DAVIS** was to own ten percent (10%) of **FFC USA**.  Also, **FFC USA** was to have an initial authorized share capital of Three Million and no/100ths Dollars ($3,000,000.00) divided into 3,000,000 ordinary shares of the par value of one Dollar ($1.00) per share.  Additionally, this Shareholders' Agreement includes language to the effect that Counter-Defendant **FAVELLE FAVCO CRANES (M) SDN BHD** shall for a period of three (3) years from August 16, 1997 pay Counter-Plaintiff **DANIEL E. DAVIS** royalty fee of one percent (1%) of the sale price for the sale of each crane manufactured or assembled pursuant to Counter-Plaintiff **DANIEL E. DAVIS'** patented invention, namely, the Excavator Upper and Variable Gauge Lower for the making of a Latice and Box Boom Crawler Crane, and whether or not the sale took place before or after the termination of the Shareholders' Agreement.  (See **SHAREHOLDERS' AGREEMENT, Exhibit "A"**).

2.07    In **March 1999**, Counter-Plaintiff **DANIEL E. DAVIS** presented his new line of crawler cranes at Conexpo in Las Vegas, Nevada.  These cranes were met with extreme praise by the public.  Such cranes had not before been known or used.  However, much skepticism continued with respect to whether the **Davis Crawler Cranes** would function as required and as expected.

2.08    About **April 1999**, Counter-Defendants requested Counter-Plaintiff **DANIEL E. DAVIS** to agree to changes in the Shareholder's Agreement dated August 16, 1997, and to execute a **"New Shareholder's Agreement for FFC-USA."**  Counter-Defendants by and through their agent employee, and/or representative, **Yee Yang Chien**, requested that the New Shareholder's Agreement for FFC-USA include, among other things, the following term:

5

**"... 3) Patent to Crawler crane design**

Mr. Daniel Davis is the inventor and the owner of the patents to the design.  The rights to use the designs and drawings are to be licensed to FFC-USA.  In return, Mr. Daniel Davis is to derive a royalty of _____ over a period of _____ years..."

A true and correct copy of said **"Issues to be incorporated in the New Shareholder's Agreement for FFC-USA"**, prepared by Counter-Defendants and submitted to Counter-Plaintiff **DANIEL E. DAVIS** is attached hereto as **Exhibit "B"**, and incorporated by reference the same as if fully copied and set forth at length.  **Yee Yang Chien** writes in his own handwriting **"Danny, Attached the issues to be addressed in the new agreement."**  Clearly, even Counter-Defendants agree or acknowledge that Counter-Plaintiff **DANIEL E. DAVIS** is the owner of the **Davis Crawler Cranes**, the patent and all associated technology and drawings.

2.09    About **May 1999**, Counter-Plaintiff **DANIEL E. DAVIS** through **FAVELLE FAVCO CRANES USA, INC**. sold three (3) **Davis Crawler Cranes** to Mustang Equipment in Houston, Texas. Although there continues to be known skepticism as to whether the **Davis Crawler Cranes** work, the three (3) **Davis Crawler Cranes** sold to Mustang Equipment have been and continue to work without problems.  Thereafter, additional customers requested **Davis Crawler Cranes**.  Counter-Plaintiff **DANIEL E. DAVIS** sought to get funding and equipment from Counter-Defendants to build the additionally requested **Davis Crawler Cranes**.  Counter-Defendants refused to fund the manufacture of the **Davis Crawler Cranes** requested.  This refusal has caused and continues to cause Counter-Plaintiff to suffer damages, which are described herein below.

2.10    At the same time Counter-Defendants refused to fund the manufacture of **Davis Crawler Cranes** requested by customers, Counter-Defendants requested that Counter-Plaintiff **DANIEL E. DAVIS** assign all or half of his patent rights to them.  Counter-Plaintiff refused the request, and referred Counter-Defendants to the Shareholder's Agreement dated August 16, 1997.

6

The Favco Shareholder's Agreement recites in paragraph 7.1 that Favco shall pay Counter-Plaintiff a royalty for cranes sold under Counter-Plaintiff **DANIEL E. DAVIS'** patented invention. (See **SHAREHOLDERS' AGREEMENT, Exhibit "A".**)

2.11    On **September 8, 1999**, the Counter-Defendants terminated Counter-Plaintiff **DANIEL E. DAVIS**, without cause. Further, Counter-Defendants sought to take for their own the intellectual property owned by Counter-Plaintiff in the form of the **Davis Crawler Cranes**, including the trade secrets embodied in the manufacturing processes, drawings, engineering, know how, designs, and information contained in Counter-Plaintiff **DANIEL E. DAVIS'** patent application. However, Counter-Defendants know or have acknowledged that Counter-Plaintiff **DANIEL E. DAVIS** is the inventor and the owner of the patent, the designs, the drawings and all technology related to the **Davis Crawler Cranes**.

2.12    Many crane and excavator entities and engineers have tried to implement the type of crane design that Counter-Plaintiff **DANIEL E. DAVIS** has successfully invented. None have been able to accomplish this prior to Counter-Plaintiff. Many crane and excavator engineers still refuse to believe that the **Davis Crawler Cranes** are effective and reliable devices. Counter-Plaintiff must consistently work to overcome this skepticism to insure that the concept of the crawler cranes as embodied in Counter-Plaintiff's invention - **the Davis Crawler Cranes** - is accepted in industry practice. These efforts are absolutely essential to Counter-Plaintiff, and the success of the **Davis Crawler Cranes**. Counter-Defendants are seeking to sell cranes, and to Counter-Plaintiff's knowledge and belief, has sold said crawler cranes. This action on the part of Counter-Defendants violates Counter-Plaintiff **DANIEL E. DAVIS'** trade secret rights.

## III.

## CAUSES OF ACTION

**A.    FIRST CAUSE OF ACTION: BREACH OF EMPLOYMENT CONTRACT**

3.01 As alleged beforehand, on or about June 23, 1997, Counter-Plaintiff **DANIEL E. DAVIS** entered into an **EMPLOYMENT CONTRACT** with Counter-Defendant **FAVCO HOLDINGS**. Pursuant to this said **EMPLOYMENT CONTRACT**, Counter-Plaintiff was employed as a Managing Director and President of **FAVELLE FAVCO CRANES USA, INC**. in its Harlingen, Cameron County, Texas facility. This said **EMPLOYMENT CONTRACT** was for a term period of thirty-six (36) months. A true and correct copy of said **EMPLOYMENT CONTRACT** is attached hereto as **Exhibit "C"**, and incorporated herein by reference the same as if fully copied and set forth at length. This **EMPLOYMENT CONTRACT** was executed by **DANIEL E. DAVIS** and **Mac Ngan Boon**, Managing Director of **MUHIBBAH ENGINEERING**, as well as by **Cheam Tek Siong**, General Manager of the **Favelle Favco Group**.

3.02 Counter-Plaintiffs would show this Honorable Court and Jury pursuant to the **EMPLOYMENT CONTRACT**, Counter-Plaintiff **DANIEL E. DAVIS** was to be compensated at a monthly salary of **EIGHT THOUSAND AND NO/100THS DOLLARS ($8,000.00)**, and provided a company car, worker's compensation benefits, and a health insurance plan. The Counter-Plaintiffs would show this Court and Jury that after Counter-Plaintiff **DANIEL E. DAVIS** was hired as Managing Director and President of **FFC USA**, he began to faithfully execute his duties and responsibilities and fulfilled all his duties and obligations.

3.03 Thereafter, on or about **September 8, 1999**, Counter-Defendants terminated Counter-Plaintiff **DANIEL E. DAVIS** from his employment with Counter-Defendant **FFC USA** without cause. This action on the part of Counter-Defendants amounts to a breach of contract, i.e. **the Employment Contract**.

8

3.04 Counter-Plaintiff **DANIEL E. DAVIS** would show this Honorable Court and Jury that as a direct and proximate result of Counter-Defendants' breach of contract, he has suffered damages, included but not limited to loss of wages, loss of car allowance, and loss of health insurance coverage. Counter-Plaintiff seeks to recover these said damages from Counter-Defendants, jointly and severally, in an amount within the jurisdictional limits of this Court.

B. <u>SECOND CAUSE OF ACTION:</u> BREACH OF SHAREHOLDERS AGREEMENT

3.05 As alleged beforehand, on or about **August 16, 1997**, Counter-Defendants **FAVCO** submitted a "**SHAREHOLDERS' AGREEMENT**" to Counter-Plaintiff **DANIEL E. DAVIS**. On or about said date, Counter-Plaintiff **DANIEL E. DAVIS** executed the **SHAREHOLDERS' AGREEMENT** and returned same to Counter-Defendants **FAVCO**. A true and correct copy of said **SHAREHOLDERS' AGREEMENT** is attached hereto as **Exhibit "A"**, and incorporated by reference the same as if fully copied and set forth at length. Pursuant to this Shareholders' Agreement Counter-Defendant **FAVELLE FAVCO CRANES (M) SDN BHD** was to own ninety percent (90%) and Counter-Plaintiff **DANIEL E. DAVIS** was to own ten percent (10%) of **FFC USA**. Also, **FFC USA** was to have an initial authorized share capital of Three Million and no/100ths Dollars ($3,000,000.00) divided into 3,000,000 ordinary shares of the par value of one Dollar ($1.00) per share. Additionally, this Shareholders' Agreement includes language to the effect that Counter-Defendant **FAVELLE FAVCO CRANES (M) SDN BHD** shall for a period of three (3) years from August 16, 1997 pay Counter-Plaintiff **DANIEL E. DAVIS** royalty fee of one percent (1%) of the sale price for the sale of each crane manufactured or assembled pursuant to Counter-Plaintiff **DANIEL E. DAVIS**' patented invention, namely, the Excavator Upper and Variable Gauge Lower for the making of a Latice and Box Boom Crawler Crane, and whether or not the sale took place before or after the termination of the Shareholders' Agreement. (See **SHAREHOLDERS' AGREEMENT, Exhibit "A"**).

3.06 Thereafter, on or about **April of 1999**, Counter-Defendants **FAVCO**, by and through their agent, employee, and/or representative, **Yee Yang Chien**, requested Counter-Plaintiff **DANIEL E. DAVIS** to agree to changes in the **SHAREHOLDER'S AGREEMENT** dated August 16, 1997 and to execute a **"New Shareholder's Agreement for FFC-USA"**. Counter-Defendants by and through their agent, employee and/or representative, **Yee Yang Chien**, requested that the **"New Shareholder's Agreement for FFC-USA"** include, among other issues, the following issue:

"... **3) Patent to Crawler crane design**

Mr. Daniel Davis is the inventor and the owner of the patents to the design. The rights to use the designs and drawings are to be licensed to FFC-USA. In return, Mr. Daniel Davis is to derive a royalty of _____ over a period of _____ years..."

This particular issue is included in a document entitled "Issues to be incorporated in the New Shareholder's Agreement for FFC-USA". A true and correct copy of said **"Issues to be incorporated in the New Shareholder's Agreement for FFC-USA"** is attached hereto as **Exhibit "B"**, and incorporated herein by reference the same as if fully copied and set forth at length. Counter-Defendants' agent, employee, and/or representative, **Yee Yang Chien,** writes in his own handwriting "... **Danny, Attached the Issues to Be Addressed in The New Agreement...**" Counter-Plaintiff **DANIEL E. DAVIS** contends that this conduct on the part of Counter-Defendants clearly demonstrate that they consider him to be the owner of the **Davis Crawler Cranes**, the patent and all associated technology and drawings.

3.07 As alleged beforehand, **on or about May 1999**, Counter-Plaintiff **DANIEL E. DAVIS** through Favco sold three (3) **Davis Crawler Cranes** to Mustang Equipment in Houston, Texas. Although there continues to be known skepticism as to whether the **Davis Crawler Cranes** work, the three (3) **Davis Crawler Cranes** sold to Mustang Equipment have been and continue to work without problems. Thereafter, additional customers requested **Davis Crawler Cranes**. Counter-

10

Plaintiff **DANIEL E. DAVIS** sought to get funding and equipment from Counter-Defendants to build the additionally requested **Davis Crawler Cranes**. Counter-Defendants refused to fund the manufacture of the **Davis Crawler Cranes** requested. This refusal has caused and continues to cause Counter-Plaintiff **DANIEL E. DAVIS** to suffer damages, which are described herein below.

3.08 At the same time Counter-Defendants **FAVCO** refused to fund the manufacture of **Davis Crawler Cranes** requested by customers, Counter-Defendants requested that Counter-Plaintiff **DANIEL E. DAVIS** assign all or half of his patent rights to them. Counter-Plaintiff **DANIEL E. DAVIS** contends that these demands on the part of Counter-Defendants were unreasonable. Counter-Plaintiff refused the request, and referred Counter-Defendants to the Shareholder's Agreement dated August 16, 1997. The Favco Shareholder's Agreement recites in paragraph 7.1 that Favco shall pay **MR. DAVIS** a royalty for cranes sold under Davis' patented invention. (See **"SHAREHOLDER'S AGREEMENT", Exhibit "A".**) Counter-Defendants refused to pay any royalties to Counter-Plaintiff **DANIEL E. DAVIS**. Counter-Plaintiffs contends that this conduct on the part of Counter-Defendants amounts to a breach of the **SHAREHOLDERS' AGREEMENT**.

3.09 Counter-Plaintiff **DANIEL E. DAVIS** would show this Honorable Court that as a direct and proximate result of Counter-Defendants' breach of the **SHAREHOLDERS' AGREEMENT**, he has suffered damages including but not limited to loss of royalty monies. Counter-Plaintiff seeks to recover these said damages from Counter-Defendants, jointly and severally, in an amount within the jurisdictional limits of this Court.

11

C.  **THIRD CAUSE OF ACTION:** MISAPPROPRIATION OF TRADE SECRETS, PROPRIETARY INFORMATION AND CONFIDENTIAL INFORMATION

3.10 As alleged beforehand, Counter-Plaintiff **DANIEL E. DAVIS** has diligently pursued the conception and development of his unique and singular crawler crane design.  Further, Counter-Plaintiff has taken the necessary precautions to protect the manufacturing methodology of his crawler crane as well as all associated designs, schematics, graphics, drawings and blueprints.  Further, no production, manufacture or sale of the aforementioned **Davis Crawler Crane** had taken place prior to entry by the parties in the aforementioned **SHAREHOLDERS' AGREEMENT (Exhibit "A")** and **EMPLOYMENT CONTRACT (Exhibit "C")**.

3.11 Further, such information pertaining to the production, manufacture and sale of the **Davis Crawler Cranes** that is currently being used and distributed worldwide by the Counter-Defendants was obtained by and came into Counter-Defendants' possession as a result of a confidential relationship with Counter-Plaintiff **DANIEL E. DAVIS**.  Therefore, Counter-Defendants have committed a breach of confidence and misappropriated proprietary information confidential information and trade secrets based upon Counter-Defendants' use, continued use and distribution worldwide of Counter-Plaintiff's trade secret methodology as it pertains to the production, manufacture and sale of the Counter-Plaintiff's crawler cranes **(Davis Crawler Cranes)** and the associated designs, schematics, graphics, drawings and blueprints.

3.12 Therefore, Counter-Plaintiffs would show this Honorable Court that as a direct and proximate result of the Counter-Defendants' misappropriation of trade secrets, proprietary information and confidential information, Counter-Plaintiff **DANIEL E. DAVIS** has suffered damages including and not limited to lost royalties, lost profits and lost business opportunities.

12

CutePDF - www.tevisa.com

Counter-Plaintiff **DANIEL E. DAVIS** seeks to recover these damages from Counter-Defendants, jointly and severally, in an amount within the jurisdictional limits of this Court.

**D.   FOURTH CAUSE OF ACTION: TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIP**

3.13   As alleged beforehand, Counter-Plaintiff has developed his ideas and concepts concerning a new and unique line of crawler cranes (**Davis Crawler Cranes**).  However, after Counter-Defendants terminated Counter-Plaintiff **DANIEL E. DAVIS** from his employment with **FFC USA,** they sought to take for their own Counter-Plaintiff **DANIEL E. DAVIS'** ideas and concepts.

3.14 As further alleged beforehand, **on or about May 1999**, Counter-Plaintiff **DANIEL E. DAVIS** sold three (3) of the Davis Crawler Cranes to Mustang Equipment in Houston, Texas. Thereafter, additional customers requested Davis Crawler Cranes.  Counter-Plaintiff **DANIEL E. DAVIS** sought to get funding and equipment from Counter-Defendants to build the requested additional **Davis Crawler Cranes**.  However, Counter-Defendants refused to fund the manufacture of the **Davis Crawler Cranes**.

3.15   Counter-Plaintiffs would show this Court and Jury that instead of funding the manufacture of additional **Davis Crawler Cranes**, Counter-Defendants terminated Counter-Plaintiff **DANIEL E. DAVIS** from his employment with **FFC USA**.  After Counter-Defendants terminated Counter-Plaintiff **DANIEL E. DAVIS**, they sought to interfere with the prospective buyers of **Davis Crawler Cranes** by launching or initiating this lawsuit over the rights to the **Davis Crawler Cranes** ideas and concepts and preventing him from selling the crawler cranes.  Counter-Plaintiffs contend that this conduct on the part of Counter-Defendants amounts to tortious interference with Counter-

13

Plaintiff **DANIEL E. DAVIS'** business relationships. Moreover, Counter-Plaintiffs contend that this conduct on the part of Counter-Defendants also amounts to tortious interference with the business relationship between Counter-Plaintiff **DANIEL E. DAVIS** and Counter-Defendants.

3.16 Counter-Plaintiffs would show this Honorable Court that as a direct and proximate result of Counter-Defendants' tortious interference with Counter-Plaintiff **DANIEL E. DAVIS'** business relationships, Counter-Plaintiff **DANIEL E. DAVIS** has suffered damages including, but not limited to economic damages, lost profits, lost royalties, and lost business opportunities. Counter-Plaintiff **DANIEL E. DAVIS** seeks to recover these damages from Counter-Defendants, jointly and severally, in an amount within the jurisdictional limits of this Court.

E.    **FIFTH CAUSE OF ACTION:** **MISREPRESENTATION OF BUSINESS RELATIONSHIP**

3.17 Counter-Plaintiffs would show this Court and Jury that Counter-Defendants had a business relationship with Counter-Plaintiff **DANIEL E. DAVIS** by the two (2) existing contracts between them, to-wit: (1) **EMPLOYMENT CONTRACT (Exhibit "C")'** and (2) the **SHAREHOLDERS' AGREEMENT (Exhibit "A")**. Counter-Plaintiff **DANIEL E. DAVIS** was led to believe by Counter-Defendants that he was the owner of the **Davis Crawler Cranes**, the patent, and all associated technology and drawings. He was also led by Counter-Defendants to believe that he was going to receive or be paid a royalty fee of one percent (1%) of the sale price for the sale of each crane manufactured or assembled pursuant to his invention.

3.18 However, such was not the case in that Counter-Defendants initiated this lawsuit against Counter-Plaintiff **DANIEL E. DAVIS** alleging that the had no patentable design for crawler cranes and that the sole owner of the patents involving the **Davis Crawler Cranes** are Counter-Defendants.

14

As such, Counter-Defendants either intentionally or negligently misrepresented their business relationship with Counter-Plaintiff **DANIEL E. DAVIS** to him.  Counter-Plaintiff **DANIEL E. DAVIS** relied on this misrepresentation or representation to his detriment.

3.19 Counter-Plaintiffs would show this Honorable Court that as a direct and proximate result of Counter-Defendants' misrepresentation of their business relationship with Counter-Plaintiff **DANIEL E. DAVIS**, Counter-Plaintiff **DANIEL E. DAVIS** has suffered damages including, but not limited to economic damages, lost profits, lost royalties, and lost business opportunities.  Counter-Plaintiff **DANIEL E. DAVIS** seeks to recover these damages from Counter-Defendants, jointly and severally, in an amount within the jurisdictional limits of this Court.

F.     SIXTH CAUSE OF ACTION: BREACH OF FIDUCIARY DUTY

3.20 Counter-Plaintiffs would show the Court and Jury that on or about **August 16, 1997**, Counter-Defendants **FAVCO** submitted a **SHAREHOLDERS' AGREEMENT (Exhibit "A")** to Counter-Plaintiff **DANIEL E. DAVIS**.   **MR. DAVIS** executed the **SHAREHOLDERS' AGREEMENT** and returned it to Counter-Defendants.  **MR. DAVIS** was at that point working for Counter-Defendants at **FFC USA** under an **EMPLOYMENT CONTRACT** dated June 23, 1997.

3.21 Counter-Plaintiffs contend that Counter-Defendants had a fiduciary duty to Counter-Plaintiff **DANIEL E. DAVIS** which resulted form the **SHAREHOLDERS' AGREEMENT** as well as the **EMPLOYMENT CONTRACT**.  Counter-Plaintiffs would show the Court that Counter-Defendants breached their fiduciary duty to Counter-Plaintiff **DANIEL E. DAVIS** when they terminated him from his employment and began using his trade secrets, proprietary information, and confidential information to manufacture and sell the **Davis Crawler Cranes**, both domestic and foreign.

3.22 Counter-Plaintiffs would show this Honorable Court that as a direct and proximate result of Counter-Defendants' breach of fiduciary duty to Counter-Plaintiff **DANIEL E. DAVIS**, Counter-Plaintiff **DANIEL E. DAVIS** has suffered damages including, but not limited to economic damages, lost profits, lost royalties, and lost business opportunities.  Counter-Plaintiff **DANIEL E. DAVIS** seeks to recover these damages from Counter-Defendants, jointly and severally, in an amount within the jurisdictional limits of this Court.

G.    SEVENTH CAUSE OF ACTION: FRAUD

3.23 Counter-Plaintiffs hereby incorporate the allegations set forth in the foregoing paragraphs 2.01 through 2.12, respectively.  As alleged beforehand, Counter-Plaintiff **DANIEL E. DAVIS** had two existing contracts with Counter-Defendants, to-wit: (1) the **EMPLOYMENT CONTRACT (Exhibit "C")**; and (2) the **SHAREHOLDERS' AGREEMENT (Exhibit "B")** At the time of the signing of these contracts and/or agreements, Counter-Defendants knowingly made false representations as to material facts or knowingly concealed all or part of material information from Counter-Plaintiffs with the intent of inducing Counter-Plaintiff **DANIEL E. DAVIS** to enter and/or sign said Contract and/or Agreement.   Counter-Defendants knew the representations made to Counter-Plaintiff **DANIEL E. DAVIS** were false when they made them or made them recklessly without any knowledge of their truth and as positive assertions.  Furthermore, Counter-Defendants, by and through their agents, employees, and/or representations, made said representations with the intention that they be acted upon by Counter-Plaintiffs, including Counter-Plaintiff **DANIEL E. DAVIS**.  **MR. DAVIS** did, in fact, act and signed the said Contract and/or Agreement  in reliance upon such representations.

3.24 Counter-Plaintiffs would show the Court and Jury that Counter-Defendants made the following representations or knowingly concealed the following information; including, but not limited to:

16

(1)    MR. DAVIS was to be employed as Managing Director and President of **FFC USA**;

(2)    MR. DAVIS was to be paid his salary, home leave benefits, and other benefits accured if he was discharged for cause;

(3)    MR. DAVIS would have a ten percent (10%) ownership in **FFC USA**;

(4)    MR. DAVIS would receive a royalty fee of one percent (1%) of the sale price for the sale of each crane manufactured or assembled pursuant to his patented invention, namely, the Excavator Upper and Variable Gague Lower for the making of a lattice and box boom Crawler Crane, and whether or not the sale took place before or after the termination of the Shareholders' Agreement;

(5)    MR. DAVIS would be acknowledged as the inventor of and owner of the trade secrets to the **DAVIS CRAWLER CRANES**; and

(6)    MR. DAVIS would be acknowledged as the owner of all technology and drawings associated with the **Davis Crawler Cranes**.

3.25 Counter-Plaintiffs further allege that each and every one of the representations set forth above were more than mere opinions, predictions, or expectations, but concerned material facts for the reason that Counter-Plaintiff **DANIEL E. DAVIS** would not have signed the **EMPLOYMENT CONTRACT** and/or **SHAREHOLDERS' AGREEMENT**. Each and every one of the representations was relied on by Counter-Plaintiffs to Plaintiffs' substantial injuries and damages as described more fully below. Plaintiffs' damages and/or injuries have occurred as a direct and proximate result of Counter-Defendant's fraudulent representations and/or actions. As such, Counter-Plaintiffs seek damages from Counter-Defendants, jointly and severally, in an amount within the jurisdictional limits of this Court.

## IV.

## DAMAGES SOUGHT BY COUNTER-PLAINTIFFS

4.01 Based upon the aforementioned paragraphs 2.01 - 2.12 and 3.01 - 3.24, Counter-Plaintiff **DANIEL E. DAVIS** has suffered emotional distress and/or mental anguish in the future, and will continue to suffer emotional distress and/or mental anguish, and seeks to recover these damages from Counter-Defendants, jointly and severally, in an amount within the jurisdictional limits of this Court..

17

4.02 Based upon the aforementioned paragraphs 2.01 - 2.12 and 3.01 - 3.24 Counter-Plaintiff **DANIEL E. DAVIS** has suffered damage to his reputation, and seeks to recover these damages from Counter-Defendants, jointly and severally, in an amount within the jurisdictional limits of this Court.

4.03 Based upon the aforementioned paragraphs 2.01-2.12 and 3.01 3.24. Counter-Plaintiff has suffered damage to his business reputation, and seeks to recover these damages from Counter-Defendants, jointly and severally, in an amount within the jurisdictional limits of this Court.

4.04 Based upon the aforementioned paragraphs 2.01 - 2.12 and 3.01 - 3.24, Counter-Plaintiff **DANIEL E. DAVIS** has suffered economic damages, including, but not limited to lost wages, lost income, and lost royalties, and seeks to recover these damages from Counter-Defendants jointly and severally

## V.

## EXEMPLARY DAMAGES

5.01 Counter-Plaintiffs will further show the Court and Jury that all of the foregoing conduct of the Counter-Defendants constitutes malice in that such conduct was either a specific intent by the Counter-Defendants to cause substantial injury to Counter-Plaintiff **DANIEL E. DAVIS** or an act or omission by Counter-Defendants which when viewed objectively from the standpoint of the Counter-Defendants at the time of its occurrence involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others and of which the Counter-Defendants have actual subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others.

5.02 As a direct and proximate result of Counter-Defendants' malicious conduct, Counter-Plaintiffs seek to recover exemplary and/or punitive damages from Counter-Defendants, jointly and severally in an amount to be determined by the jury or trier of fact.

# VI.

## ATTORNEY'S FEES

6.01 As a further result of Counter-Defendants' actions and practices, Counter-Plaintiffs have been compelled to engage the services of the law firm whose name is subscribed to this pleading and has agreed to pay such attorneys for legal services rendered and to be rendered in the preparation and trial of this cause. As such, Counter-Plaintiffs seek to recover reasonable attorney's fees in relation to the work performed and to be performed in this cause of action.

## PRAYER

WHEREFORE, PREMISES CONSIDERED Counter-Plaintiffs pray that Counter-Defendants **FAVELLE FAVCO CRANES USA, INC., FAVELLE FAVCO CRANES (M) SDN BHD, and FAVELLE FAVCO HOLDINGS SDN BHD** be cited to appear and answer, that a trial by jury be had on the merits, and that on final trial, Counter-Plaintiffs have the following:

(1)    Judgment against Counter-Defendants, jointly and severally for actual damages in a sum within the minimum jurisdictional limits of this Court;

(2)    Prejudgment and post judgment interest as provided by law;

(3)    Reasonable attorney's fees;

(4)    An award of exemplary and/or punitive damages against Counter-Defendants, jointly and severally, in a sum to be determined by the trier of fact;

(5)    Costs of suit; and

(6)    Such other and further relief to which Counter-Plaintiffs may be justly entitled.

19

Respectfully submitted,

LAW OFFICES OF
ERNEST GAMEZ, JR., P.C.
777 E. Harrison Street
Brownsville, Texas 78520
TEL/ (956) 541-3820
FAX/ (956) 541-7694

BY: _____
ERNESTO GAMEZ, JR.
State Bar No. 07606600
County Id No. 9901

VICTOR QUINTANILLA
State Bar No. 00786181
County Id. No. 9917

Attorneys for Counter-Plaintiffs
**DANIEL E. DAVIS, DAVISCO,
INC. and COBURN
INTERNATIONAL, LTD.**

## CERTIFICATE OF SERVICE

I, **VICTOR QUINTANILLA,** hereby certify that on this 6th day of November, 2000, a true

and correct copy of **Defendants' First Amended Counterclaim** was served **CM RRR # 7099 3220**

**0006 2777 5370** on Counter-Defendants' counsel of record, Hon. Gary Gurwitz, **ATLAS & HALL,**

**L.L.P.,** P.O. Drawer 3725, 818 Pecan, McAllen, Texas, 78502.

_____
VICTOR QUINTANILLA

20

## CAUSE NO. 99-10-4467-C

| | | |
|---|---|---|
| FAVELLE FAVCO CRANES USA, INC | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | |
| | § | |
| DANIEL E. DAVIS, DAVISCO, INC., | § | |
| and COBURN INTERNATIONAL LTD. | § | |
| | § | CAMERON COUNTY, TEXAS |
| VS. | § | |
| | § | |
| FAVELLE FAVCO CRANES USA, INC., | § | |
| FAVELLE FAVCO CRANES (M) SDN | § | |
| BHD and FAVELLE FAVCO HOLDINGS | § | |
| SDN BHD | § | 197TH JUDICIAL DISTRICT |

# EXHIBIT "A"

# SHAREHOLDERS' AGREEMENT

THIS AGREEMENT is made the ..16th.. day of August 19.. Between:-

1.   FAVELLE FAVCO CRANES (M) SDN. BHD., a company incorporated i Malaysia with its registered office at ..... ("the First Party") o the one part; and

2.   DANIEL E. DAVIS] (Passport No. .....) of USA ("the Secon Party") of the other part.

IT IS AGREED as follows:-

1.1   The parties hereto shall within .... days from the date o this Agreement form a corporation in the State of Texas, Unite States of America ("the Company").

1.2   The Constitution of the Company shall be in the form an content of the draft annexed hereto and initialled by the partie for the purposes of identification. In the event of a conflic between the provisions of this Agreement and the Constitution o the Company, the provisions of this Agreement shall prevail and th parties shall cause the necessary amendments to be made to th Constitution.

1.3   The Company shall have an initial authorised share capital o United States Dollars Three Million (US$3,000,000/-) divided int 3,000,000 ordinary shares of the par value of United States Dolla One (US$1) per share. The initial issued and paid up capital of th Company shall be United States Dollars Five Hundred Thousa (US$500,000/-).

1.4   Unless otherwise varied by written agreement, the issued a paid up capital of the Company shall be held by the parties in t following proportions:

The First Party 90 %

The Second Party 10 %

1.5   If the Second Party is desirous of disposing any or all of h shares, the First Party hereby agrees to take up the said shar within thirty (30) days of being so notified by the Second Par If the First Party is desirous of disposing any or all of h shares, it must first make the offer to the Second Party and if Second Party does not take up all or any of the said shares wit thirty (30) days of being so offered, then the First Party may s them to a third party and in any event in accordance with the te of the Company's Constitution PROVIDED that if the First Party desirous of disposing more than 50% of its total shareholdings the Company it may not sell them to a third party unless the th party also make an offer to the Second Party to purchase all shares. The parties hereto hereby agree that the purchase price

Exhibit 2

DED.

the sale and purchase of shares pursuant to this Clause 1.5 shall
be determined in accordance with Clause 6.4.2.

1.6  Any party will have a right of pre-emption in case any shares
are issued whether from the unissued authorised capital or from an
increase in the authorised capital.

2.1  The composition of the board of directors of the Company
("Board") shall be as follows:

The First Party .....

The Second Party .....

2.2  All resolutions of the Board shall be approved by a simple
majority of the Board.

3.1  All matters raised at a meeting of the Company shall, unless
otherwise required by the laws of the State of Texas, be decided by
a simple majority of the shareholders present at the meeting.

4.1  The parties hereto agree that unless otherwise varied in
writing, the business of the Company shall be restricted and
confined to the following:-

   (a)  sales and marketing arm for Favelle Favco Cranes (M) Sdn.
   Bhd. ("FFC") in the United States of America, Mexico, Central
   and South America;

   (b)  buy parts and materials for FFC and arrange for the
   shipping thereof to Malaysia or such other location as
   designated by FFC;

   (c)  if requested by FFC, buy used crawler cranes and
   foundation equipment for Asia and or the Middle East;

   (d)  quote manitex offshore spare parts and establish parts
   supplier in the United States of America;

   (e)  quote new manitex offshore pedestal cranes;

   (f)  fabricate towers and booms and Kroll tower cranes for
   FFC;

   (g)  sell the whole of the West Manitowoc cranes in Mexico,
   central and south America; and

   (h)  finalise, conceptualise, design and manufacture Excavator
   Upper and Variable Gauge Lower for the manufacture of Lattice
   and Box Boom Crawler Crane.

5.1  The Second Party hereby agrees with the First Party that it
shall not, during the subsistence of this Agreement and for a
period of three years after the determination of this Agreement

whatever reasons, directly or indirectly enter into any agreement arrangement, partnership or otherwise in competition with th business carried on or proposed to be carried on by the Compar unless the termination of this Agreement is pursuant to Clause 6.2.2 or 6.3.

6.1 This Agreement shall continue in full force and effect unti terminated in accordance with the provisions of this clause.

6.2 Either of the parties to this Agreement shall be entitled t terminate this Agreement immediately by notice in writing to th defaulting party ("Defaulting Shareholder(s)") if any of the event set out below shall occur. The said events are:-

6.2.1 If the Defaulting Shareholder(s) shall commit ar material breach of any of its obligations under this Agreemen and shall fail to remedy such breach (if capable of remedy within fourteen (14) days after being given notice by th other parties hereto so to do; or

6.2.2 If one or more parties hereto (being a Company shall go into liquidation whether compulsory or voluntar (except for the purposes of a bona fide reconstruction c amalgamation with the consent of the other parties hereto su consents not to be unreasonably withheld) or if one or more c the parties hereto shall have an administrator appointed or i a receiver administrative receiver or manager shall appointed over any part of the assets or undertakings of th party or if a petition shall be presented or an order made f the appointment of a trustee in bankruptcy; or

6.2.3 If one (1) party acquires all the shares of th Company.

6.3 This Agreement shall terminate immediately if an effecti resolution is passed to wind up the Company or if a liquidator otherwise appointed (but without prejudice to any rights of th parties hereto may have against the other party prior to su termination).

6.4.1 If either of the parties hereto shall serve a val notice of termination under Clause 6.2 that party ("r Terminator(s)") shall be entitled by that notice to require t Defaulting Shareholder(s) ("the Terminatee(s)") either to purcha all (but not some only) of his or its shares in the Company of t Terminator(s) or to sell to the Terminator all (but not some onl of the shares of the Terminatee(s) in the Company in either case a price determined in accordance with the provisions of Clau 6.4.2. Upon exercise of any such right by the Terminator(s) it a the Terminatee(s) shall become bound respectively to sell purchase on the terms set out below. If in a valid terminati notice to such power of sale or purchase is exercised by t Terminator(s) the parties shall procure that the Company shall immediately wound up.

D.4O.

6.4.2      The purchase price of the shares to be bought and sol
pursuant to Clauses 6.4.1 and 1.5 shall be their fair value a
agreed between the parties to such sale and purchase or in defaul
of agreement within fourteen (14) days after the service of th
notice of termination such sum shall be certified (at the reques
of either such parties) by the auditors for the time being of th
Company to be the fair value of such share on the date when th
termination notice was served. In so certifying the auditors ar
irrevocably instructed to value the ordinary shares to be bough
and sold as the same proportion of the market value of the Compan
as a whole on that date as the relevant ordinary shareholding bear
to the whole issued ordinary share capital of the Company on tha
date but otherwise they shall take into accounts all suc
circumstances as shall seem to them relevant.  In so acting suc
auditors are instructed to act as experts and not as arbitrator
and their decision shall (save in respect of manifest error) b
final and binding on the parties to such sale and purchase for al
purposes and their costs shall be borne in equal shares by suc
parties.

6.4.3      Completion of the sale and purchase of shares pursuant t
the provisions of Clause 6.4.1 shall take place at the registere
office of the Company on the 3rd business day after the pric
payable for such shares has been agreed or determined in accordanc
with the provisions of Clause 6.4.2 (or such other time and/o
place in respect of which the provisions of 6.4.4, 6.4.5, 6.4.6 an
6.4.7 shall then have effect).

6.4.4      At any completion of the sale and purchase of share
pursuant to Clause 6 in return for bankers draft drawn on a Unite
States clearing bank (or such other means of payment which i
agreed by the seller) for the full amount of the purchase money fo
the shares being bought and sold and such other amounts as a
referred to in Clause 6.4.5 the seller shall deliver to th
purchaser duly executed share transfers for the shares being so
in favour of the purchaser or as it may direct together with th
relevant share certificate(s).

6.4.5      The parties hereto shall exercise all voting and oth
rights available to them to ensure the implementation of t
preceding provision of this clause and that any provisio
contained in the articles of association of the Company restricti
transfers of shares shall be waived or suspended to allow su
sales and purchases to proceed as provided above and t
shareholders shall procure the registration of any transfer of
shares in the Company pursuant to this Agreement accordingly.

7.1  The First Party shall for a period of three years from
date of this Agreement pay to the Second Party a royalty fee of
of the sale price for the sale of each crane manufactured
assembled pursuant to the Second Party's patented inventi
namely, the Excavator Upper and Variable Guage Lower for the mak
of a Latice and Box Boom Crawler Crane, and whether or not the s
took place before or after the termination of this Agreement.

8.1 This Agreement shall be governed by and construed
accordance with the laws of the State of Texas, United States
America and the parties expressely submit to the non-exclusi
jurisdiction of the courts of that country.

IN WITNESS WHEREOF the parties hereto have hereunto caus
their respective duly authorised representatives to set their han
the day and year first above written.

SIGNED by            )
for and on behalf of )
FAVELLE FAVCO CRANES )
(M) SDN. BHD. in the )
presence of:         )


SIGNED by the said   )
DANNIEL E. DAVIS     )
in the presence      )
of:-                 )

D.S.D.

## CAUSE NO. 99-10-4467-C

| | | |
|---|---|---|
| FAVELLE FAVCO CRANES USA, INC | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | |
| | § | |
| | § | |
| DANIEL E. DAVIS, DAVISCO, INC., | § | |
| and COBURN INTERNATIONAL LTD. | § | |
| | § | CAMERON COUNTY, TEXAS |
| VS. | § | |
| | § | |
| | § | |
| FAVELLE FAVCO CRANES USA, INC., | § | |
| FAVELLE FAVCO CRANES (M) SDN | § | |
| BHD and FAVELLE FAVCO HOLDINGS | § | |
| SDN BHD | § | 197TH JUDICIAL DISTRICT |

# EXHIBIT "B"

 

FAVELLE FAVCO ___S (USA) INC.

*Issues to be incorporated in the New Shareholders Agreement for FFC-USA*

### 1) *Capitalisation of FFC-USA*

FFC-USA will be recapitalized at an initial equity base of US$10m with Mr Daniel Davis holding 70% and FFC Holdings 30%. Mr Davis to inject up to $7m for his portion while FFC-Holdings' contribution to be capitalized from funds remitted made to FFC-USA by FFC-Malaysia. FFC-USA to repay FFC-Malaysia the remaining advances plus interest (based on interest rates paid by FFC Holdings in Malaysia) plus other amounts due to the other related companies.

Future increases in capitalization are subject to Board of Directors' Approval and both parties are to contribute additional capital in proportion to their respective equity holdings.

### 2) *Management of FFC-USA*

Mr Daniel Davis to remain as President and Managing Director and shall assume management control of the company. He will report to the Board of Directors. FFC Holdings reserve the right to have an internal audit conducted on FFC-USA on an annual basis.

### 3) *Patent to Crawler crane design*

Mr Daniel Davis is the inventor and the owner of the patents to the design. The rights to use the designs and drawings are to be licensed to FFC-USA. In return, Mr Daniel Davis is to derive a royalty of_____ over a period of _____ years.

### 4) *Board of Directors*

4 Directors to represent Mr Daniel Davis' interest and 1 to represent FFC Holdings.

### 5) *Bank borrowings*

All bank borrowings are to be approved by the Board of Directors before being executed by officers of the company.

### 6) *Licensing Agreement*

Manitex
FFC-Holdings will license the rights to use the designs and drawings of the Manitex offshore pedestal cranes to FFC-USA. Ownership of designs and drawings remains with FFC Holdings. FFC-USA will pay a royalty of 10% on sale associated with the Manitex range of cranes and related products.

Favelle Favco and Kroll

Exhibit

3

CNIPDF - www.foxisa.com

FAVELLE FAVCO CR    (USA) INC.

FFC-USA will be the appointed the sales representative for FFC Holdings on its range of Favelle Favco and Kroll cranes. Geographical markets will be in North, Central and South America only. Sales into markets outside these predefined markets will be subjected to approval from FFC Holdings. All drawings and designs associated with the Favelle Favco and Kroll range of offshore remains the property of Favelle Favco.

Crawler cranes
FFC-USA is to license the rights to assemble the cranes to FFC-Malaysia for a predefined market (to be specified) for a predefined period in return for a royalty of ___%.

7)  Termination
In the event of a termination of this agreement, the right to the name and all associated drawings and designs of Favelle Favco, Kroll and Manitex range of products are to be returned to FFC- Holdings. Likewise, all information and rights to the crawler cranes are to be returned to FFC-USA.

In the event that the termination was triggered by one party intending to sell out, the other party is to granted the first right of refusal to acquire the equity stake on the party that is selling out.

8)  Non competition
In the event of a termination, FFC-Holdings will undertake not to compete with FFC-USA on its range of crawler cranes (either through its own designs or through collaboration with new partners) for a period of ___years. Likewise, FFC-USA will undertake not to compete with FFC-Holdings on its range of offshore and tower cranes (either through its own design or through collaboration with new partners for the same period of years.

9)  The name of FFC-USA
Following the execution of this agreement, FFC-USA is to adopt a new name to reflect the new partnership.

As the owner of the patent to the crawler crane, Mr Daniel Davis will reserve the right the adopt a new name for the range of crawler cranes which may or may not adopt the new name of the company.

DANNY,
ATTACHED THE ISSUES TO
BE ADDRESSED IN THE
NEW AGREEMENT.
IF YOU HAVE OTHER
POINTS TO ADD, PLEASE
LET ME KNOW.
I WILL THEN FAX THIS
LIST TO DENNIS TO
DRAFT THE AGREEMENT.
YEE

CAUSE NO. 99-10-4467-C

| | | |
|---|---|---|
| FAVELLE FAVCO CRANES USA, INC | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | |
| | § | |
| DANIEL E. DAVIS, DAVISCO, INC., | § | |
| and COBURN INTERNATIONAL LTD. | § | |
| | § | CAMERON COUNTY, TEXAS |
| VS. | § | |
| | § | |
| FAVELLE FAVCO CRANES USA, INC., | § | |
| FAVELLE FAVCO CRANES (M) SDN | § | |
| BHD and FAVELLE FAVCO HOLDINGS | § | |
| SDN BHD | § | 197TH JUDICIAL DISTRICT |

EXHIBIT "C"

**THIS EMPLOYMENT CONTRACT**, made and entered into, between **FAVELLE FAVCO HOLDINGS** (herein sometimes " Employer ") and Daniel E Davis (hereinafter " Employee ") employed as a Managing Director to perform on behalf of Employer work at its facility in USA, herein provides for the employment of Employee on the following terms and conditions to which Employer and Employee hereby agree :

1. **ASSIGNMENT OF WORK**

    Employee shall be employed in the above named country by Employer in the classification above specified. Employee expressly represents to Employer that he is fully qualified to perform that class of work and that he is bondable.

    Employer may require Employee to render services in a classification other than that specified above, provided that Employee's salary rate shall not be reduced below that provided herein. However, if Employee is not, in the sole judgement of Employer's Managing Director qualified to perform the work falling within the classification stated above, this Employment Contract may be terminated by Employer or the parties may agree in writing upon the assignment of Employee to a classification of work carrying a lower salary rate.

2. **TERM OF AGREEMENT**

    This Employment Contract is for a period of thirty-six (36) months, except as provided in the following subparagraphs (a) and (b). Employee's actual assignment in USA will take place approximately

    (a) **Renewal of Agreement**

        This agreement shall be automatically renewed for a term of twelve (12) months unless either party gives the other written notice received three (3) months prior to the expiration of this Employment Contract.

    (b) **Termination by Employer**

        (1) If Employer gives written notice of termination for its convenience (including medical discharge as provided in Article 10 hereof), this Employment Contract shall terminate upon the date specified in that notice, Employee shall thereupon be entitled to any accrued salary and home leave, and other benefits which may have accrued prior to that date and, in addition, Employer shall pay cost of return transportation and expenses. However, should the Employer give notice of termination for its convenience prior to completion of this contract, the Employee will receive twenty four (24) months base salary or payment of Employee's base salary through the end of this Contract, whichever is less. This separation payment will be the full and final settlement of all wages due Employee.

1

(2) If Employer discharges Employee for cause, this Employment Contract shall terminate at the moment of discharge, and Employee shall thereupon be entitled to salary, home leave and other benefits accrued prior to that date and, in addition, Employer shall pay cost of return transportation and expenses as prescribed in Appendix "A" hereto. Discharge for cause shall include but not be limited to incompetence; participation in any black market activity; wilful or grossly negligent misconduct the use of narcotics trafficking in illicit drugs or other contraband; the contraction of venereal diesal insubordination; failure to observe safety rules after written warning; refusal to work; engaging in conduct prejudicial to the interests of the Employer or the Governments of the United States or China; or any other act of substantial misconduct.

(c) **Termination by Employee**

(1) If Employee has completed his scheduled assignment and elects not to reconstruct, Employee shall be paid return transportation to his point of origin.

(2) If Employee quits before completing his assignment, this Employment Contract shall terminate on the date the Employee quits. Payments of salary, home leave and other benefits therefore accrued will not be made until Employer is satisfied that all Employee's obligations to Employer have been fulfilled.

3. **WAGES, ALLOWANCE AND HOURS**

(a) Employee shall be compensated at a monthly salary of US$8,000.00 .

(b) The compensation shall be payable monthly in US$ and deposited in the bank of Employer's choice for the account of the Employee. The Employer may make payments through a third party payroll administrator if the Company deems appropriate. Deductions will be made for required or authorised deductions.

(c) Income Tax imposed shall be the responsibility of the employee.

(d) The payments provided for in the foregoing subparagraph (a) shall constitute the entire compensation (except as otherwise provided in this Employment Contract) for the entire period of service unless otherwise agreed to in writing between the parties.

(e) Employee shall work such days, hours and shifts as may be required by Employer and shall be on 24 hour call in case of emergency as determined by Employer. Employee is aware that the workweek is Monday through the ensuing Friday, however, the workweek is subject to change as may be determined by Employer.

2

4    **ABSENCES**

Deductions from Employee's compensation will be made in the event of unexcited absences, including but not limited to injury or illness occasioned by neglect of Employee, use of alcohol or narcotics, or other unexcited failure or refusal to work or other cause for which termination could result.

5.    **COMPANY VEHICLE**

(a) Employer shall provide company car.
(b) Employee shall be responsible for it's traffic offences fine.

6.    **PERSONAL PROPERTY**

Employer shall not be responsible for Employee's clothing or other personal effects, and any loss thereof or casualty thereto, whether occurring in transit or otherwise, shall be for the account of Employee. Employee and Employer specifically agree that in no event, notwithstanding the foregoing, shall Employer reimburse Employee for such losses or casualties in an amount exceeding $500.00 in the aggregate.

7.    **COMPLIANCE WITH LAWS AND REGULATIONS**

(a) Employee understands that he shall not engage in black market or other illegal transactions in currency or to the commodities and that he must conform to all laws and controls of the country in which he is working. Employer shall have no responsibility for the conduct of defence of any prosecution of Employee brought about by his alleged violation of those laws. If Employee is arrested by reason of any such alleged violation, upon his release by the authorities Employer may return him to point of origin at his own expense.

(b) Employee shall comply with such rules and regulations as Employer may establish from time to time with respect to personnel employed by Employer. Employee agrees to account for all property which may be issued to him to work and live in harmony with his co-workers employed on the work, and at all times to conduct himself in an orderly manner, which due regard to the comfort and convenience of his co-workers.

8    **COMPENSATION DURING ILLNESS OR INJURY**

Employer will provide Worker's Compensation benefits. Workers' Compensation benefits will be provided for any injury or illness arising out of or in the course of employment tuned this Employment Contract, in accordance with provisions of the Employer's contract's with FAVELLE FAVCO CRANES HOLDING SDN BHD.

3

9. **MEDICAL DISCHARGE OF EMPLOYEES**

Should the health of Employee become impaired, as determined by Employer based upon such examinations and tests as Employer may require, and that impaired health is due to no fault of Employee, Employer may terminate Employee's services for Employer's convenience in accordance with the provisions of Article 2 hereof.

10. **GROUP HOSPITAL-MEDICAL**

Employee will be provided for a health plan in USA.

11. **DISPOSITION OF EMPLOYEE'S REMAINS**

If Employee dies during the term of this Agreement, Employer shall use its best efforts to dispose of Employee's remains in compliance with any known directives or desires of Employee and, lacking any such knowledge, in accordance with instruction of Employee's next of kin, and shall pay the cost of any necessary transportation of remains to the Point of Origin or any equally distant point indicated by the next of kin.

12. **ALLOTMENT OF DEPOSITS**

By execution of an appropriate instrument furnished by Employer, Employee may authorise all or any part of his earnings under this Contract to be paid to a designated beneficiary. Only one such authorisation shall be in effect any time, once such instrument has been executed by Employee and accepted in writing by Employer, it shall remain in effect until cancelled or superseded by another instrument similarly executed and accepted. Except as above provided or required by law, no allotments, assignments or transfers of any amounts payable to Employee hereunder will be accepted or recognised by Employer.

Employee shall also by execution of an appropriate instrument, arrange with Employer for the deposit by Employer of the portion of his salary payable in U.S Dollars in a bank designated by Employee in the United States for this purpose.

13. **CLAIMS**

Any claims arising out of this Contract or in connection with employment under this Contract, expect claims for Workers' Compensation as provided in Article 9 hereof, shall be submitted by Employee by written notice to Employer within sixty (60) days after such claim or claims arise. Such written notice shall set forth in detailed the nature of the claim and the amount claimed by Employee. The giving of such written notice in the manner and at the time herein provided shall be a condition precedent to any rights of action on any claim arising out of this Contract in connection with employment under this Contract and any such right of action shall be limited to the matter setter forth in said written notice. Any right of legal action for a determination a

4

CUtePDF - www.tawika.com

claim under this section shall waived unless such legal action shall be commenced within six (6) months after termination of employment under this Contract.

On the termination of the Contract and payment to Employee of all amounts due to him hereunder, Employee shall execute and deliver to Employer upon form prepared by its, a receipt for said amounts and a release of all claims other than those claims which may have been submitted to Employer pursuant to the provisions hereof and which may still remain unsettled.

## 14. POINT OF HIRE : CHOICE OF LAW

The parties agree that this Employment Contract has been formed in the United States of America, which is Employee's point of hire, notwithstanding that his point of origin may be located elsewhere, and that this Employment Contract shall be interpreted and construed according to the laws of the United States of America, and more specifically, the State of Texas.

## 15. PASSPORTS, VISAS, HEALTH REQUIREMENTS

Employee shall obtain a passport. Any necessary visa in connection therewith will be the responsibility of the Employer. Medical examination, inoculations, and vaccinations, as specified by Employer, are also required. The cost of all such requirements, including 6th passport shall be borne by Employer.

## 16. CERTIFICATE OF EMPLOYMENT

EMPLOYEE HEREBY CERTIFIES THAT HE HAS READ THE FOREGOING EMPLOYMENT CONTRACT, AND THAT HE FULLY UNDERSTAND ITS TERMS AND CONDITIONS, AND EMPLOYEE FURTHER CERTIFIES THAT :

THE FOREGOING TERMS AND CONDITONS CONSTITUTE HIS ENTIRE EMPLOYMENT CONTRACT WITH FAVELLE FAVCO CRANES HOLDING SDN BHD AND THAT

NO STATEMENTS, PROMISES OR UNDERSTANDING, EITHER ORAL OR WRITTEN, HAVE BEEN MADE OTHER THAT THOSE STATED ABOVE.

THIS CONTRACT SHALL BE SUBJECT TO MODIFICATION ONLY BY WRITTEN INSTRUMENT SIGNED BY BOTH EMPLOYEE AND EMPLOYER.

5

IN WITNESS WHEREOF, this Employment Contract is executed by the parties named herein.

_(signature)_

**MAC NGAN BOON**

_(signature)_ Dan? E Dan

**DANIEL E. DAVIS**
23/6/97

_(signature)_

**WITNESSETH**

CHEAM TEK SIONG

( 670329-10-5063 )

23/6/97.

6

Citation for ⌐rsonal Service  _ - GENERAL _ _    Lit. Seq. = 0.001.01

No. 1999-10-004467-C

T H E   S T A T E   O F   T E X A S

NOTICE TO DEFENDANT: You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: FAVELLE FAVCO CRANES USA, INC.
                                     D: _____
    4 MILE EAST FM 106              _____
    PORT OF HARLINGEN, HARLINGEN   _____

    _                              _____
    t  _____.  GREETING:

        You are commanded to appear by filing a written answer to the

DEFEDANT'S FIRST AMENDED COUNTERCLAIM _____

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 197th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said  AMENDED COUNTERCLAIM  was filed on NOVEMBER 06, 2000 .  A copy of same accompanies this citation.

The file number of said suit being No. 1999-10-004467-C.

The style of the case is:

            FAVELLE FAVCO CRANES USA, INC.
                        VS.
            DANIEL E. DAVIS., ET AL.

Said petition was filed in said court by _____ HON. VICTOR QUINTANILLA (Attorney for _____ DEFENDANT _____ ), whose address is 777 E. HARRISON STREET BROWNSVILLE TX  78520 _____.

    The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

    The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

    Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 13th day of NOVEMBER (0 &^ 0, 2000.

                        AURORA DE LA GARZA        , DISTRICT CLERK
                        Cameron County, Texas
                        974 E. Harrison St.
                        Brownsville, Texas 78521
                        By_____, Deputy
                        ELOY  CORTEZ, JR.

R̄   URN   OF   OFFI ̄  ̄

Came to hand the _13_ day of _Nov_ , _2000_ , at _930_ o'clock _A_.M., and

executed (not executed) on the _13_ day of _Nov_ , _2000_, by delivering to

_Cheam Tek Siong_ in person a true copy of this Citation,

upon which I endorsed the date of delivery, together with the accompanying copy

of the _First amended original counter claim_ .

Cause of failure to execute this citation is: _____

_____ .

**FEES serving 1 copy**

Total....... $_35.00_          ~~Sheriff/constable~~   _Commena_   County, TEXAS

Fees paid by:_Ernesto Gamez_   By _Shelby_ _____ ~~Deputy~~

FILED _11.00_ O'CLOCK ___ M
AURORA DE LA GARZA DIST. CLERK

NOV 13 2000

DISTRICT COURT OF CAMERON COUNTY, TEXAS
_____ DEPUTY

## NOTARY ACKNOWLEDGMENT

**STATE OF TEXAS**

**COUNTY OF** Cameron

Before me, the undersigned, a Notary Public in and for said county and state, on this day personally appears.

Eduardo Gamez the person who deposes and says that He served the above named person a true copy of Citation time and place therein described.

Given under my hand and seal of office this 13 day of November A.D. 2000 .

TANYA PEREZ
Notary Public, State of Texas
My Commission Expires May 12, 2002

Tanya Perez

NOTARY PUBLIC IN AND FOR Cameron
County, Texas
My Commission EXPIRES: 05/12/02 .

Citatio. for Personal Service - NON-RESIDENT NOTICE    Lit. Seq. = 7.007.01

No. <u>1999-10-004467-C</u>

T H E   S T A T E   O F   T E X A S

    NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: <u>FAVELLE FAVCO HOLDING SDN BHD</u>
    <u>HON GARY GURWITZ AND</u>
    <u>HON CHARLES C. MURRAY</u>
    <u>818 PECAN</u>
    <u>P O BOX 3725</u>
    <u>MCALLEN TEXAS 78501</u>
the <u>THIRD PARTY DEFENDANT</u>, GREETING:

    You are commanded to appear by filing a written answer to the

<u>DEFENDANTS' FIRST AMENDED ORIGINAL COUNTERCLAIM</u>

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court <u>197th</u> Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said <u>AMENDED COUNTERCLAIM</u> was filed on <u>NOVEMBER 06, 2000</u> .  A copy of same accompanies this citation.

The file number of said suit being No. <u>1999-10-004467-C</u>.

The style of the case is:

        <u>FAVELLE FAVCO CRANES USA, INC.</u>
               VS.
        <u>DANIEL E. DAVIS., ET AL.</u>

Said petition was filed in said court by _____<u>HON. VICTOR QUINTANILLA</u>
(Attorney for _____<u>DEFENDANT</u>_____), whose address is
<u>777 E. HARRISON STREET BROWNSVILLE TX  78520</u>                            .

    The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

    The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

    Issued and given under my hand and seal of said Court at Brownsville, Texas, this the <u>13th</u> day of <u>NOVEMBER</u> , A.D. <u>2000</u>.

                   <u>AURORA DE LA GARZA</u> , DISTRICT CLERK
                   Cameron County, Texas
                   974 E. Harrison St.
                   Brownsville, Texas 78521
                   By: _____ , Deputy
                   **ELOY  CORTEZ, JR.**

RETURN OF OFFICER

Came to hand the _13_ day of _Nov_____, _00_, at _12:00_ o'clock _A_.M., and

executed (not executed) on the _13_ day of _Nov_____, _00_, by delivering to

_____Cleem Trk Strng_____ in person a true copy of this Citation

upon which I endorsed the date of delivery, together with the accompanying copy

of the _____

Cause of failure to execute this citation is: _____

_____

FEES serving 1 copy

Total....... $_35.00_          Sheriff/constable _Cameron_____ County,

Fees paid by: _Ernesto bauer_____     By _Eduada Ac_____ Deputy

FILED _11:00_ O'CLOCK _P_ M
AURORA DE LA GARZA DIST. CLERK

NOV 13 2000

DISTRICT COURT OF CAMERON COUNTY TEXAS
Danilo Ahumad DEPUTY

## NOTARY ACKNOWLEDGMENT

**STATE OF TEXAS**

COUNTY OF _Cameron_____

     **Before me, the undersigned, a Notary Public in and for said county and state, on this day personally appears.** _Eduardo Gamez_ **the person who deposes and says that** _He_ **served the above named person a true copy of** _Citation_____**time and place therein described.**

     **Given under my hand and seal of office this** _13_____ **day of** _November___ **A.D. 2000 .**

_Tanya Perez_

NOTARY PUBLIC IN AND FOR _Cameron_
County, Texas
My Commission EXPIRES: _05/12/02_

CM/PDF - www.texta.com

CAUSE NO. 1999-10-4467-C

| | | |
|---|---|---|
| FAVELLE FAVCO CRANES USA. INC. | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | |
| | § | |
| DANIEL E. DAVIS. DAVISCO, INC. | § | |
| AND COBURN INTERNATIONAL. LTD. | § | CAMERON COUNTY. TEXAS |
| | § | |
| vs. | § | |
| | § | |
| FAVELLE FAVCO CRANES USA, INC., | § | |
| FAVELLE FAVCO CRANES (M) SDN | § | |
| BHD. FAVELLE FAVCO HOLDINGS | § | |
| SDN BHD | § | 197TH JUDICIAL DISTRICT |

## FAVELLE FAVCO CRANES USA, INC.'S
## ANSWER TO DEFENDANTS' FIRST AMENDED COUNTERCLAIM

TO THE HONORABLE JUDGE OF SAID COURT:

Now Comes FAVELLE FAVCO CRANES USA. INC., (FFC USA). Plaintiff and a Counter-Defendant in the above-entitled and numbered cause. and files this its Answer to *Defendants' First Amended Counterclaim.* and for such answer would respectfully show to the Court the following:

I.

### GENERAL DENIAL

Reserving the right to file other and further pleadings. exceptions and denials. FFC USA denies each and every material allegation contained in *Defendants' First Amended Counterclaim* and demands strict proof thereof in accordance with the laws and the Rules of Civil Procedure of the State of Texas.

WHEREFORE. PREMISES CONSIDERED. FFC USA prays that Defendants take nothing by their counterclaim. that final judgment be entered in favor of FFC USA, that FFC USA recover

from Defendants their costs and reasonable attorneys' fees. and that FFC USA has such other and

further relief to which it may show itself justly entitled.

Respectfully submitted.

Gary Gurwitz
State Bar No. 08631000
Southern Dist. I.D. # 1194
Charles C. Murray
State Bar No. 14719700
Southern Dist. I.D. #1214
ATLAS & HALL, L.L.P.
818 Pecan (Zip Code: 78501)
P.O. Box 3725
McAllen, Texas 78502
Telephone: 956/682-5501
Fax: 956/686-6109

Willem G. Schuuman
State Bar No. 17855200
Brian K. Buss
State Bar No. 00798089
VINSON & ELKINS, L.L.P.
600 Congress Avenue, Suite 2700
Austin, Texas 78701
Telephone: 512/495-8400
Fax: 512/495-8612

By: _____

**ATTORNEYS FOR FAVELLE FAVCO
CRANES USA, INC.**

FFC
vs.
DAVIS

FAVELLE FAVCO CRANES USA, INC.'S ANSWER TO DEFENDANTS'
FIRST AMENDED COUNTERCLAIM
PAGE 2

## CERTIFICATE OF SERVICE

This will certify that a true and correct copy of this document was served on all counsel of record by certified mail, return receipt requested, hand delivery and/or fax on the _____ day of November, 2000, as follows:

Ernesto Gamez, Jr.
Victor Quintanilla
Law Offices of Ernesto Gamez, Jr., P.C.
777 E. Harrison Street
Brownsville, Texas 78520

FFC
vs.
DAVIS

FAVELLE FAVCO CRANES USA, INC.'S ANSWER TO DEFENDANTS'
FIRST AMENDED COUNTERCLAIM
PAGE 3

CAUSE NO. 1999-10-4467-C

FAVELLE FAVCO CRANES USA, INC. §          IN THE DISTRICT COURT
                                §
VS.                             §
                                §
DANIEL E. DAVIS, DAVISCO, INC.  §
AND COBURN INTERNATIONAL, LTD. §          CAMERON COUNTY, TEXAS
                                §
vs.                             §
                                §
FAVELLE FAVCO CRANES USA, INC., §
FAVELLE FAVCO CRANES (M) SDN    §
BHD, FAVELLE FAVCO HOLDINGS     §
SDN BHD                         §          197TH JUDICIAL DISTRICT

---

### THIRD PARTY DEFENDANT FAVELLE FAVCO HOLDINGS SDN BHD'S ORIGINAL ANSWER TO DEFENDANTS' FIRST AMENDED COUNTERCLAIM

---

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES FAVELLE FAVCO HOLDINGS SDN BDH, ("Holdings"), a Third Party Defendant in the above-entitled and numbered cause, and files this its original answer in response to *Defendants' First Amended Counterclaim* filed by Daniel E. Davis, Davisco, Inc. and Coburn International, Ltd., ("Defendants"), and for such answer would show to the Court the following:

### I.

### GENERAL DENIAL

Reserving the right to file other and further pleadings, exceptions and denials, Holdings denies each and every material allegation contained in *Defendants' First Amended Counterclaim* and demands strict proof thereof in accordance with the laws and the Rules of Civil Procedure of the State of Texas.

WHEREFORE, PREMISES CONSIDERED, Holdings prays that Defendants' claims for relief be denied, that Defendants take nothing by their suit, that final judgment be entered in favor of Holdings, that Holdings recover from Defendants its costs and reasonable attorneys' fees, and that Holdings have such other and further relief to which it may show itself justly entitled.

Respectfully submitted,
Gary Gurwitz
S.B. # 08631000/Fed. I.D. No. 1194
Charles C. Murray
S.B. # 14719700/Fed I.D. No. 1214
ATLAS & HALL, L.L.P.
818 Pecan - P.O. Drawer 3725
McAllen, Texas  78502
Tele: 956/682-5501   Fax 956/686-6109

Willem G. Schuurman
S.B. # 17855200
Brian K. Buss
S.B. # 00798089
VINSON & ELKINS, L.L.P.
600 Congress Avenue, Suite 2700
Austin, Texas 78701
Tele: 512/495-8400
Fax: 512/495-8612

By_____

**ATTORNEYS FOR THIRD PARTY
DEFENDANT FAVELLE FAVCO
HOLDINGS SDN BHD**

## CERTIFICATE OF SERVICE

This will certify that a true and correct copy of this document was served on all counsel of record, by certified mail, return receipt requested, on the 4th day of December, 2000, as follows:

Ernesto Gamez, Jr.
Victor Quintanilla
Law Offices of Ernesto Gamez, Jr., P.C.
777 E. Harrison Street
Brownsville, Texas 78520

Gary Gurwitz

FFC
VS.
DAVIS

THIRD PARTY DEFENDANT FAVELLE FAVCO HOLDINGS SDN BHD'S
ORIGINAL ANSWER TO DEFENDANTS' FIRST AMENDED COUNTERCLAIM
PAGE 2

RUN DATE: 11/29/00
RUN TIME: 1:15 PM

PAGE: 01

1999-10-004467-C

* * * * C L E R K ' S   E N T R I E S * * * *

FAVELLE FAVCO CRANES USA, INC.

VS

DANIEL E. DAVIS., ET AL.

00000709
HON. GARY GURWITZ
P.O. BOX 3725
MCALLEN, TX        78502 3725

00497302
HON. RAY R. MARCHAN
1926 E. ELIZABETH
BROWNSVILLE, TEXAS    78520 0000

(10)                    10    26    99

DECLARATORY JUDGMENT                    30.00

HON. ERNESTO GAMEZ, JR.

11/08/99  ORDER UNDER RULE 103 SIGNED FOR ENTRY.MMURRAY/ECORTEZ
12/08/99  MTN FOR DEFAULT JUDGMT SET 1/12/2000 AT 9:00 A.M. MLOPEZ/MG
12/13/99  Atty G. Gurwitz to submit Order resetting Default Hearing from
          1/12/2000 to 1/7/2000 at 9 a.m.  -na-
12/13/99  DEFAULT JUDGMT RESET FOR 1/12/2000 AT 9:00 A.M. MLOPEZ/MGARCIA
01/05/00  Plaintiff Atty's secretary advised Ct Def. had answered;
01/05/00  Default Hearing passed.  -na-
03/28/00  MTN TO QUALIFY SET 4/12/00 AT 9:00 A.M.  MLOPEZ/MGARCIA
04/07/00  PF'S PLEA IN ABATEMENT AND MTN FOR STAY SET 4/12/00 AT 9:00
04/07/00  A.M. AS PER ORDER SIGNED  MLOPEZ/MGARCIA
04/07/00  HEARING ON PF'S MTN FOR CONTINUANCE SET 4/12/00 AT
          9:00 A.M. AS PER ORDER SIGNED  MLOPEZ/MGARCIA
04/18/00  ORDER DENYING PLEA IN ABATEMENT AND MTN FOR STAY SIGNED FOR
04/18/00  ENTRY  MLOPEZ/MGARCIA
04/19/00  TRIAL SETTING SET FOR 5/2/00 AT 9:00 A.M.  MLOPEZ/MGARCIA
05/23/00  TRIAL ON THE MERITS SET FOR 11/13/00 AT 9:00 AS PER ORDER..MLOPEZ/ECORTEZ
05/23/00  SET FOR 11/10/00 AT 9:00 A.M. WITH ANNOUNC.
08/01/00  HEARING ON PLAINTIFF'S MTN TO COMPEL DEFENDANT DANIEL E DAVIS
08/01/00  TO RESPOND TO FAVELLE FAVCO CRANES FIRST SET FOR PRODUCTION
08/01/00  SET FOR 8/16/00 AT 9:00 A.M...MLOPEZ/ECORTEZ
08/03/00  Attys contacted Ct and passed hearing from 8/16/00 to 8/30/00
08/03/00  @ 9 a.m.; Order to follow.  -na-
08/15/00  MTN FOR EXTENSION OF TIME TO FILE EXPERT REPORT
08/15/00  GRANTED AS PER ORDER...MLOPEZ/ECORTEZ
08/30/00  Hearing for 8/30/00 passed by agreement; Fax received.  -na-
10/11/00  DANIEL E DAVIS' MTN TO TAKE TELEPHONIC DEPOSITION OF JAMES
10/11/00  DF HOPKINS SET FOR 10/25/00 AT 9:00 A.M..MLOPEZ/ECORTEZ
10/25/00  ORDER ON DEFT DANIEL E DAVIS' MOTION TO TAKE TELEPHONIC
10/25/00  DEPOSITION OF JAMES HOPKINS SIGNED FOR ENTRY...MLOPEZ/LROD

10/26/99  ORIGINAL PETITION FILED
10/26/99  CITATION: DANIEL E. DAVIS          FILED: 11/23/99
10/26/99  CITATION: DAVISCO, INC.           FILED: 11/23/99
10/26/99  SERVED: 11/08/99
10/26/99  CITATION: COBURN INTERNATIONAL, LTD.   FILED: 11/23/99
10/26/99  SERVED: 11/08/99
11/08/99  MTN FOR DEFAULT JUDGMT          FILED: 11/23/99
12/14/99  ORIGINAL ANSWER: DANIEL E. DAVIS
12/14/99  ORIGINAL ANSWER: DAVISCO, INC.
12/15/99  ORIGINAL ANSWER: COBURN INTERNATIONAL,
          LTD.
03/27/00  MTN TO QUALIFY /MGARCIA
03/27/00  PF'S PLEA IN ABATEMENT AND MTN TO STAY
          PROCEEDINGS /MGARCIA
          FEDERAL PROCEEDINGS RESOLUTION OF
          /MGARCIA
04/06/00  PF'S MTN FOR CONTINUANCE OF HEARING
04/06/00  /MGARCIA
04/11/00  AFFIDAVIT OF VERIFICATION /MGARCIA
04/13/00  CERTIFICATE OF WRITTEN DISCOVERY
          /MGARCIA
04/13/00  MTN FOR TRIAL SETTING /MGARCIA
04/19/00  FIRST AMENDED CERTIFICATE OF WRITTEN
          DISCOVERY /MGARCIA
04/24/00  MEMORANDUM OF LAW CONCERNING
          DISQUALIFICATION/ECORTEZ
04/28/00  PF FAVELLE FAVCO CRANES USA INC'S
          MTN TO
04/28/00  QUALIFY ALTON PAYNE AS COUNSEL OF

Case 1:00-cv-00184   Document 1   Filed in TXSD on 12/04/2000   Page 152 of 157

```
                          *  *  *  C L E R K ' S   E N T R I E S  *  *  *

FAVELLE FAVCO CRANES USA, INC.        00000709
                                      HON. GARY GURWITZ
          VS                          P.O. BOX 3725                    78502 3725
                                      MCALLEN, TX
DANIEL E. DAVIS., ET AL.
                                      00497302                                          HON. ERNESTO
                                      HON. RAY R. MARCHAN                                GAMEZ, JR.
                                      1926 E. ELIZABETH
                                      BROWNSVILLE, TEXAS                78520 0000

                                      (10)                      DECLARATORY JUDGMENT               30.00

                                      PF /MGARCIA
10/25/00   HEARING ON DEFT'S EMERGENCY MOTION FOR TEMPORARY INJUNCTION
10/25/00   SET FOR 11/3/00 @ 9:00 AM AS PER ORDER SIGNED...MLOPEZ/LROD
11/07/00   HEARING ON DFS/COUNTER-PLAINTIFFS' MTN TO COMPEL, PRODUCTION OF
11/07/00   DOCUMENTS SET FOR 11/08/00 AT 9:00 A.M....MLOPEZ/ECORTEZ

06/02/00   NOTICE OF INTENTION TO TAKE ORAL
06/02/00   DEPOSITION OF CHEAM TEK
           SIONG/ECORTEZ
06/07/00   NOTICE OF INTENTION TO TAKE ORAL
           DEPOSITION OF MAC NGAN BOON/EC
07/03/00   CERTIFICATE OF WRITTEN
           DISCOVERY/ECORTEZ
07/06/00   FIRST AMENDED NOTICE OF INTENTION TO
07/06/00   TAKE ORAL DEPOSITION OF
07/06/00   CHEAM TEK SIONG/ECORTEZ
           FIRST AMENDED NOTICE OF INTENTION TO
07/06/00   TAKE ORAL DEPOSITION OF
           MAC NGAN BOON/ECORTEZ
07/06/00   SECOND AMENDED NOTICE OF INTENTION TO
07/06/00   TAKE ORAL (VIDEOTAPED)
           DEPOSITION OF CHEAM TEK
07/10/00   SIONG/ECORTEZ
07/10/00   SECOND AMENDED NOTICE OF INTENTION TO
           TAKE ORAL (VIDEOTAPED)
           DEPOSITION OF MCA NGAN BOON/ECORTEZ
07/11/00   SUBPOENA: CHEAM TEK SIONG     FILED: 08/03/00
07/11/00   SERVED: 07/12/00
07/11/00   SUBPOENA: MAC NGAN BOON       FILED: 08/03/00
07/11/00   SERVED: 07/11/00
07/21/00   PLAINTIFF'S MTN TO COMPEL DEFENDANT
07/21/00   DANIEL E. DAVIS TO RESPOND
           TO FAVELLE FAVCO CRANES, USA,
07/21/00   INC.'S FIRST SET OF REQUEST
           FOR PRODUCTION TO DANIEL E.
```

RUN DATE 11/29/00
RUN TIME 1:15 PM

PAGE: 03

FAVELLE FAVCO CRANES USA, INC.

VS

DANIEL E. DAVIS., ET AL.

*   *   *   *   C L E R K ' S   E N T R I E S   *   *   *

00000709
HON. GARY GURWITZ
P.O. BOX 3725
MCALLEN, TX                    78502 3725

(10)

1999-10-004467-C

10    26    99

00497302
HON. RAY R. MARCHAN
1926 E. ELIZABETH
BROWNSVILLE, TEXAS             78520 0000

DECLARATORY JUDGMENT

HON. ERNESTO
GAMEZ, JR.

30.00

| | |
|---|---|
| 07/25/00 | DAVIS/ECORTEZ |
| 07/25/00 | PLAINTIFF'S MTN TO COMPEL DEFENDANT |
| | DANIEL E. DAVIS TO RESPOND |
| | TO FAVELLE FAVCO CRANES USA, |
| 07/25/00 | INC.'S FIRST SET OF REQUEST |
| | FOR PRODUCTION TO DANIEL E. |
| 07/26/00 | DAVIS/ECORTEZ |
| 07/26/00 | FAVELLE FAVCO CRANES U.S.A., INC'S |
| | REQUESTS FOR PRODUCTION TO |
| 07/27/00 | ALTON W. PAYNE/ECORTEZ |
| 07/27/00 | PLAINTIFF'S SUPPLEMENTAL RESPONSE TO |
| | DEFENDANTS' MTN TO |
| | QUALIFY/ECORTEZ |
| 07/27/00 | DAVIS/ECORTEZ |
| 08/03/00 | FAVELLE FAVCO CRANES USA, INC'S NOTICE |
| | OF INTENT TO TAKE ORAL |
| 08/03/00 | DEPOSITION OF ALTON W. PAYNE WITH |
| | SUBPOENA DUCES TECUM/ECOR |
| 08/04/00 | FAVELLE FAVCO CRANES USA, INC'S |
| | NOTICE OF INTENT TO TAKE |
| 08/04/00 | ORAL DEPOSITION OF HERBERT L |
| | LYON,PH.D. AND REQUEST FOR |
| 08/04/00 | FOR DOCUMENTS/ECORTEZ |
| 08/04/00 | FAVELLE FAVCO CRANES USA,INC.'S NOTICE |
| | OF INTENT TO TAKE ORAL |
| 08/04/00 | DEPOSITION OF LOREN G. HELMREICH |
| | AND REQUEST FOR |
| 08/04/00 | DOCUMENTS/ECORTEZ |
| 08/04/00 | FAVELLE FAVCO CRANES, USA,INC'S NOTICE |
| | OF INTENT TO TAKE ORAL |

```
RUN DATE: 11/29/00                                                              PAGE: 04
RUN TIME: 1:15 PM

                                                                                1999-10-004467-C

FAVELLE FAVCO CRANES USA, INC.          *   *   *   C L E R K ' S   E N T R I E S   *   *   *

                vs

DANIEL E. DAVIS., ET AL.

                                        00000709                                        10    26    99
                                        HON. GARY GURWITZ
                                        P.O. BOX 3725
                                        MCALLEN, TX                      78502 3725

                                        (10)    DECLARATORY JUDGMENT                          30.00

                                        00497302                                        HON. ERNESTO
                                        HON. RAY R. MARCHAN                              GAMEZ, JR.
                                        1926 E. ELIZABETH
                                        BROWNSVILLE, TEXAS              78520 0000

                                        08/14/00   SULLIVAN/ECORTEZ
                                        08/14/00   MTN FOR EXTENSION OF TIME TO FILE
                                                   EXPERT REPORT/ECORTEZ
                                        08/14/00   DEFENDANT'S DESIGNATION OF EXPERT
                                                   WITNESSES AND PRODUCTION OF
                                                   EXPERT REPORTS/ECORTEZ
                                        08/15/00   DEFENDANT'S FIRST SUPPLEMENTAL
                                                   PRODUCTION OF EXPERT WITNESS/ECJ
                                        08/18/00   DEFENDANTS' SECOND SUPPLEMENTAL
                                                   PRODUCTION OF EXPERT REPORT/ECJ
                                        08/24/00   FAVELLE FAVCO CRANES USA INC'S AMENDED
                                                   NOTICE OF INTENT TO TAKE
                                                   ORAL DEPOSITION OF LOREN G.
                                                   HELMREICH AND REQUEST FOR
                                                   DOCUMENTS/ECORTEZ
                                        08/24/00   FAVELLE FAVCO CRANES USA, INC.'S
                                        08/31/00   SECOND AMENDED NOTICE OF
                                        08/31/00   INTENT TO TAKE ORAL DEPOSITION OF
                                                   LOREN G. HELMREICH AND
                                                   REQUEST FOR DOCUMENTS/ECORTEZ
                                        08/31/00   FAVELLE FAVCO CRANES, USA, INC.'S
                                        09/11/00   RESPONSES TO DFS/COUNTER-
                                                   PLAINTIFFS' SECOND REQUEST FOR
                                                   PRODUCTION/ECORTEZ
                                        09/20/00   DFS'/COUNTER-PLS' NOTICE OF INTENTION
                                        09/20/00   TO TAKE ORA/VIDEO DEPOS.
                                        09/20/00   OF RICHARD H ROBEY/ECORTEZ
                                                   DFS' THIRD SUPPLEMENTAL PRODUCTION OF
```

RUN DATE 11/29/00                                                              PAGE: 05
RUN TIME 1:15 PM                                                               1999-10-004467-C

FAVELLE FAVCO CRANES USA, INC.      *  *  *  C L E R K ' S   E N T R I E S  *  *  *

           VS

DANIEL E. DAVIS, ET AL.

00000709                                                                       (10)          10    26    99
HON. GARY GURWITZ
P.O. BOX 3725
MCALLEN, TX                           78502 3725      DECLARATORY JUDGMENT

00497302                                                                                HON. ERNESTO
HON. RAY R. MARCHAN                                                                      GAMEZ, JR.          30.00
1926 E. ELIZABETH
BROWNSVILLE, TEXAS                    78520 0000

09/26/00  TO TAKE ORAL DEPOSITION OF
          TERRY QUALEY/ECORTEZ
10/06/00  MTN TO TAKE TELEPHONIC DEPOSITION OF
          JAMES (JIM) HOPKINS/ECJ
10/11/00  DF'S/COUNTER-PLAINTIFFS' FIRST SUPPL.
          NOTICE OF INTENTION TO
10/11/00  TAKE ORAL DEPOSITION OF TERRY
          QUALEY/ECORTEZ
10/12/00  PL'S RESPONSE AND OBJECTION TO DF'S
          MTN TO TAKE TELEPHONIC
10/12/00  DEPOSITION OF JAMES (JIM)
          HOPKINS/ECORTEZ
10/12/00  PL'S MTN TO QUASH DEPOSITION OF TERRY
          QUALEY/ECORTEZ
10/16/00  PL'F MTN TO QUASH DEPOSITION OF TERRY
          QUALEY/ECORTEZ
10/24/00  DEFTS' COUNTER-PLAINTIFFS' EMERGENCY
          MOTION FOR TEMPORARY
10/24/00  INJUNCTION (INJUNCTIVE RELIEF) (LROD)
11/01/00  DFS/COUNTER-PLAINTIFFS' MTN TO COMPEL
          PRODUCTION OF DOCUMENTS/E
11/01/00  ECORTEZ
11/01/00  JURY FEE: Pd. by HON. VICTOR
          QUINTANILLA
11/01/00  REQUEST FOR JURY TRIAL/ECORTEZ
11/02/00  PL'S FIRST AMENDED PETITION AND ANSWER
          TO ORIGINAL COUNTERCLAIM

Case 1:00-cv-00184   Document 1   Filed in TXSD on 12/04/2000   Page 156 of 157

RUN DATE: 11/29/00
RUN TIME 1:15 PM

PAGE: 06

1999-10-004467-C

* * * C L E R K ' S   E N T R I E S * * *

FAVELLE FAVCO CRANES USA, INC.

VS

DANIEL E. DAVIS., ET AL.

00000709
HON. GARY GURWITZ
P.O. BOX 3725
MCALLEN, TX                     78502 3725

00497302
HON. RAY R. MARCHAN
1926 E. ELIZABETH
BROWNSVILLE, TEXAS              78520 0000

(10)    DECLARATORY JUDGMENT          10    26    99

HON. ERNESTO
GAMEZ, JR.

30.00

11/03/00   MOTION FOR TEMPORARY INJUNCTION/ECORTEZ
11/03/00   PLAINTIFF'S MTN TO STRIKE EXPERT WITNESS/ECORTEZ
11/03/00   PLAINTIFF'S AMENDED MOTION TO STRIKE EXPERT WITNESS/ECORTEZ
11/03/00   PLAINTIFF'S SUPPLEMENTAL ANSWER TO COUNTERCLAIM OF DANIEL DAVIS/ECORTEZ
11/06/00   DF'S FIRST AMENDED COUNTERCLAIM/ECORTEZ COUNTER CLAIM: DANIEL E. DAVIS
11/06/00   PLAINTIFF'S PARTIAL OPPOSITION TO DFS'/COUNTER PLS' MTN FOR CONTINUANCE/ECORTEZ
11/09/00   DFS'/COUNTER PLAINTIFFS; UNOPPOSED FIRST MTN FOR CONTINUANCE/ECJ
11/09/00   CITATION: FAVELLE FAVCO CRANES USA, INC.
11/13/00   CITATION: FAVELLE FAVCO HOLDING SDN BHD   SERVED: 11/13/00   FILED: 11/13/00
11/13/00   CITATION: FAVELLE FAVCO   SERVED: 11/13/00   FILED: 11/13/00
11/13/00   MOTION IN LIMINE/ECORTEZ
11/13/00   DFS/COUNTER-PLAINTIFFS' MOTION IN LIMINE/ECORTEZ
11/13/00   NOTICE OF INTENTION TO TAKE TELEPHONIC DEPOSITION OF JAMES E. (JIM) HOPKINS/ECORTEZ

Case 1:00-cv-00184   Document 1   Filed in TXSD on 12/04/2000   Page 157 of 157

RUN DATE: 11/29/00
RUN TIME: 1:15 PM

FAVELLE FAVCO CRANES USA, INC.

VS

DANIEL E. DAVIS., ET AL.

* * *   C L E R K ' S   E N T R I E S   * * *

00000709
HON. GARY GURWITZ
P.O. BOX 3725
MCALLEN, TX                    78502 3725

00497302
HON. RAY R. MARCHAN
1926 E. ELIZABETH
BROWNSVILLE, TEXAS             78520 0000

(10)

DECLARATORY JUDGMENT

HON. ERNESTO
GAMEZ, JR.

10   26   99

30.00

11/16/00   JAMES E. HOPKINS AND
           FOR PROTECTION/ECORTEZ
11/17/00   CERTIFICATE OF WRITTEN
           DISCOVERY/ECORTEZ
11/17/00   PL'S MTN TO QUASH DEPOSITION OF JAMES
           E. HOPKINS AND FOR
           PROTECTION/ECORTEZ
11/27/00   FAVELLE FAVCO CRANES USA, INC'S ANSWER
           TO DFS' FIRST AMENDED
11/27/00   COUNTERCLAIM/ECORTEZ