IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| FAVELLE FAVCO CRANES USA, INC. § | |
| § | |
| VS. § | |
| § | |
| DANIEL E. DAVIS, DAVISCO, INC. AND § | CIVIL ACTION NO. B-00-184 |
| COBURN INTERNATIONAL LTD. § | |
| § | |
| VS. § | |
| § | |
| FAVELLE FAVCO CRANES USA, INC., § | |
| FAVELLE FAVCO CRANES (M) SDN § | |
| BHD AND FAVELLE FAVCO § | |
| HOLDINGS SDN BHD § | |

United States District Court
Southern District of Texas
FILED
JAN 0 3 2001
Michael N. Milby
Clerk of Court

## COUNTER-PLAINTIFFS' MOTION TO REMAND

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS:

COME NOW, DANIEL E. DAVIS, DAVISCO, INC. and COBURN INTERNATIONAL, LTD., in the above-styled and numbered cause of action and file this their **Motion to Remand**, and in support thereof would respectfully show this Honorable Court the following:

I.

### SUMMARY OF COUNTER-PLAINTIFFS' ARGUMENT

1.01 This case must be remanded because cross-claims and third party claims cannot be considered for removal purposes. Metro Ford Truck Sales, Inc. vs. Ford Motor Co., 145 F.3d 320, 326 (5th Circ. 1998), cert. denied, 142, L.Ed. 2d 660, 119 S. Ct. 798 (1999). For both removal and original jurisdiction, the federal question must be presented by Plaintiff's complaint as it stands at the time of removal, not on a defendant's cross-claim. Removal cannot be based on a counterclaim, cross-claim or third party claim raising a federal question, whether filed in state or federal court. Otherwise, Counter-Defendants could "manipulate" removal jurisdiction. Id. at 327.

II.

2.01 In support of their **Motion to Remand**, Counter-Plaintiffs **DANIEL E. DAVIS, DAVISCO, INC.**, and **COBURN INTERNATIONAL LTD.** rely on the following:

(1)  a copy of **PLAINTIFF'S ORIGINAL PETITION**, filed on October 26, 1999 in the 197th Judicial District Court of Cameron County, Texas, attached hereto as **Exhibit "A"**, and incorporated by reference the same as if fully copied and set forth at length;

(2)  a copy of **DEFENDANT'S ORIGINAL COUNTERCLAIM**, filed on March 21, 200 in the 197th Judicial District Court of Cameron County, Texas, attached hereto as **Exhibit "B"**, and incorporated by reference the same as if fully copied and set forth at length;

(3)  a copy of the **ORDER SETTING TRIAL AND DISCOVERY DEADLINES**, signed by the Honorable Migdalia Lopez, Presiding Judge of the 197th Judicial District Court of Cameron County, Texas on May 23, 2000, attached hereto as **Exhibit "C"**, and incorporated by reference the same as if fully copied and set forth at length;

(4)  a copy of **DEFENDANTS' FIRST AMENDED COUNTERCLAIM**, filed by Counter-Plaintiffs on November 6, 2000, attached hereto as **Exhibit "D"**, and incorporated by reference the same as if fully copied and set forth at length;

(5)  a copy of the **Citation for Personal Service**, attached hereto as **Exhibit "E"**, and incorporated by reference the same as if fully copied and set forth at length;

(6)  a copy of the **NOTICE OF REMOVAL** filed by **FAVELLE FAVCO HOLDINGS SDN BHD** on December 4, 2000, attached hereto as **Exhibit "F"**, and incorporated by reference the same as if fully copied and set forth at length; and

(4)  the case law and argument contained in the body of this Motion to Remand.

III.

**BACKGROUND FACTS AND PROCEDURAL HISTORY**

3.01 On **October 26, 1999**, **FAVELLE FAVCO CRANES USA, INC.** filed its Plaintiff's Original Petition in the 197th Judicial District Court of Cameron County, Texas. **FAVELLE FAVCO CRANES USA, INC.** sued **DANIEL E. DAVIS** and two (2) companies with which **MR. DAVIS** is associated, i.e. **DAVISCO, INC.** and **COBURN**

2

**INTERNATIONAL LTD.. FAVELLE FAVCO CRANES USA, INC.** made claims of misappropriation of trade secrets, proprietary information and confidential information, breach of fiduciary duty, theft, and conversion against **MR. DAVIS**. (See **Plaintiff's Original Petition Exhibit "A"**).

3.02 Thereafter, the parties herein proceeded to litigate the issues and claims made in the 197th Judicial District Court case. By way of an Original **Counterclaim, MR. DAVIS** made claims of breach of contract, tortious interference with a business relationship, tortious interference with trade secrets, breach of fiduciary duty, fraud, and malice against **FAVELLE FAVCO CRANES USA, INC.. MR. DAVIS** filed his **Defendant's Original Counterclaim** on **March 21, 2000. MR. DAVIS** would show this Honorable Court that he did not make any claims in his Original Counterclaim based on Federal laws, statutes, and/or doctrines. (See **Defendant's Original Counterclaim, Exhibit "B"**).

3.03 On **May 23, 2000,** the Honorable Migdalia Lopez, Presiding Judge of the 197th Judicial District Court, signed an Order Setting Trial and Discovery Deadlines. By said Order, Judge Lopez set the case for trial on the merits on **November 13, 2000.** (See **Order Setting Trial and Discovery Deadlines, Exhibit "C"**).

3.04 Between **March 21, 2000 and November 6, 2000,** the parties herein engaged in substantial pre-trial discovery, took numerous depositions, and filed several Motions. This work was done in preparation for trial on **November 13, 2000.**

3.05 On **November 13, 2000,** Judge Lopez continued the trial. The continuance was based on account of **MR. DAVIS** filing his **Defendants' First Amended Counterclaim** which included two (2) additional party Counter-Defendants, i.e. **FAVELLE FAVCO CRANES (M) SDN BHD,** and **FAVELLE FAVCO HOLDINGS SDN BHD.** (See **Defendants' First Amended Counterclaim, Exhibit "D"**). Counter-

3

Plaintiffs would again point out to this Honorable Court that they did not make any claims in his **First Amended Counterclaim** based on Federal laws, statutes, and/or doctrines. Judge Lopez scheduled this case for a status conference on **December 13, 2000**.

3.06 On **November 13, 2000**, service of citation was effectuated on Counter-Defendants **FAVELLE FAVCO CRANES (M) SDN BHD** and **FAVELLE FAVCO HOLDINGS SDN BHD** by serving their agent, employee, and/or representative, **CHEAM TEK SIONG**, in Brownsville, Cameron County, Texas. (See **Citation for Personal Service, Exhibit "E"**).

3.07 On **December 4, 2000**, **FAVELLE FAVCO HOLDINGS SDN BHD** filed its **Notice of Removal** in the United States District Court for the Southern District of Texas, Brownsville Division. **FAVELLE FAVCO HOLDINGS SDN BHD** erroneously argues that **MR. DAVIS'** claims arise under federal law because 28 U.S.C. § 1338(a) grants exclusive jurisdiction to the federal district courts in cases arising under the patent laws. (See Notice of Removal, **Exhibit "F"**). This is the case at bar.

3.08 Just before the December 13, 2000 status conference, **FAVELLE FAVCO CRANES USA, INC.** joined in removing its own case to Federal Court. Counter-Defendants argue that **MR. DAVIS'** counter-claim for breach of a Shareholder's Agreement is really an allegation of patent infringement. Therefore, Counter-Plaintiffs contend that **FAVELLE FAVCO CRANES USA, INC.** and **FAVELLE FAVCO HOLDINGS SDN BHD** are manipulating removal jurisdiction, and such manipulation has no legal basis. <u>Metro Ford Truck Sales, Inc. v. Ford Motor Co.</u> 145 F.3d 320, 327 (5th Cir. 1998), cert denied, 142 L.Ed. 2d 660, 119 S.Ct. 798 (1999).

3.09 On **January 3, 2001**, Counter-Plaintiffs **DANIEL E. DAVIS, DAVISCO, INC.,** and **COBURN INTERNATIONAL LTD.** filed their **Motion to Remand** in the above-styled and numbered civil action.

4

IV.

## COUNTER-PLAINTIFFS' ARGUMENT

**POINT NO. 1:** THE FEDERAL QUESTION MUST BE PRESENTED BY PLAINTIFF'S PLEADINGS AS THEY STAND AT THE TIME OF REMOVAL, NOT ON DEFENDANTS' COUNTERCLAIMS AS IN THE PRESENT CASE

4.01 It is the pleadings of the Plaintiff and only those of the Plaintiff that determine whether or not a matter may be removed pursuant to 28 U.S.C.§ 1441. **Metro Ford Truck Sales, Inc., v. Ford Motor Company**, 145 F.3d 320 at 326-327 (5th Circuit 1998) (Writ of Certiorari DENIED, 525 U.S. 1068, 119 S. Ct. 798, 142 L. Ed. 2d 660) "When an action is brought to federal court through the § 1441 mechanism, "for both removal and original jurisdiction, the federal question must be presented by Plaintiff's complaint as it stands at the time the petition for removal is filed and case seeks entry in the federal system. It is insufficient that a federal question has been raised as a matter of defense or as a counterclaim." **The Fifth Circuit stated in Metro Ford Truck, where writ of certiorari was denied by the United States Supreme Court on January 1999 as follows:** Similarly, the Defendant's Third-Party claim alleging a federal question does not come within the purview of § 1441 removability. The Third-Party claim, like a defense or counterclaim, is a pleading by the Defendant. The Third-Party claim does not change the character of the Plaintiff's complaint any more than does the Defendant's other pleadings. Thus, the federal question alleged in the Defendant's Third-Party claim does not, in an of itself, confer jurisdiction upon the federal court." See **Metro Ford Truck Sales, Inc. v. Ford Motor Co.**, 145 F.3d 320, (5th Circuit 1998), cert. denied 142 L.Ed.2d 660, 119 S.Ct. 798 (1999) **(Emphasis added).**

4.02  A careful review of **Plaintiff's Original Petition** (filed in the 197th Judicial District Court of Cameron County, Texas) reveals that **FAVELLE FAVCO CRANES USA, INC.** (i.e. Plaintiff) makes allegations of misappropriation of trade secrets, proprietary information and confidential information, breach of fiduciary duty, theft (pursuant to the Texas Theft Liability Act, Texas Civil Practice & Remedies Code Ann., Section 134.01 et seq.); and conversion against **MR. DAVIS**. (See **Plaintiff's Original Petition, Exhibit "A"**).

4.03  Counter-Plaintiffs would respectfully direct this Honorable Court's attention to three (3) major points with respect to **Plaintiff's Original Petition**. **First, FAVELLE FAVCO CRANES USA, INC.** does not make any claims against **MR. DAVIS** or his companies based on Federal laws, statutes, and/or doctrines. On the contrary, **FAVELLE FAVCO CRANES USA, INC.** specifically cites the Texas Theft Liability Act Texas Civil Practice & Remedies Code Ann., Section 134.01 et. seq. as a course of recovery. **Second,** based on crafty pleadings, **FAVELLE FAVCO CRANES USA, INC.** is seeking to recover damages against **MR. DAVIS** and his companies on behalf of FAVELLE FAVCO HOLDINGS SDN BHD. As this Honorable Court can see, **FAVELLE FAVCO CRANES USA, INC.** alleges that it is owned ninety (90%) percent by FAVELLE FAVCO HOLDINGS SDN BHD. (See **Plaintiff's Original Petition**, Paragraph II, page 2, Exhibit "A"). In essence, **FAVELLE FAVCO CRANES USA, INC.**'s claims are being made on behalf of **FAVELLE FAVCO HOLDINGS SDN BHD. Third,** FAVELLE FAVCO CRANES USA, INC. incorporates a Confidentiality Agreement signed by **MR. DAVIS** with an Austrian engineering consulting company (i.e. ECCON) to perform services related to the subject crawler cranes on behalf of **FAVELLE FAVCO CRANES (M) SDN BHD** and **FAVELLE FAVCO HOLDINGS SDN BHD** as a basis for its claims against **MR. DAVIS**. (See **Plaintiff's Original Petition**, Paragraph II (12), (13), and (14), pages 3 and 4, Exhibit "A").

6

4.04 Therefore, since removal is not based upon the Plaintiff's pleadings, any removal pursuant to 28 U.S.C. §1441 **would be improper.** Hence, this cause of action **must be remanded to State Court.**

**POINT NO. 2:** COUNTER-DEFENDANTS SHOULD NOT BE ALLOWED TO "MANIPULATE" REMOVAL JURISDICTION

4.05 By filing their Notice of Removal, FAVELLE FAVCO HOLDINGS SDN BHD and FAVELLE FAVCO CRANES USA, INC. are removing their own case to federal court. FAVELLE FAVCO CRANES USA, INC., as the Plaintiff, filed this case in the 197th Judicial District Court of Cameron County, Texas. (See **Plaintiff's Original Petition, Exhibit "A"**).

4.06 FAVELLE FAVCO HOLDINGS SDN BHD and FAVELLE FAVCO CRANES USA, INC. are represented by the largest law firm in Texas (i.e. Vinson & Elkins, L.L.P.) and the largest law firm in the Rio Grande Valley (i.e. Atlas & Hall). These two law firms failed to bring to the Court's attention **Metro Ford Truck Sales, Inc. v. Ford Motor Co.**, 145 F.3d 320, 326-327 (5th Cir. 1998), cert. denied, 142 L.Ed. 2d 660, 119 S.Ct. 798 (1999) (Removal cannot be based on a cross-claim or third party claim raising a federal question, otherwise, defendants could **"manipulate"** removal jurisdiction).

4.07 **FAVELLE FAVCO's** manipulative actions speak for themselves. Particularly, the Fifth Circuit criticized just such action:

> "...the rule [is] that **removal jurisdiction must be disclosed on the face of the Plaintiff's complaint, and that the basis to determine removal jurisdiction so continues throughout the litigation. To hold otherwise would unduly grant a defendant the power to manipulate removal jurisdiction once in federal court, despite overwhelming authority proscribing same...**"

Id. at 327. (Emphasis added).

4.08 Further, the overwhelming authority proscribing the Counter-Defendants' actions is that a case nonremovable on the complaint, when filed, cannot be converted into a removable case by the Defendant, but must be converted by the voluntary amendment of the Plaintiff of his complaint. <u>Great Nothern Ry. Co. v. Alexander</u>, 246 U.S. 276, 281, 62 L.Ed. 713, 38 S. Ct. 237 (1918) ("It is also settled that **a case, arising under the laws of the United States, nonremovable on the complaint, when commenced, cannot be converted into a removable one by evidence of the defendant..., but that such conversion can only be accomplished by the voluntary amendment of his pleading by the Plaintiff...**"); Id. at 282 ("**the Plaintiff may by the allegations of his complaint determine the status with respect to removability of a case, arising under a law of the United States, when it is commenced, and this power to determine the removability of his case continues with the Plaintiff throughout the litigation, so that whether such a case nonremovable when commenced shall afterwards become removable depends not upon what the defendant may allege or prove..., but solely upon the form which the Plaintiff by his voluntary action shall give to the pleadings in the case as it progresses towards a conclusion**"). This Honorable Court should not allow the Counter-Defendants to manipulate the removal jurisdiction.

POINT NO. 3: THE CASES RELIED UPON BY COUNTER-DEFENDANTS FOR REMOVAL ARE NOT APPROPRIATE AND ARE CLEARLY DISTINGUISHABLE

4.09 Counter-Defendants assert in their Notice of Removal that Counter-Plaintiff's claim arises under federal law because 28 U.S.C. §1338 (a) grants exclusive jurisdiction to the federal district courts in cases arising under the patent laws. (See **Notice of Removal, Exhibit "F"**). In support of their argument they rely upon <u>**Christianson v. Colt Indus. Operating Corp.**</u>, 486 U.S. 800, 808-809 (1988) where the United States Supreme Court held that an action arises under the federal

patent laws when either (1) the complaint includes allegations that federal patent law creates the cause or (2) when the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal patent law, in that federal patent law is a necessary element of one of the Plaintiff's well pleaded claims.

4.10 Counter-Defendants thereby argue that in order for Counter-Plaintiffs to prevail in their cause of action for Breach of the Shareholder's Agreement and thereby claim **MR. DAVIS'** lost royalties that it would be necessary to prove that the Counter-Defendants infringed upon the patent of Counter-Plaintiff **DANIEL E. DAVIS**. This is an illogical argument. If the cranes manufactured were not manufactured in accord with the patent, as alleged by the Counter-Defendants, then there is no patent issue. It is quite clear. Counter-Plaintiffs have not brought forth a claim for patent infringement in the 197th Judicial District Court case.

4.11 Further, the Counter-Defendants' breach of the shareholders agreement is not a separate and independent claim under §1441(c) since all parties are looked at as liable for the breach of the shareholders agreement. **In Re Wilson Industries, Inc.**, 886 F.2d 93 (1989); E.g., **Soper v. Kahn**, 568 F.Supp. 398 (D.Md. 1983); **Murjani v. Allstate Insurance Co.**, 670 F.Supp. 601 M.D.La. 1988); see also **American Fire & Casualty Co. v. Finn**, 341 U.S. 6, 14, 71 S. Ct. 534, 540, 95 L. Ed. 702 (1951) (where there is but a single wrong to the plaintiff for which recovery is sought, there is no separate and independent claim).

4.12 Counter-Plaintiffs' claim for relief in their claim for Breach of the Shareholder's Agreement is for lost royalties. These said damages are also claimed for misappropriation of trade secrets, proprietary information and confidential information. In citing **Christianson v. Colt Indus. Operating Corp.**, 486 U.S. 800 (1988) what the Counter-Defendants conveniently fail to mention or make reference to is when the United States Supreme Court went on to state "if on the face of a well-

9

pleaded complaint there are reasons completely unrelated to the provisions and purpose of the patent laws why the Plaintiff may or may not be entitled to the relief it seeks, then the claim does not "**arise under**" those laws." **Christianson** at 810. (Emphasis added).

4.13 The facts of **Christianson v. Colt Indus. Operating Corp.**, 486 U.S. 800, 808-09 (1988) are very different from the present case. Therefore, **Christianson** should not be used as a controlling case. **Christianson** was a case deciding which appellate court had jurisdiction over the appeal; of a case. Unlike in the present case, in **Christianson**, the case was already in the federal system because federal question jurisdiction was created by pleading Antitrust violations under the Sherman Antitrust Act. In the present case, the primary assertion for removal is that the state law cause of action (breach of the Shareholders Agreement) gives rise to a federal question. In **Christianson**, there was no assertion that a state law claim was the basis of federal jurisdiction. The question before the Court in **Christianson** "centered around whether or not patent law was a **"necessary element of one of the well-plead antitrust claims."** The dispute was whether the appeal should have been heard by the 7th Circuit or the Federal Circuit. The Federal Circuit decided that they did not have jurisdiction and transferred the case to the 7th Circuit. The 7th Circuit raised the issue upon remand **sua sponte** and transferred it back to the Federal Circuit. The Federal Circuit then issued a judgment, but still believed they did not have jurisdiction.

Justice Brennan in his opinion for the United States Supreme Court in **Christianson** stated,

> whether a claim arises under patent law must be determined from what necessarily appears in the Plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation or avoidance of defenses which it is thought the Defendant may interpose.

**Christianson** at 809. (Emphasis added)

10

4.14     In the present case, the relevant causes of action are:  (1) "Did the parties enter into a Shareholders Agreement which was signed by DAVIS but not singed by any of the FAVELLE parties?" and (2) "Did **FAVELLE FAVCO CRANES USA, INC.** pay royalties to **DAVIS** or did it not pay royalties?"  These are clearly state law contract actions.

4.15     <u>Sherbatskoy v. Halliburton</u>, 125 F.3d 288 (5th Cir. 1997) should not be used as a controlling case.  The Sherbatskoy family had to prove that Halliburton broke their duty when they acquired a business and it was covered by **"valid"** patent claim.  In Section 1.01 of the 1992 license agreement between Halliburton and the Shebatskoy family, the agreement defines **"patent rights"** as **"all inventions or discoveries covered by one or more valid claims of any unexpired patents.**  In the present case, validity of the underlying patent is not an element needed to determine the contract issue.  (See Notice or Removal, Paragraph 13, **Exhibit "F"**).  What must be determined is whether or not **FAVELLE FAVCO CRANES USA, INC.** entered a contract with **MR. DAVIS** pursuant to the Shareholders Agreement without signing it, and, if so, did **FAVELLE FAVCO CRANES USA, INC.** pay royalties to **MR. DAVIS** or did it not pay royalties?  Again, these actions are clearly state law contract actions.  Therefore, this Honorable Court does not have jurisdiction under 28 U.S.C.§1338.

## CONCLUSION

4.16     Since the Counter-Plaintiffs would be entitled to the requested relief, i.e. the lost royalties, based upon their claim for misappropriation of trade secrets, proprietary information and confidential information, then the matter subject of the 197th Judicial District court case does not arise under the patent laws.  As such, this cause should be remanded to the 197th Judicial District Court for the reasons stated herein.

## V.

## COUNTER-PLAINTIFFS SEEK RECOVERY OF COURT COSTS, EXPENSES, AND ATTORNEYS FEES

5.01  **MR. DAVIS**, et. al. hereby request that, in the event this Honorable Court grants this **Motion to Remand,** they be awarded just costs and any actual expenses, including attorney's fees incurred as a result of the removal. Counter-Plaintiffs seek recovery of said just costs and any actual expenses, including attorney's fees pursuant to 28 U.S.C. §1447 (c).

5.02  On granting a motion for remand, the federal court may order the Defendant to pay Plaintiff its **"just costs and any actual expenses, including attorney's fees, incurred as a result of the removal..."** 28 U.S.C. §1447(c) include filing fees, service of process fees, and attorney fees... regardless whether Plaintiff has in fact paid such fees (e.g. where case is being handled on a contingency fee or pro bono basis). See **Gotrol v. R&B Realty Group, 69 F.3d 1485, 1488 (9th Cir. 1995).**

## VI.

## REQUEST FOR HEARING

6.01  The undersigned counsel further request that this **Motion to Remand** be set for a hearing before this Honorable Court to fully address the Court in this matter, and answer any questions from this Honorable Court.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED** Counter-Plaintiffs **DANIEL E. DAVIS, DAVISCO, INC.** and **COBURN INTERNATIONAL LTD.** respectfully pray that this Honorable Court set this **Motion to Remand** for **immediate** hearing with notice to all parties, and at the conclusion of said hearing enter an Order granting the **Motion to Remand** and ordering that this matter be remanded to the 197th Judicial District Court for Cameron County, Texas, and also award Counter-Plaintiffs, just costs and

actual expenses, including attorney's fees, and award Counter-Plaintiffs such other and further relief, at law or in equity to which Counter-Plaintiffs may show themselves to justly entitled.

Respectfully submitted,

**LAW OFFICES OF**
**ERNESTO GAMEZ, JR., P.C.**
777 E. Harrison Street
Brownsville, Texas 78520
TEL/ (956) 541-3820
FAX/ (956) 541-7694

BY: *Victor Quintanilla*
ERNESTO GAMEZ, JR.
Federal Id. No. 8645
State Bar No. 07806600

VICTOR QUINTANILLA
Federal Id. No. 16073
State Bar No.: 00786181

**ATTORNEYS FOR COUNTER-PLAINTIFFS DANIEL E. DAVIS, DAVISCO, INC.** and **COBURN INTERNATIONAL LTD.**

## CERTIFICATE OF SERVICE

I, **VICTOR QUINTANILLA**, hereby certify that on this 3rd day of January, 2001, a true and correct copy of the above foregoing **Counter-Plaintiffs' Motion to Remand** was served via certified mail/return receipt requested #7099 3220 0006 2777 6773 in accordance with the applicable Rules of Civil Procedure on opposing counsel Hon. Gary Gurwitz, **ATLAS & HALL, L.L.P.**, Professional Arts Building, 818 Pecan, P.O. Box 3725, McAllen, Texas, 78502-3725.

*Victor Quintanilla*
VICTOR QUINTANILLA