```
IN THE UNITED STATES DISTRICT COURT
 FOR THE SOUTHERN DISTRICT OF TEXAS
            BROWNSVILLE DIVISION
```

United States District Court
Southern District of Texas
FILED

JAN 1 8 2001

Michael N. Milby
Clerk of Court

| | |
|---|---|
| FAVELLE FAVCO CRANES, USA, INC. § | |
| § | |
| VS. § | CIVIL ACTION NO. B-00-184 |
| § | |
| DANIEL E. DAVIS, DAVISCO, INC. § | |
| AND COBURN INTERNATIONAL, LTD. § | |
| § | |
| vs. § | |
| § | |
| FAVELLE FAVCO CRANES USA, INC., § | |
| FAVELLE FAVCO CRANES (M) SDN § | |
| BHD and FAVELLE FAVCO HOLDINGS § | |
| SDN BHD § | |

## JOINT DISCOVERY/CASE MANAGEMENT PLAN
## UNDER RULE 26(f), F.R.C.P.

1. State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.

   **Response: The meeting was held on January 8, 2001. via teleconference. The teleconference was attended by Gary Gurwitz, counsel for the Plaintiff and Third Party Defendant Favelle Favco Holdings Sdn Bhd, and Victor Quintanilla, counsel for Defendants.**

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

   **Response: The parties are aware of the following related cases:**

Civil Action B-00-003 in the United States District Court, Brownsville Division, styled *Daniel E. Davis vs. Favelle Favco Cranes USA, Inc. And Favelle Favco Cranes (M) Sdn Bhd.*

3.  Briefly describe what this case is about.

**Response: The Plaintiff is in the business of designing, manufacturing and selling crawler cranes. Plaintiff alleges that it is the sole owner of patents involving certain crawler cranes developed while Daniel Davis was its president and managing director, that Plaintiff paid for the development and design costs, that Davis breached his fiduciary duty owed to Plaintiff, that Defendants have misappropriated trade secrets, proprietary information and confidential information belonging to Plaintiff, committed theft and wrongfully converted property of Plaintiff to their own use and dominion. Plaintiff further seeks a declaration that it is the sole owner of the patents in question or, in the alternative, seeks shop rights to the patents in question.**

**Defendants, by answer and counterclaim, deny the allegations of Plaintiff and allege that Daniel Davis is the owner of the patent in question, that Plaintiff and Third Party Defendants refused to provide additional funding for the manufacture of his cranes, terminated him without cause, breached his employment contract and shareholders' agreement, misappropriated trade secrets, proprietary and confidential information, tortiously interfered and misrepresented business relationship, breached the fiduciary duty owed to Defendants and committed fraud.**

**Third Party Defendant Favelle Favco Holdings Sdn Bhd denies the allegations made against it by Defendants**

4. Specify the allegation of federal jurisdiction.

**Response: This case was removed to federal court from State Court Cause No. 1999-10-4467 in the 197th District Court of Cameron County, Texas, by Third-Party Defendant Favelle Favco Holdings Sdn Bhd, pursuant to 28 U.S.C.A. §§ 1331, 1338, and 1441(b) in that the matters in controversy arise under the patent laws of the United States. Exclusive jurisdiction of such claims is in federal court.**

5. Name the parties who disagree and the reasons.

**Response: Defendants disagree and state that no allegations or contentions involving a federal question, federal statutes or case law have been made by Defendants in their pleadings. Defendants contend their third-party claims may not serve as a basis for removal. See Defendants' Motion for Remand.**

6. List anticipated additional parties that should be included, when they can be added, and by whom they were wanted.

**Response: Plaintiff anticipates adding no additional parties at this time. Defendants anticipate making Favelle Favco Cranes (M) Sdn Bhd a third-party defendant. Third Party Defendant Favelle Favco Holdings Sdn Bhd anticipates adding no additional parties at this time.**

7. List anticipated interventions.
**Response: None.**

-3-

8. Describe class-action issues.

   **Response: None.**

9. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

   **Response: The parties agree that the discovery previously conducted in this case while it was in state court satisfies all Rule 26(a) disclosure requirements.**

10. Describe the proposed agreed discovery plan, including:

    a. Responses to all the matters raised in Rule 26(f).

       **Response: Please refer to paragraph 9 above and 10 b - h below.**

    b. When and to whom the plaintiff anticipates it may send interrogatories.

       **Response: The Plaintiff anticipates sending additional interrogatories within the next 60 days.**

    c. When and to whom the defendant anticipates it may send interrogatories.

       **Response: Defendants anticipate sending interrogatories within the next 60 days. Third Party Defendant Favelle Favco Holdings Sdn Bhd anticipates sending interrogatories within the next 60 days.**

    d. Of whom and by when the plaintiff anticipates taking oral depositions.

       **Response: The Plaintiff does not anticipate taking any additional depositions.**

    e. Of whom and by when the defendant anticipates taking oral depositions.

**Response: Defendants anticipate deposing Jim Hopkins and Jim Rusk within the next 60 days. Third Party Defendant Favelle Favco Holdings Sdn Bhd does not anticipate taking any depositions at this time.**

    f.    When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

**Response: The Plaintiff and Defendants have previously designated experts and provided expert reports. Third Party Defendant Favelle Favco Holdings Sdn Bhd will use the experts designated by Plaintiff.**

    g.    List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

**Response: The Plaintiff does not anticipate taking any additional expert depositions.**

    h.    List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

**Response: Defendants may depose Richard Cortes within the next 60 days. Third Party Defendant Favelle Favco Holdings Sdn Bhd does not anticipate taking any additional expert depositions.**

11.    If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

**Response: N/A**

12. Specify the discovery beyond initial disclosures that has been undertaken to-date.

    **Response:** **Discovery undertaken in the state court case included interrogatories, requests for production, expert disclosures, expert reports, depositions, document production.**

13. State the date the planned discovery can reasonably be completed.

    **Response: The parties believe discovery can reasonably be completed within 90 days.**

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

    **Response: The parties have been unable to agree upon any method that may result in a possible settlement.**

15. Describe what each party has done or agreed to do to bring about a prompt resolution.

    **Response: See response to number 14.**

16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.

    **Response: See response to number 14.**

-6-

17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

    **Response: The parties do agree to a trial before Magistrate Judge John Black.**

18. State whether a jury demand has been made and if it was made on time.

    **Response: The Defendants have timely demanded a jury.**

19. Specify the number of hours it will take to present the evidence in this case.

    **Response: The Plaintiff's case will take approximately 32-40 hours, and the case of Defendants will take approximately 40-50 hours.**

20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

    **Response: A Motion to Remand has been filed and a hearing date needs to be set.**

21. List other motions pending.

    **Response: None.**

22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

    **Response: There is a related case pending in Civil Action No. B-00-003 which presently is set for final pretrial on February 1, 2001 and jury selection on February 5, 2001.**

-7-

23. Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.

   **Response: The parties will file Certificates of Interested Parties on or before January 25, 2001.**

24. List the names, bar numbers, addresses and telephone numbers of all counsel.

   **Gary Gurwitz**
   S.B. # 08631000/Southern Dist. I.D. #1194
   **Charles C. Murray**
   S.B. # 14719700/Southern Dist. I.D. #1214
   ATLAS & HALL, L.L.P.
   818 Pecan (Zip Code: 78501)
   P.O. Drawer 3725
   McAllen, Texas 78502
   Telephone: 956/682-5501
   Fax: 956/686-6109

   **Willem G. Schuurman**
   S.B. # 17855200
   **Brian K. Buss**
   S.B. # 00798089
   VINSON & ELKINS, L.L.P.
   600 Congress Avenue, Suite 2700
   Austin, Texas 78701
   Tele: 512/495-8400
   Fax: 512/495-8612

   **Ernesto Gamez, Jr.**
   State Bar No. 07606600/Southern Dist. I.D. No. 8645
   **Victor Quintanilla**
   State Bar No. 00786181/Southern Dist. I.d. No. 16073
   Law Offices of Ernesto Gamez, Jr., P.C.
   Brownsville, Texas 78520
   Telephone: 956/541-3820
   Fax: 956/541-7694

Date: 1/15/01

_____
**Gary Gurwitz**
State Bar No. 08631000
Southern Dist. I.D. No. 1194
**Charles C. Murray**
State Bar No. 14719700
Southern Dist. I.D. No. 1214
**ATLAS & HALL, L.L.P.**
818 Pecan (Zip Code: 78501)
P.O. Box 3725
McAllen, Texas 78502
Telephone: 956/682-5501
Fax: 956/686-6109

**ATTORNEYS IN CHARGE FOR PLAINTIFF AND THIRD PARTY DEFENDANT FAVELLE FAVCO HOLDINGS SDN BHD**

**OF COUNSEL:**

Willem G. Schuurman
S.B. # 17855200
Brian K. Buss
S.B. # 00798089
VINSON & ELKINS, L.L.P.
600 Congress Avenue, Suite 2700
Austin, Texas 78701
Telephone: 512/495-8400
Fax: 512/495-8612.

Date: 01/18/01

_____
**Ernesto Gamez, Jr.**
State Bar No. 07606600
Southern Dist. I.D. No. 8645
**Victor Quintanilla**
State Bar No. 00786181
Southern Dist. I.D. No. 16073
**LAW OFFICES OF ERNESTO GAMEZ, JR., P.C.**
777 E. Harrison Street
Brownsville, Texas 78520
Telephone: 956/541-3820
Fax:   956/541-7694

**ATTORNEYS IN CHARGE FOR DEFENDANTS**